UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>Insurance Company of North America, General Star Indemnity Company, Fireman's Fund Insurance Company, Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore and Toad Hall Corp.,<br><br>Defendants. | Civil Action No.:<br><br>MAGISTRATE JUDGE_____<br><br>**COMPLAINT**<br><br>RECEIPT # _____<br>AMOUNT $ _____<br>SUMMONS ISSUED ___<br>LOCAL RULE 4.1 ___<br>WAIVER FORM ___<br>MCF ISSUED ___<br>BY DPTY. CLK. ___<br>DATE ___ |

Plaintiff, Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, deceased, by their attorneys, Lurie & Krupp, LLP and Friedman & James LLP, allege as follows:

**Nature of Action:**

1.      This is a declaratory judgment action to determine available insurance coverage to indemnify plaintiffs as a result of the tragic death of plaintiffs' decedent Katherine Kinsella on or about July 22-23, 2001.

**Jurisdiction and Venue:**

2.   This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the claims asserted herein are between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

3.   This action is also filed under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

4.   Venue is proper in this District pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events giving rise to the claim occurred in this District.

**The Parties:**

5.   Plaintiffs' decedent, Katherine Kinsella, was at all relevant times a citizen of the Republic of Ireland.

6.   Plaintiff Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all distributees, was and still is a citizen and resident of the Republic of Ireland along with all distributees.

7.   Defendant Insurance Company of North America was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

8.   Defendant General Star Indemnity Company was and still is a corporation organized under and existing pursuant to the laws of the State of Connecticut, with its principal place of business located in Connecticut.

9. Defendant Fireman's Fund Insurance Company was and still is a corporation organized under and existing pursuant to the laws of the State of California, with its principal place of business located in New York.

10. Defendant Wyman Charter Corp. was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts with its office and principal place of business located at 66 Channel Point Road, Hyannis, Massachusetts.

11. Defendant Michael P. Wyman was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

12. Defendant Joseph Jay Shore was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

13. Defendant Cord Mitchell Shore was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

14. Defendant Caralyn Shore was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

15. Defendant Toad Hall Corp. was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts with its office and principal place of business located at 316 Sea Street, Hyannis, Massachusetts.

**The Alleged Accident:**

16. On or about July 22, 2001, plaintiff's decedent, Katherine Kinsella, boarded the Motor Vessel ("M/V") "Sea Genie II" as a passenger within the Commonwealth of Massachusetts.

17. On or about July 22, 2001, the M/V "Sea Genie II" was owned by Wyman Charter Corp.

18. On or about July 22, 2001, Joseph Shore was employed by Wyman Charter Corp. as master of the M/V "Sea Genie II."

19. On or about July 22, 2001, Cord Mitchell Shore was employed by Wyman Charter Corp. as an agent, employee and/or seaman on board the M/V "Sea Genie II."

20. On or about July 22, 2001, plaintiffs' decedent Katherine Kinsella gained access to the M/V "Sea Genie II" through Toad Hall Corp.

21. On or about July 22, 2001, plaintiffs' decedent Katherine Kinsella was caused to fall overboard from the Motor Vessel "Sea Genie II."

22. As a result thereof, plaintiffs' decedent Katherine Kinsella was caused to sustain severe personal injuries and endure prolonged pain and suffering, ultimately resulting in her death by drowning within the territorial waters of the Commonwealth of Massachusetts.

**The Underlying Action (Lawsuit)**

23. Plaintiffs have filed a lawsuit against Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore, Toad Hall Corp., Ian McColgin, the Motor Vessel "Sea Genie II," *in rem* and the Sailing Vessel "Granuaile," *in rem*, in the United States District Court for the District of Massachusetts, Civil Action Number 04-11615 (hereinafter the "Underlying Action"), seeking recovery for personal injuries and wrongful death arising from the death of Katherine Kinsella.

24. Plaintiffs have asserted, in the Underlying Action, causes of action sounding in negligence against Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore, Toad Hall Corp., Ian McColgin, the Motor Vessel "Sea Genie II," *in rem* and the Sailing Vessel "Granuaile," *in rem*.

