UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF EASTERN MASSACHUSETTS

_____
JOSEPH A. KINSELLA, As Administrator and  )
Personal Representative Of The Estate Of      )
Katherine Kinsella, And JOSEPH A.              )
KINSELLA, Individually And On Behalf Of    )
All Distributees Of Katherine Kinsella,           )
Deceased,                                                         )
        Plaintiffs,                                           )
                                                                 )
        v.                                                       )  CIVIL ACTION NO. 05-10232-NMG
INSURANCE COMPANY OF NORTH             )  (JUDGE NATHANIEL M. GORTON)
AMERICA, GENERAL STAR INDEMNITY    )
COMPANY, FIREMAN'S FUND                     )
INSURANCE COMPANY, WYMAN                 )
CHARTER CORP., MICHAEL P. WYMAN,     )
JOSEPH JAY SHORE, CORD MITCHELL       )
SHORE, CARYLYN SHORE, AND                  )
TOAD HALL CORP.,                                        )
        Defendants.                                        )
_____)

## ANSWER TO COMPLAINT BY SHORE DEFENDANTS, WITH CROSSCLAIMS

      Defendants Joseph J. Shore, Cord Mitchell Shore, Carylyn Shore, and Toad Hall Corp. (each and together, "Shore defendants") hereby answer the Complaint filed on or about February 4, 2005 as follows.

      1-15.    Admitted.

      16.    Are without sufficient information and therefore are not able to admit or deny (hereinafter "are without sufficient information").

      17.    Are without sufficient information.

      18-19.    Admitted.

      20.    Denied.

      21.    Are without sufficient information.

22. Admit that Katherine Kinsella died on or about July 22, 2001, but otherwise denied.

23-24. Admitted.

25. Admitted, and assert that Shore defendants Joseph and Cord Shore were likewise so insured.

26-27. Admitted, and assert that all other Shore defendants were likewise so insured.

28. Repeat and incorporate their prior answers.

29-35. Admitted.

## CROSSCLAIMS BY SHORE DEFENDANTS

36. The Shore defendants hereby crossclaim against defendants Insurance Company of North America, General Star Indemnity Company, and Fireman's Fund Insurance Company (each and together, "insurance defendants").

37. The insurance defendants are each insurers of one or more of the Shore defendants.

38. Each of the insurance defendants has wrongfully denied coverage and defense or refused defense or failed to accept or deny coverage or defense obligations as to the claims of this plaintiff and with respect to one or more of the Shore defendants without excuse or justification.

## CROSSCLAIM I (Declaratory Judgment).

39. The Shore defendants hereby repeat and incorporate by reference here paragraphs 28 through 35 of the Complaint as if set forth in full.

40. The Shore defendants hereby request declaratory judgment in favor of the Shore defendants and against the insurance defendants. The Shore defendants request relief parallel to the relief sought by plaintiff in the initial Complaint in the cause of action for declaratory judgment.

## **CROSSCLAIM II (M.G.L. c. 93A, c. 176D).**

41. The Shore defendants hereby repeat and incorporate by reference all preceding allegations and all admissions.

42. The acts, failures, and omissions by the insurance defendants were in each instance violative of c. 93A, a statute which prohibits unfair or deceptive acts and practices. That statute provides a cause of action for unfair or deceptive acts or practices and separately permits recovery under c. 176D for such acts or practices as to insurance. The acts, omissions, communications, and representations by each of the insurance defendants were contrary to and in violation of c. 93A and c. 176D. The named statutes are applicable to the communications, acts, and omissions of one or more of the insurance defendants as to the defense and coverage in dispute in the underlying civil action.

43. The Shore defendants request that they be awarded against the insurance defendants all actual damages, plus up to three times actual damages, plus interest and reasonable expenses including expert fees, attorneys' fees, and other costs.

|  |  |
|---|---|
|  | Defendants,<br>JOSEPH JAY SHORE, et al.<br>By their attorneys, |
|  |     /S/ Paul G. Boylan<br>Paul G. Boylan, BBO No. 052320<br>Kevin G. Kenneally, BBO No. 550050<br>DONOVAN HATEM LLP<br>Two Seaport Lane<br>Boston, MA  02210 |
| Dated:  March 1, 2005. | 617-406-4513 |

Certificate of Service

      The undersigned counsel for defendants Shore, *et al*. today gave notice of the foregoing **Answer To Complaint By Shore Defendants, With Crossclaims,** by first-class mail to co-counsel for plaintiffs **Kinsella,** *et al***.** in the declaratory judgment action, David E. Lurie, Lurie & Krupp, LLP, One McKinley Square, Boston, MA 02109, and Andrew V. Buchsbaum, Friedman & James LLP, 132 Nassau Street, New York, NY 10038; for plaintiffs **Kinsella**, *et al*. in the wrongful-death action, Sarah B. Herlihy, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111; counsel for defendant **Wyman Charter Corp**., Bertram E. Snyder and Patrick O. McAleer, Looney & Grossman LLP, 101 Arch Street, Boston, MA 02110; and counsel for **Michael Wyman**, Thomas E. Clinton, Clinton & Muczyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108.

Dated: March 1, 2005.                     /S/  Paul G. Boylan

24100.0//00896532.