UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH A. KINSELLA, AS ADMINISTRATOR )<br>AND PERSONAL REPRESENTATIVE OF THE )<br>ESTATE OF KATHERINE KINSELLA, AND )<br>JOSEPH A. KINSELLA, INDIVIDUALLY AND )<br>ON BEHALF OF ALL DISTRIBUTEES )<br>OF KATHERINE KINSELLA, DECEASED, )<br>)<br>Plaintiffs, )<br>)<br>VS. )<br>)<br>INSURANCE COMPANY OF NORTH )<br>AMERICA, GENERAL STAR INDENNITY )<br>COMPANY, FIREMAN'S FUND INSURANCE )<br>COMPANY, WYMAN CHARTER CORP., )<br>MICHAEL P. WYMAN, JOSEPH JAY SHORE, )<br>CORD MITCHELL SHORE, CARALYN SHORE )<br>AND TOAD HALL CORP. )<br>)<br>Defendants. )<br>_____) | Civil Action No. 05-10232-NMG |

## DEFENDANT, WYMAN CHARTER CORP.'S, ANSWER TO PLAINTIFFS' COMPLAINT

Now comes the defendant, Wyman Charter Corp., ("Wyman Charter") in the above captioned matter, by and through its undersigned counsel, Looney & Grossman, LLP., and submits its Answer to Plaintiffs' Complaint as follows:

**Nature of Action:**

1. Paragraph one states a conclusion of law which requires no answer. If an answer is required, defendant Wyman Charter denies the allegations of paragraph 1.

**Jurisdiction and Venue:**

2. Paragraph two states a conclusion of law which requires no answer. If an answer is required, defendant Wyman Charter denies the allegations of paragraph 2.

3. Paragraph three states a conclusion of law which requires no answer. If an answer is required, defendant Wyman Charter denies the allegations of paragraph 3.

4.      Paragraph four states a conclusion of law which requires no answer. If an answer is required, defendant Wyman Charter denies the allegations of paragraph 4.

**The Parties**:

5.      Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 1, and therefore, denies same.

6.      Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, denies same.

7.      Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, therefore, denies same.

8.      Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, therefore, denies same.

9.      Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, therefore, denies same.

10.     Defendant, Wyman Charter admits the allegations in paragraph 10.

11.     Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, therefore, denies same.

12.     Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, therefore, denies same.

13.     Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, denies same.

14.     Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, therefore, denies same.

15.     Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, denies same.

**The Alleged Accident**:

16.     Defendant, Wyman Charter denies the allegations in paragraph 16.

17.     Defendant, Wyman Charter admits the allegations in paragraph 17.

18.     Defendant, Wyman Charter admits the allegations in paragraph 18.

19.     Defendant, Wyman Charter admits the allegations in paragraph 19.

20. Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and, therefore, denies same.

21. Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, therefore, denies same.

22. Defendant, Wyman Charter admits only that Katherine Kinsella died on or about July 22, 2001. Said Defendant denies the remaining allegations of paragraph 22.

**The Underlying Action (Lawsuit):**

23. Defendant, Wyman Charter admits the allegations contained in paragraph 23.

24. Defendant, Wyman Charter admits the allegations contained in paragraph 24.

**The Insurance Policies:**

25. Paragraph twenty-five states a conclusion of law which requires no answer. If an answer is required, defendant Wyman Charter denies the allegations of paragraph 25.

26. Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and, therefore, denies same.

27. Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and, therefore, denies same.

**Cause of Action for Declaratory Judgment**

28. Defendant, Wyman Charter, repeats and realleges its responses to paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and, therefore, denies same

30. Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and, therefore, denies same.

31. Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and, therefore, denies same.

32. Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and, therefore, denies same.

33. Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and, therefore, denies same.

34.     Defendant, Wyman Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and, therefore, denies same

35.     Defendant, Wyman Charter denies the allegations contained in paragraph 35.

### AFFIRMATIVE DEFENSES

The defendant incorporates the following Affirmative Defenses into its Answer as follows:

### FIRST AFFIRMATIVE DEFENSE

And further answering and as a complete and separate defense, defendant states that Plaintiffs' Complaint fails to state a cause of action against Wyman Charter upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

And further answering and as a complete and separate defense, defendant states that plaintiffs lack standing to bring a Complaint on the facts of the case in chief for Declaratory Judgment on the issues of insurance coverage.

### DEFENDANT DEMANDS TRIAL BY JURY.

Wyman Charter Corp.
By its attorneys,

Dated: March 24, 2005

_____
Bertram E. Snyder, BBO # 471320
Patrick O. McAleer, BO # 642627
LOONEY & GROSSMAN, LLP
101 Arch Street
Boston, MA   02110
(617) 951-2800

## CERTIFICATE OF SERVICE

I hereby certify that on this 24 day of March 2005, I served the foregoing, by mailing a copy thereof, postage prepaid, to the following counsel of record:

>Davie E. Lurie, Esq.
>Lurie & Krupp, LLP
>One McKinley Square
>Boston, MA 02109
>
>Andrew V. Buchsbaum, Esq.
>Friedman & James LLP
>132 Nassau Street
>New York, NY 10038
>
>Sarah B. Herlihy, Esq.
>Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
>One Financial Center
>Boston, MA 02111
>
>Paul G. Boylan, Esq.
>Kevin G. Kenneally, Esq.
>Donovan & Hatem, LLP
>World Trade Center
>Two Seaport Lane, 8th Floor
>Boston, MA 02210
>
>Thomas E. Clinton, Esq.
>Clinton & Muzyka, P.C.
>One Washington Mall
>Suite 1400
>Boston, MA 02108
>
>Mr. Ian McColgin (Pro Se)
>S/V GRANUAILE
>149 Sea Street, Apt. 6
>Hyannis, MA 02601

_____
Bertram E. Snyder