UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH A. KINSELLA, AS ADMINISTRATOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF KATHERINE KINSELLA, AND JOSEPH A. KINSELLA, INDIVIDUALLY AND ON BEHALF OF ALL DISTRIBUTEES OF KATHERINE KINSELLA, DECEASED, <br><br> Plaintiffs, <br><br> vs. <br><br> INSURANCE COMPANY OF NORTH AMERICA, GENERAL STAR INDEMNITY COMPANY, FIREMAN'S FUND INSURANCE COMPANY, WYMAN CHARTER CORP., MICHAEL P. WYMAN, JOSEPH JAY SHORE, CORD MITCHELL SHORE, CARALYN SHORE AND TOAD HALL CORP. <br><br> Defendants. | Civil Action No. 05-10232-NMG |

**DEFENDANT, INSURANCE COMPANY OF NORTH AMERICA'S ANSWER
TO THE SHORE DEFENDANTS' CROSSCLAIM**

1.   Paragraph 36 states a conclusion of law which requires no answer. If an answer is required, defendant INA denies the allegations of paragraph 36.

2.   Defendant, INA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and, therefore, denies same.

3.   Defendant, INA denies the allegations contained in paragraph 38.

CROSSCLAIM I (DECLARATORY JUDGMENT)

4.   Defendant, INA, repeats and realleges its responses to paragraphs 28 through 35 of the Complaint, inclusive, in response to Paragraph 39 of the CROSSCLAIM, as though fully set forth herein.

5.  Paragraph 40 states a conclusion of law which requires no answer. If an answer is required, defendant INA denies the allegations of paragraph 40.

CROSSCLAIM II (MGL c.93A,c.176D)

6.  Defendant, INA, repeats and realleges its responses to paragraphs 28 through 40 of the CROSSCLAIMS, inclusive, in response to Paragraph 41 of the CROSSCLAIMS, as though fully set forth herein..

7.  Defendant, INA denies the allegations contained in Paragraph 42.

8.  Defendant, INA denies the allegations contained in Paragraph 43.

### FIRST AFFIRMATIVE DEFENSE

INA incorporates each and every Affirmative Defense in the Answer to the Complaint of Plaintiffs.

### SECOND AFFIRMATIVE DEFENSE

INA states that crossclaim II is barred by lack or insufficiency of a demand letter, as required by M.G.L. c. 93A §9.

### THIRD AFFIRMATIVE DEFENSE

Defendant states that crossclaim II may not be premised upon c. 176D §3, which is inapplicable to a business-against-business claim.

INSURANCE COMPANY OF NORTH AMERICA

By its Attorneys,

Date: May 9, 2005

_____
David D. Dowd, BBO#132660
Curley & Curley, P.C.
27 School Street, Suite 600
Boston, MA  02108
(617) 523-2990

- 3 -

## Certificate of Service

I, David D. Dowd, hereby certify that on the date above written I served a true copy of the foregoing pleading by first class mail, postage prepaid, directed to:

| | |
|---|---|
| Samuel M. Furgang, Esquire<br>Sugarman, Rogers, Barshak & Cohen, P.C.<br>101 Merrimac Street<br>Boston, MA  02114-4737 | David E. Lurie, Esquire<br>Lurie & Krupp, LLP<br>One McKinley Square<br>Boston, MA  02109 |
| Andrew V. Buchsbaum, Esquire<br>Friedman & James LLP<br>132 Nassau Street<br>New York, NY  10038 | Thomas E. Clinton, Esquire<br>Clinton & Muzyka, P.C.<br>One Washington Mall, S. 1400<br>Boston, MA  02108 |
| Peter G. Boylan, Esquire<br>Donovan & Hatem, LLP<br>World Trade Center<br>Two Seaport Lane, 8th Floor<br>Boston, MA  02210 | Bertram E. Snyder, Esquire<br>Looney & Grossman, LLP<br>101 Arch Street<br>Boston, MA  02110 |

_____
David D. Dowd