UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO: 05-10232-NMG

**JOSEPH A. KINSELLA, as Adminstrator
and personal representative of the
Estate of Katherine Kinsella, and
JOSEPH A. KINSELLA, individually and
on behalf of all distributes of
KATHERINE KINSELLA, deceased**
    Plaintiffs,

VS.

**INSURANCE COMPANY OF NORTH AMERICA,
GENERAL STAR INDEMNITY COMPANY, FIREMAN'S
FUND INSURANCE COMPANY, WYMAN CHARTER
CORP., MICHAEL P. WYMAN, JOSEPH JAY
SHORE, CORD MITCHELL SHORE, CARALYN SHORE
AND TOAD HALL CORP.**
    Defendants.

### DEFENDANT, MICHAEL P. WYMAN'S, ANSWER TO CROSS-CLAIM OF INSURANCE COMPANY OF NORTH AMERICA

    Now comes the defendant, Michael P. Wyman, in the above entitled action, by and through its undersigned attorneys, makes Answer to Insurance Company of North America's Cross-claim as follows:

    1. The allegation contained in paragraph one are statements of law to which no answer is required of this defendant. To the extent that an answer is required, defendant denies same.

### THE PARTIES

    2. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two and therefore denies same.

3.  The defendant denies the allegations contained in paragraph three.

4.  The defendant admits the allegations contained in paragraph four.

5.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five and therefore denies same.

## JURISDICTION

6.  The allegations contained in paragraph six are statements of law to which no answer is required of this defendant.  To the extent that an answer is required, the defendant denies same.

## PRELIMINARY

7.  The defendant admits that at all times material hereto, Wyman Charter Corporation was the owner of the 58 foot passenger vessel named the M/V SEA GENIE II.  The defendant denies the remainder of paragraph seven.

8.  The defendant admits the allegations contained in paragraph eight.

9.  The defendant admits that the M/V SEA GENIE II was a documented vessel subject with the United States Coast Guard.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph nine and therefore denies same.

10.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten and therefore denies same.

11.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven and therefore denies same.

12.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph twelve and therefore denies same.

    13.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen and therefore denies same.

    14.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen and therefore denies same.

    15.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen and therefore denies same.

    16.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixteen and therefore denies same.

    17.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventeen and therefore denies same.

## THE INSURANCE POLICY

    18.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eighteen and therefore denies same.

    19.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nineteen and therefore denies same.

## FIRST CAUSE OF ACTION

    20.   The defendant realleges and reaffirms its response to the allegations contained in paragraphs one through 20 (sic), as though fully set forth herein.

4

21. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-one and therefore denies same.

22. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-two and therefore denies same.

23. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-three and therefore denies same.

24. The allegation contained in paragraph twenty-four are statements of law to which no answer is required. To the extent that an answer is required, the defendant denies same.

## SECOND CAUSE OF ACTION

25. The defendant realleges and reaffirms its response to the allegations contained in paragraphs one through 25 (sic), as though fully set forth herein.

26. The defendant denies the allegations contained in paragraph twenty-six.

27. The defendant denies the allegations contained in paragraph twenty-seven.

## THIRD CAUSE OF ACTION

28. The defendant realleges and reaffirms its response to the allegations contained in paragraphs one through 27, inclusive, as though fully set forth herein.

29. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-nine and therefore denies same.

30. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty and therefore denies same.

5

31. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-one and therefore denies same.

### FOURTH CAUSE OF ACTION

32. The defendant realleges and reaffirms its response to the allegations contained in paragraphs one through thirty-one, inclusive, as though fully set forth herein.

33. The allegations contained in paragraph thirty-three are statements of law to which no answer is required of this defendant. To the extent that an answer is required, the defendant denies same.

### FIFTH CAUSE OF ACTION

34. The defendant realleges and reaffirms its response to the allegations contained in paragraphs one through thirty-three, inclusive, as though fully set forth herein.

35. The allegations contained in paragraph thirty-five are statements of law to which no answer is required of this defendant. To the extent that an answer is required, the defendant denies same.

### SIXTH CAUSE OF ACTION

36. The defendant realleges and reaffirms its response to the allegations contained in paragraphs one through thirty-five, inclusive, as though fully set forth herein.

37. The allegations contained in paragraph thirty-seven are statements of law to which no answer is required. To the extent that an answer is required, the defendant denies same.

### SEVENTH CAUSE OF ACTION

38. The defendant realleges and reaffirms its response to the allegations contained in paragraphs one through thirty-seven, inclusive, as though fully set forth herein.

39. The allegations contained in paragraph thirty-nine are statements of law to which no answer is required of

6

this defendant.  To the extent that an answer is required, the defendant denies same.

### EIGHTH CAUSE OF ACTION

40.   The defendant realleges and reaffirms its response to the allegations contained in paragraphs one through thirty-nine, inclusive, as though fully set forth herein.

41.   The allegations contained in paragraph forty-one are statements of law to which no answer is required.  To the extent that an answer is required, the defendant denies same.

### NINTH CAUSE OF ACTION

42.   The defendant realleges and reaffirms its response to the allegations contained in paragraphs one through forty-two, inclusive, as though fully set forth herein.

43.   The allegations contained in paragraph forty-three are statements of law to which no answer is required.  To the extent that an answer is required, the defendant denies same.

### TENTH CAUSE OF ACTION

44.   The defendant realleges and reaffirms its response to the allegations contained in paragraphs one through forty-three, inclusive, as though fully set forth herein.

45.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-five and therefore denies same.

46.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-six and therefore denies same.

**WHEREFORE**, the defendant prays that this Honorable Court dismiss Plaintiffs' Complaint with costs and reasonable attorney's fees.

7

## AFFIRMATIVE DEFENSES

The defendant incorporates the following Affirmative Defenses into its Answer as follows:

**AND FURTHER ANSWEIRNG AND AS A COMPLETE AND SEPARATE DEFENSE,** defendant states that the Cross-Claim fails to state a cause of action upon which relief can be granted against this defendant.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/Thomas E. Clinton"_
**Thomas E. Clinton**
**BBO NO: 086960**
**Robert E. Collins**
**BBO NO: 555843**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated:  May 23, 2005