UNITED STATE DISTRICT COURT
FOR THE
DISTRICT OF EASTERN MASSACHUSETTS

```
_____
JOSEPH A. KINSELLA, As Administrator and  )
Personal Representative Of The Estate Of  )
Katherine Kinsella, And JOSEPH A.         )
KINSELLA, Individually And On Behalf Of   )
All Distributees Of Katherine Kinsella,   )
Deceased,                                 )
            Plaintiffs,                   )
                                          )
      v.                                  )  CIVIL ACTION NO. 05-10232-NMG
INSURANCE COMPANY OF NORTH                )  (JUDGE NATHANIEL M. GORTON)
AMERICA, GENERAL STAR INDEMNITY           )
COMPANY, FIREMAN'S FUND                   )
INSURANCE COMPANY, WYMAN                  )
CHARTER CORP., MICHAEL P. WYMAN,          )
JOSEPH JAY SHORE, CORD MITCHELL           )
SHORE, CARYLYN SHORE, AND                 )
TOAD HALL CORP.,                          )
            Defendants.                   )
_____)
```

## ANSWER BY SHORE DEFENDANTS TO CROSSCLAIM BY DEFENDANT INSURANCE COMPANY OF NORTH AMERICA

Defendants Joseph Shore, Cord Shore, Carylyn Shore, and Toad Hall Corp. (together "Shore defendants") hereby answer the crossclaim by defendant Insurance Company of North America ("INA") served May 9, 2005.

1.      States assertions of law to which no response is required.

2.      Admit INA is in the business of marine insurance and otherwise is without information sufficient to admit or deny and therefore denies same (hereinafter, "are without sufficient information").

3.      Admitted except that the present business address is not known.

4.      Admitted except that the present residence address is not known.

- 1 -

5. Admitted.

6. States assertions of law to which no response is required.

7. Admitted except that the named corporation was the owner, as near as can be determined; otherwise are without sufficient information.

8. Admitted except that these parties presently rely on INA to identify the document.

9. Admit that the vessel was licensed or documented by the U.S. Coast Guard; otherwise are without sufficient information.

10. Denied.

11. Admit that Cord Shore and Joseph Shore were officers aboard the vessel and employees of the owner; otherwise are without sufficient information.

12. Are without sufficient information.

13. Admit that Katherine Kinsella on reliable information died on the night of July 22, 2001; otherwise are without sufficient information.

14. Are without sufficient information.

15. Are without sufficient information.

16. Admit that a plea was entered; otherwise are without sufficient information.

17. Admit that negligence was alleged and was the subject of a plea agreement; otherwise are without sufficient information.

18. State that the terms of the policy identified by INA appear therein; otherwise are without sufficient information.

19. No response is required.

20. Repeat and reallege all prior allegation.

21. Are without sufficient information.

22. Are without sufficient information.

23. Are without sufficient information.

24. Denied.

25. Repeat and reallege all prior allegations.

26. Are without sufficient information.

27. Denied.

28. Repeat and reallege all prior allegations.

29. Are without sufficient information.

30. Denied.

31. Denied.

32. Repeat and reallege all prior allegations.

33. Denied.

34. Repeat and reallege all prior allegations.

35. Denied.

36. Repeat and reallege all prior allegations.

37. State that the terms of the INA policy identified appear therein; are without sufficient information.

38. Repeat and reallege all prior allegations.

39. State assertions which are argumentative and require conclusions of law; are without sufficient information.

40. Repeat and reallege all prior allegations.

41.  Assert arguments or conclusions of law; are without sufficient information.

42.  Repeat and reallege all prior allegations.

43.  Assert arguments or conclusions of law; are without sufficient information.

44.  Repeat and reallege all prior allegations.

45.  Assert conclusions of law to which no response is required; are without sufficient information.

46.  Assert conclusions of law to which no response is required; are without sufficient information.

## FIRST DEFENSE.

47.  The allegations listed as ten causes of action state no claim for relief.

## SECOND DEFENSE.

48.  Defendant is estopped to assert terms or conditions not expressed in the alleged INA policy of insurance ("INA policy").

## THIRD DEFENSE.

49.  Any alleged violation of policy conditions did not cause any actual loss.

## FOURTH DEFENSE.

50.  Any alleged violation of policy conditions did not materially increase the risk of any actual loss.

## FIFTH DEFENSE.

51.  Defendant Joseph Shore is an insured under and within the INA policy.

## SIXTH DEFENSE.

52.  Defendant Cord Shore is an insured under and within the INA policy as to "any loss of life."

**SEVENTH DEFENSE.**

53. Any defendant authorized to act by the insured as to the matters insured is a beneficiary of the insurance as to "any loss of life."

