UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO: 05-10232-NMG

JOSEPH A. KINSELLA, as Administrator
and personal representative of the
estate of Katherine Kinsella, and
JOSEPH A. KINSELLA, individually and
On behalf of all distributes of
KATHERINE KINSELLA, deceased
   Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH AMERICA,
GENERAL STAR INDEMNITY COMPANY, FIREMAN'S
FUND INSURANCE COMPANY, WYMAN CHARTER
CORP., MICHAEL P. WYMAN, JOSEPH JAY
SHORE, CORD MITCHELL SHORE,
CARALYN SHORE
AND TOAD HALL CORP.
   Defendants.

## ANSWER OF DEFENDANT, WYMAN CHARTER CORP. TO CROSS-CLAIM OF DEFENDANT INSURANCE COMPANY OF NORTH AMERICA

Defendant, Wyman Charter Corp. ("Wyman Charter"), Answers Defendant Insurance Company of North Americas Cross-claim as follows:

1. The allegations contained in paragraph one are statements of law to which no answer is required. To the extent that an answer is required, Wyman Charter denies same.

### THE PARTIES

2. Wyman Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two and therefore denies same.

3. Wyman Charter denies the allegations contained in paragraph three.

4. Wyman Charter admits the allegations contained in paragraph four.

1

5.  Wyman Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five and therefore denies same.

## JURISDICTION

6.  The allegations contained in paragraph six are statements of law to which no answer is required. To the extent that an answer is required, Wyman Charter denies same.

## PRELIMINARY

7.  Wyman Charter admits that at all times material hereto, it was the owner of the 58 foot passenger vessel M/V SEA GENIE II. Wyman Charter denies the remaining allegations of paragraph seven.

8.  Wyman Charter admits the allegations contained in paragraph eight.

9.  Wyman Charter admits that the M/V SEA GENIE II was a documented vessel subject to a United States Coast Guard Certificate of Inspection. Wyman Charter denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph nine and therefore denies same.

10. Wyman Charter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten and therefore denies same.

11. Wyman Charter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven and therefore denies same.

12. Wyman Charter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve and therefore denies same.

13. Wyman Charter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen E\except admits only that Catherine Kinsella was on board and subsequently drowned on or about July 22, 2001.

14. Wyman Charter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen and therefore denies same.

15. Wyman Charter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen and therefore denies same.

16. Wyman Charter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventeen and therefore denies same.

17. Wyman charter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventeen and therefore denies same.

## THE INSURANCE POLICY

18. Wyman Charter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eighteen and therefore denies same.

19. Wyman Charter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nineteen and therefore denies same.

## FIRST CAUSE OF ACTION

20. Wyman Charter realleges and reaffirms its responses to the allegations contains in paragraphs one through 20 (sic), as though fully set forth herein.

21. Wyman Charter denies the allegations contained in paragraph twenty-one.

22. Wyman Charter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-two and therefore denies same.

23. Wyman Charter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-three and therefore denies same.

24. The allegation contained in paragraph twenty-four is a statement of law to which no answer is required. To the extent that an answer is required, Wyman Charter denies same.

## SECOND CAUSE OF ACTION

25. Wyman Charter realleges and reaffirms its responses to the allegations contained in paragraphs one through 25 (sic), as though fully set forth herein.

26. Wyman Charter denies the allegations contained in paragraph twenty-six.

27. Wyman Charter denies the allegations contained in paragraph twenty-seven.

## THIRD CAUSE OF ACTION

28. Wyman Charter realleges and reaffirms its responses to the allegations contained in paragraphs one through 27, inclusive, as though fully set forth herein.

29. Wyman Charter denies the allegations contained in paragraph twenty-nine.

30. Wyman Charter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty and therefore denies same.

31. Wyman Charter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-one and therefore denies same.

### FORTH CAUSE OF ACTION

32. Wyman Charter realleges and reaffirms its responses to the allegations contained in paragraphs one through thirty-one, inclusive, as though fully set forth herein.

33. The allegations contained in paragraph thirty-three are statements of law to which no answer is required. To the extent that an answer is required, Wyman charter denies same.

### FIFTH CAUSE OF ACTION

34. Wyman Charter realleges and reaffirms its responses to the allegations contained in paragraphs one through thirty-three, inclusive, as though fully set forth herein.

35. The allegations contained in paragraph thirty-five are statements of law to which no answer is required. To the extent that an answer is required, Wyman Charter denies same.

### SIXTH CAUSE OF ACTION

36. Wyman Charter realleges and reaffirms its responses to the allegations contained in paragraphs one through thirty five, inclusive, as though fully set forth herein.

37. The allegations contained in paragraph thirty-seven are statements of law to which no answer is required. To the extent that an answer is required, Wyman Charter denies same.

### SEVENTH CAUSE OF ACTION

38. Wyman Charter realleges and reaffirms its responses to the allegations contained in paragraphs one through thirty-seven, inclusive, as though fully set forth herein.

39. The allegations contained in paragraph thirty-nine are statements of law to which no answer is required. To the extent that an answer is required, Wyman Charter denies same.

### EIGHTH CAUSE OF ACTION

40. Wyman Charter realleges and reaffirms its response to the allegations contained in paragraphs one trough thirty-nine, inclusive, as though fully set forth herein.

41. The allegations contained in paragraph forty-one are statements of law to which no answer is required. To the extent that an answer is required, Wyman Charter denies same.

### NINTH CAUSE OF ACTION

42. Wyman Charter realleges and reaffirms its response to the allegations contained in paragraphs one through forty-two, inclusive, as though fully set forth herein.

43. The allegations contained in paragraph forty-three are statements of law to which no answer is required. To the extent that an answer is required, Wyman Charter denies same.

### TENTH CAUSE OF ACTION

44. Wyman Charter realleges and reaffirms its responses to the allegations contained in paragraphs one through forty-three, inclusive, as though fully set forth herein.

45. Wyman Charter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-five and therefore denies same.

46. Wyman Charter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-six and therefore denies same.

### AFFIRMATIVE DEFENSES

And further answering and as a complete and separate defense, Wyman Charter Corp. states that the Cross-Claim fails to state a cause of action upon which relief can be granted against it.

**WHEREFORE,** Wyman Charter Corp. asks this Court to dismiss Plaintiffs' Complaint with costs and reasonable attorney's fees.

Wyman Charter Corp.
By its attorneys,

Bertram E. Snyder, BBO # 471320
Patrick O. McAleer, BBO # 642627
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

Dated: May 26, 2005

5

## Certificate of Service

I, Bertram E. Snyder, hereby certify that on the date above written I served a true copy of the foregoing pleading by first class mail, postage prepaid, directed to:

Samuel M. Furgang, Esquire
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114-4737

Andrew V. Buchsbaum, Esquire
Friedman & James LLP
132 Nassau Street
New York, NY 10038

Peter G. Boylan, Esquire
Donovan & Hatem, LLP
World Trade Center
Two Seaport Lane, 8th Floor
Boston, MA 02210

David E. Lurie, Esquire
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109

Thomas E. Clinton, Esquire
Clinton & Muzyka, P.C.
One Washington Mall, S. 1400
Boston, MA 02108

David D. Dowd
Curley & Curley, P.C.
27 School Street, Suite 600
Boston, MA 02108

_____
Bertram E. Snyder