UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph A. Kinsella, As Administrator And Personal Representative Of The Estate Of Katherine Kinsella, And Joseph A. Kinsella, Individually And On Behalf Of All Distributes Of Katherine Kinsella, Deceased<br><br>Plaintiffs,<br><br>vs.<br><br>Insurance Company Of North America, General Star Indemnity Company, Fireman's Fund Insurance Company, Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore and Toad Hall Corp.<br><br>Defendants. | Civil Action No: 05-10232-NMG |

**DEFENDANT WYMAN CHARTER CORP'S INITIAL DISCLOSURE STATEMENT PURSUANT TO FRCP 26(a)(1)**

Defendant, Wyman Charter Corp. ("Wyman Charter") makes its initial disclosure pursuant to FRCP 23(a)(1) (A-D). Said disclosure incorporates by reference any disclosure in the related case of Joseph A. Kinsella as Administrator and personal representative of the Estate of Katherine Kinsella v. Wyman Charter Corp., et al, C.A. No. 04-11615-NMG. This disclosure addresses the coverage issues raised by the plaintiff and any cross-claims against Wyman Charter in the instant action issues, not the issues in the wrongful death action C.A. No. 04-11615-NMG filed on behalf of Katherine Kinsella.

1

## **INTRODUCTION**

1. These Initial Disclosures are based upon information presently known to defendant. They are made without prejudice to producing during discovery or at trial information, documents or data that are (a) subsequently discovered or determined to be relevant for any purpose; (b) produced as a result of ongoing investigations; and/or (c) subsequently determined to have been omitted from these disclosures.

2. Defendant reserves the right at any time to revise and/or supplement these Initial Disclosures.

3. Defendant hereby expressly reserve all objections to the use for any purpose of these Initial Disclosures or any of the information and/or documents referenced herein in this matter. By referring to documents in its Initial Disclosures, defendant makes no representations, admissions or concessions as to the relevancy, admissibility or appropriateness of any documents or categories of documents

4. The identification by defendant of individuals pursuant to Rule 26(a)(1)(A) is not intended to preclude defendant from obtaining discovery of or from individuals not presently identified. Defendant hereby expressly incorporate b reference all individuals and/or entities identified by a other parties to this matter in its/their Initial Disclosures and reserve the right to depose and/or rely upon the testimony of all such individuals in support of any claims.

5. The identification by defendant of documents pursuant to Rule 26(a)(1)(B) and (C) is limited to those documents within its possession, custody or control. It does not include documents produced in this action by other parties or non-parties. Defendant reserves the right to use all documents produced by any party or non-party to this action. By these Initial Disclosures, defendant is not identifying any documents that may be protected by the attorney/client privilege,

attorney wink product doctrine, or any other applicable privileges or exemption from disclosure. Defendant expressly reserves its rights to object to plaintiff's discovery requests and/or responses on any basis.

A.   This Defendant does not know the names of anyone with knowledge of the coverage issues except perhaps Joseph Jay Shore, Cord Mitchell Shore and/or Carolyn Shore.

B.   This Defendant is aware of no documents with respect to the coverage issues except the INA policy. See Paragraph D.

C.   Wyman Charter claims no damages. Wyman Charter reserves its right to claim reimbursement for attorney fees and expenses if there is a basis for same.

D.   The insurance policy which Wyman Charter believes provides it coverage for the Kinsella wrongful death claim, C.A. No. 04-11615-NMG is attached to the counterclaim of Defendant Insurance Company of North America.

Date: May 31, 2005

WYMAN CHARTER CORP.
By its Attorneys,

Bertram E. Snyder, BBO #471320
Patrick O. McAleer BBO#642627
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

## Certificate of Service

I hereby certify that on this 31st day of May 2005, I served the foregoing, by mailing a copy thereof, postage prepaid, to the following counsel of record:

Samuel M. Furgang, Esquire
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114-4737

Andrew V. Buchsbaum, Esquire
Friedman & James LLP
132 Nassau Street
New York, NY 10038

Peter G. Boylan, Esquire
Donovan & Hatem, LLP
World Trade Center
Two Seaport Lane, 8th Floor
Boston, MA 02210

David E. Lurie, Esquire
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109

Thomas E. Clinton, Esquire
Clinton & Muzyka, P.C.
One Washington Mall, S. 1400
Boston, MA 02108

David D. Dowd
Curley & Curley, P.C.
27 School Street, Suite 600
Boston, MA 02108

_____
Bertram E. Snyder