UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, deceased,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　　　　　v.<br><br>Insurance Company of North America, General Star Indemnity Company, Fireman's Fund Insurance Company, Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore and Toad Hall Corp.,<br><br>　　　　　　　　Defendants. | CIVIL ACTION NO. 05-10232 NMG |

**DEFENDANT GENERAL STAR INDEMNITY COMPANY'S ANSWER TO THE SHORE DEFENDANTS' CROSSCLAIM**

The defendant General Star Indemnity Company ("General Star"), through its counsel, Sugarman, Rogers, Barshak & Cohen, P.C., submits its Answer to the Crossclaim of Joseph J. Shore, Cord Mitchell Shore, Caralyn Shore and Toad Hall Corp. ("the Shore defendants") as follows:

　　36.　　Paragraph 36 states a conclusion of law which requires no answer. To the extent an answer may be required, defendant General Star denies same.

　　37.　　Defendant General Star admits that it is an insurer of Toad Hall Corp. Defendant General Star is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

38. Defendant General Star denies the allegations contained in this paragraph insofar as they refer to General Star. General Star is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## CROSSCLAIM I (Declaratory Judgment)

39. Defendant General Star repeats and realleges its responses to paragraphs 28-35 of the complaint and paragraphs 36-38 of the crossclaim as though fully set forth herein.

40. Paragraph 40 states a conclusion of law which requires no answer. To the extent an answer may be required, defendant General Star denies same.

## CROSSCLAIM II (M.G.L. c. 93A, c. 176D)

41. Defendant General Star repeats and realleges its responses to paragraphs 28-35 of the complaint and paragraphs 36-41 of the crossclaim as though fully set forth herein.

42. Defendant General Star denies the allegations contained in this paragraph insofar as they refer to General Star. General Star is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

43. Defendant General Star denies the allegations contained in this paragraph.

## FIRST AFFIRMATIVE DEFENSE

General Star incorporates each and every Affirmative Defense in its Answer to the Complaint of the Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

General Star states that Crossclaim II is barred by lack or insufficiency of a demand letter, as required by M.G.L. c. 93A, § 9.

## THIRD AFFIRMATIVE DEFENSE

General Star states that Crossclaim II may not be premised upon M.G.L. c. 176D, § 3 as that provision is inapplicable to a business-against-business claim.

        GENERAL STAR INDEMNITY COMPANY,

        By its Attorneys,

        //Samuel M. Furgang
        Samuel M. Furgang, BBO No. 559062
        Sugarman, Rogers, Barshak & Cohen, P.C.
        101 Merrimac Street
        Boston, MA 02114
        Tel.: (617) 227-3030

Dated:  June 2, 2005

363647