**The Insurance Policies**

25. On the date of the accident alleged in the Underlying Action, Wyman Charter Corp., as owner of the M/V "Sea Genie II" and the M/V "Sea Genie II" were insured by defendant Insurance Company of North America under policy number HU-200381.

26. On the date of the accident alleged in the Underlying Action, Toad Hall Corp. was insured by defendant General Star Indemnity Company under policy number IMA641349B.

27. On the date of the accident alleged in the Underlying Action, Toad Hall Corp. was insured by defendant Fireman's Fund Insurance Company under policy number XYZ-000-8453-5806.

**Cause of Action for Declaratory Judgment**

28. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 27 of the Complaint as if set forth fully at length herein.

29. The aforementioned insurance policies, or any of them, obligate the defendants, or any of them, to indemnify plaintiffs in any legal action brought against Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore and/or Toad Hall Corp., and to pay such costs of defense, including attorney's fees, if the claims asserted by the claimant give rise to coverage under the policy(ies).

30. The facts as asserted herein and in the Underlying Action give rise to a duty upon defendants herein to defend and indemnify.

31. Upon information and belief, the named insureds, by and through counsel, have given defendants notice of its/their duty to defend and indemnify in the Underlying Action.

32. Defendants have rejected the tender of defense and have refused to defend and indemnify the named insureds.

33. There is an actual controversy existing between plaintiffs and defendants, and more particularly, as to the obligations of these defendants relative to the rights and obligations under the insurance policies and the Underlying Action and plaintiffs thus request and require a declaration of rights and obligations by this Court pursuant to applicable provisions of law relative to declaratory judgments.

34. All parties named in the Underlying Lawsuit and all other known parties with a potential interest in the subject matter of this declaratory judgment action have been/will be served with this complaint for the purpose of placing them on notice of plaintiffs' request for a declaration of rights before this Court so that all such parties who are or may be affected by any judgment rendered herein may have notice thereof.

35. The plaintiffs have no adequate remedy at law.

**WHEREFORE**, plaintiffs Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, demand judgment against defendants, or any of them, declaring that defendants, or any of them, owe indemnity for any findings of liability or damages against Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore and/or Toad Hall Corp. which may issue in the Underlying Action, together with interest and the costs and disbursements of maintaining this action, along with such other and further relief as the Court deems just and proper.

Dated: February 4, 2005

                                        Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella,

By their attorneys,

/s/ David E. Lurie
David E. Lurie, BBO # 542030
Thomas E. Lent, BBO #
Lurie & Krupp, LLP
One McKinley Square
Boston, MA  02109
(617) 367-1970
(617) 367-1971 (facsimile)


Of Counsel, and

/s/ Andrew V. Buchsbaum
Andrew V. Buchsbaum
Friedman & James LLP
132 Nassau Street
New York, NY 10038
(212) 233-9385
(212) 619-2340 (facsimile)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DEFENDANTS

IN CLERKS OFFICE
2005 FEB -4 P 3:27
U.S. DISTRICT COURT
DISTRICT OF MASS.

(b) County of Residence of First Listed Plaintiff: Republic of Ireland
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): Sara A. Laroche, David E. Lurie, Lurie & Krupp, 1 McKinley Square, Boston, MA 02109  617-367-1970

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  - Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. §2201

Brief description of cause: Declaratory judgment action to determine available insurance coverage.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint.
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE Gorton  DOCKET NUMBER 04-11615

DATE: February 4, 2005
SIGNATURE OF ATTORNEY OF RECORD: /s/ Sara A. Laroche

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Joseph A. Kinsella, as Administrator, et al.__
   __v. Insurance Company of North America, et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
          *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __Joseph A. Kinsella, as Administrator, et al. v. Wyman Charter Corp., et al., No. 04-11615__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).   N/A
   YES ☐   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)   N/A
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __David E. Lurie, Esq. and Sara A. Laroche, Esq.__
ADDRESS __Lurie & Krupp, LLP, 1 McKinley Square, Boston, MA 02109__
TELEPHONE NO. __617-367-1970__

(Coversheetlocal.wpd - 10/17/02)