**EIGHTH DEFENSE.**

54. Defendants Joseph Shore and Cord Shore are expressly or impliedly entitled to insurance and to indemnity by Wyman Charter Corp. and are thereby entitled to the benefit of any insurance of this defendant.

**NINTH DEFENSE.**

55. Defendants Joseph Shore and Cord Shore are intended or implied beneficiaries or insureds under the identified INA policy.

**TENTH DEFENSE.**

56. If and to the extent defendant INA asserts that Joseph Shore or any other defendant is an agent of Wyman Charter Corp. for any purpose, defendant INA is thereby estopped to deny that the same person is within the INA insurance in the event of the insured losses.

**ELEVENTH DEFENSE.**

57. Subject to conditions not relevant or material, the INA policy insures "any loss."

**TWELFTH DEFENSE.**

58. Subject to conditions not relevant or material, the INA policy provides up to $1 million in insurance for each of two occurrences on the night in question, the first occurrence being contact between two vessels and the second occurrence being the tragic death of Katherine Kinsella approximately two hours later as near as can be determined.

## THIRTEENTH DEFENSE.

59. Defendant INA is barred by the doctrine of unclean hands in that defendant INA, in denying defense and coverage, repeatedly refused disclosure of the identified text of the INA policy to one or more persons who are its insureds.

## FOURTEENTH DEFENSE.

60. Defendant INA is estopped and barred by the doctrine of unclean hands in that defendant INA relies on purported policy defenses which are not expressed or found in the INA policy text.

## FIFTEENTH DEFENSE.

61. Defendant INA is estopped and barred by the doctrine of unclean hands in that defendant INA without excuse or justification refused defense to Joseph Shore, Cord Shore, and other persons properly required to be defended.

## SIXTEENTH DEFENSE.

62. One or more of defendants Joseph Shore, Cord Shore, and other persons required to be defended is and was entitled to be insured, indemnified and defended by INA as part of insurance in favor of Wyman Charter Corp.

## SEVENTEENTH DEFENSE.

63. Defendant is estopped to deny coverage or to assert conditions as to the two occurrences and losses on or about July 22, 2001, because defendant in answering the Complaint denies knowledge of the underlying facts, see Answer to Complaint, paras. 15-21, and is bound to those allegations.

**EIGHTEENTH DEFENSE.**

64.     Defendant INA is liable to indemnify Wyman Charter Corp. and one or more other defendants for each of at least two occurrences on or about July 22, 2001, the first being the collision between vessels and the second being on information the death of Ms. Kinsella by drowning.

**NINETEENTH DEFENSE.**

65.     If and to the extent any condition of the insurance was violated, which is not admitted, any such violation was immaterial, caused by acts of persons not imputable to the vessel officer and crew, not the cause of any loss, and did not increase the risk of actual loss.

                Defendants,
                JOSEPH JAY SHORE, et al.
                By their attorneys,

                /S/ Paul G. Boylan
                Paul G. Boylan, BBO No. 052320
                Kevin G. Kenneally, BBO No. 550050
                DONOVAN HATEM LLP
                Two Seaport Lane
                Boston, MA  02210
Dated:  May 26, 2005.              617-406-4513

Certificate of Service

      The undersigned counsel for defendants Shore, *et al*. today gave notice of the foregoing **Answer By Shore Defendants To Crossclaim By Defendant Insurance Company Of North America** by first-class mail to counsel for plaintiffs **Kinsella,** *et al***.** in the declaratory judgment action, David E. Lurie, Lurie & Krupp, LLP, One McKinley Square, Boston, MA 02109, and Andrew V. Buchsbaum, Friedman & James LLP, 132 Nassau Street, New York, NY 10038; for plaintiffs **Kinsella**, *et al*. in the wrongful-death action, Sarah B. Herlihy, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111; counsel for **Wyman Charter Corp**., Bertram E. Snyder and Patrick O. McAleer, Looney & Grossman LLP, 101 Arch Street, Boston, MA 02110; counsel for **Michael Wyman**, Thomas E. Clinton, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108; counsel for **Insurance Company of North America**, David D. Dowd, Curley & Curley, P.C., 27 School Street, Suite 600, Boston, MA 02108; counsel for **General Star**, Samuel M. Furgang, Sugarman, Rogers, Barshak & Cohen, P.C., 101 Merrimac Street, Boston, MA 02114-4737; and counsel for **Fireman's Fund**, Mark W. Roberts, McRoberts, Roberts & Rainer, LLP, 53 State Street, Exchange Place, Boston, MA 02109, and Gary D. Centola and Frank A. Valverde (admitted *pro hac vice*), Rivkin Radler LLP, 926 EAB Plaza, Uniondale, NY 11556-0926.

Dated: May 26, 2005.                                               /S/ Paul G. Boylan

24100.0.