## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------------

| | |
|---|---|
| JOSEPH A. KINSELLA, As Administrator and Personal representative Of The Estate Of Katherine Kinsella, And JOSEPH A. KINSELLA, Individually And On Behalf Of All Distributees Of Katherine Kinsella, Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> INSURANCE COMPANY OF NORTH AMERICA GENERAL STAR INDEMNITY COMPANY, FIREMAN'S FUND INSURANCE COMPANY, WYMAN CHARTER CORP., MICHAEL P. WYMAN, JOSEPH JAY SHORE, CORD MITCHELL SHORE, CARALYN SHORE, AND TOAD HALL CORP.,) <br><br> Defendants. | **CIVIL ACTION NO. 05-10232-NMG** <br><br> **(JUDGE NATHANIEL M. GORTON)** <br><br> **DEFENDANT FFIC'S RESPONSE TO FIRST REQUEST BY TOAD HALL CORP. FOR PRODUCTION OF DOCUMENTS** |

---------------------------------------------------------------------

Defendant, Fireman's Fund Insurance Company ("FFIC"), by and through its attorneys,

MCROBERTS, ROBERTS & RAINER, L.L.P. and RIVKIN RADLER LLP, disclose the

following information in accordance with Fed. R. Civ. P. 34:

### GENERAL STATEMENTS

1.    By making documents available, FFIC does not waive any objections that it may

have regarding the use of such documents, or of the truth or accuracy of any term, phrase, or

characterization contained in Toad Hall's First Request For Production.   FFIC expressly

reserves:   (1) all objections regarding the competency, privilege, relevancy, materiality,

probative value and admissibility of all documents produced and the content thereof;   (2) the

right to object to the use of any documents produced, in whole or in part, in a later stage or

proceeding in this litigation or other discovery procedures involving or relating to the subject

matter of any documents produced by defendants; and (3) all objections as to vagueness and ambiguity.

2.    Privileged documents responsive to a particular Request, if any such documents exist, are not being provided and will be identified in a mutually agreeable manner. Moreover, if any document which is properly the subject of any attorney-client, joint defense or work product privilege is produced, such production is not to be construed as a waiver of the attorney-client, attorney work product or any other privilege and the production of responsive documents is made based on the condition that if any privileged documents are inadvertently produced, all such materials and copies of all such materials will be returned to FFIC's counsel immediately upon written request.

3.    FFIC reserves all rights to challenge the competency, relevancy, materiality and admissibility of, or to object on any grounds to, the use of the information set forth herein in any subsequent proceeding or trial of this or any other action.

4.    Nothing herein shall be construed as an admission by defendant regarding the admissibility or relevancy of any fact or document, or of the truth or accuracy of any characterization contained in Toad Hall's First Request For Production.

## GENERAL OBJECTIONS

Each and every Request is responded to subject to the General Objections set forth below. These objections form a part of the response to each and every Request and are set forth herein to avoid duplication and repetition of restating them for each response. General Objections may be specifically referred to in a response to certain Requests for the purpose of clarity. However, the failure to specifically incorporate a General Objection should not be construed as a waiver of same.

2

1.    FFIC objects to the Requests to the extent that they call for disclosure of privileged information and documents, including but not limited to, information and documents protected by the attorney-client privilege and/or work product privilege.

2.    FFIC objects to the Requests to the extent that they call for disclosure of materials prepared in anticipation of litigation and/or trial preparation material without the showing required by the Federal Rules of Civil Procedure.

3.    FFIC objects to the Requests to the extent that they seek information and documents not relevant to the issues raised in this lawsuit, and they are not reasonably calculated to lead to the discovery of material, relevant or admissible evidence.

4.    FFIC objects to the Requests to the extent that they contain terms or phrases that are so vague, ambiguous, overbroad and/or unduly burdensome so as to render it impossible for defendants to respond in any reasonable manner or amount of time.

5.    FFIC objects to the Requests to the extent that they seek disclosure of the opinions, mental impressions, conclusions, or legal theories of defendants, their counsel or other representatives.

6.    FFIC objects to the Requests to the extent that they seek to extend FFIC's obligations beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the instant court.

7.    FFIC objects to the Requests to the extent that they seek disclosure of confidential and sensitive business or commercial information and documents, including but not limited to, trade secrets and proprietary information, and assert each and every applicable privilege and rule governing confidentiality to the fullest extent provided by law.

8.    FFIC objects to the Requests to the extent that they call for speculation on the part of FFIC and/or to the extent that they assume facts not in evidence.

9.    FFIC objects to the Requests to the extent that they are unduly burdensome, premature and speculative in that they request FFIC to provide information or produce documents supporting its present contentions and to speculate as to its future contentions, prior to the completion of discovery.

10.    FFIC objects to the Requests as unduly burdensome and oppressive insofar as they propose to cover persons and business entities which are not parties to the action; seek FFIC to respond on behalf of any entity or entities other than FFIC;  purport to require FFIC to provide information or produce documents not within its possession, custody, care or control; or purport to require FFIC to provide information or produce documents already in plaintiff's knowledge, possession and/or control.

11.    FFIC objects to Toad Hall's definitions of the words "defendant" and "associated persons," and other references to any person or legal entity, as overly broad to the extent it includes FFIC's attorneys within such definition and is seeking information or documents protected by the attorney-client privilege or attorney work product.

12.    FFIC objects to Toad Hall's Requests to the extent that they seek information or documents pertaining or related to a time period that is overly broad in scope.  Such information or documents are not relevant to Toad Hall's claims in this action and are unduly burdensome.

13.    FFIC objects to Toad Hall's requests as unduly burdensome to the extent they seek publicly available information.

Subject to the above general objections and without waiver of same, FFIC hereby responds to these Requests.  These responses are based on the information and documents available at the present time after a thorough search of FFIC's files. Defendants reserve their right to supplement, correct or amend these responses in the event that future discovery reveals facts that would justify such supplementation, correction or amendment.

4

## DOCUMENT REQUESTS

### REQUEST NO. 1:

Any application as to any insurance policy in dispute in this action, including all amendments and attachments thereto.

### RESPONSE TO REQUEST NO. 1:

FFIC objects to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, FFIC refers to the commercial insurance application in FFIC's underwriting file, annexed hereto as Exhibit "A."

### REQUEST  NO. 2:

The full file of any insurer as to any investigation of the contact between the vessel *SEA GENIE II* and any other vessel on the night of July 22, 2001, and whether or not treated as a separate occurrence, the death of Katherine Kinsella on *or* about July 22, 2001 and related claims or losses by or against any person including any claim or issue in dispute here ("the Kinsella loss").

### RESPONSE TO REQUEST NO. 2:

FFIC objects to this Request as overbroad, vague, unduly burdensome and seeking privileged information and documents not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to the discovery of material, relevant or admissible evidence. Subject to and without waiving the foregoing objections, FFIC states that it is not in possession of any file as to the investigations referenced above but refers to its claims file, annexed hereto as Exhibit "B," for news article excerpts regarding the incident in question.

**REQUEST NO. 3:**

The full investigation file of any insurer in connection with any reservation of rights as to any assured or as to any named defendant.

**RESPONSE TO REQUEST NO. 3:**

FFIC objects to this Request as overbroad, vague, unduly burdensome and seeking documents protected by privilege. Subject to and without waiving the foregoing objections, FFIC refers to its claims file, annexed hereto as Exhibit "B," for documents relating to FFIC's reservation of rights and denial of coverage.

**REQUEST NO. 4:**

All internal memoranda and other communications of any defendant insurer describing or referring to any purported grounds for reservation of rights or denial, of coverage as to any person as to the Kinsella loss.

**RESPONSE TO REQUEST NO. 4:**

See Response to Request No. 3.

**REQUEST NO. 5:**

All internal memoranda and other communications of any defendant insurer describing or referring to any purported grounds for denial of coverage to any person as to the Kinsella loss, including any defendant.

**RESPONSE TO REQUEST NO. 5:**

See Response to Request No. 3.

**REQUEST NO. 6:**

All internal memoranda and other communications of any defendant insurer describing or

referring to any alleged or putative violation of any condition of any insurance as to or in connection with the Kinsella loss.

**RESPONSE TO REQUEST NO. 6:**

See Response to Request No. 3.

**REQUEST NO. 7:**

All documents of any party consisting of, describing, or referring to any specific cause of the contact between the two vessels on the night of the Kinsella loss.

**RESPONSE TO REQUEST NO. 7:**

See Response to Request No. 3.

**REQUEST NO. 8:**

All documents consisting of, describing, or referring to any cause or causes of the death of Ms. Kinsella on or about July 22, 2001.

**RESPONSE TO REQUEST NO. 8:**

See Response to Request No. 3.

**REQUEST NO. 9:**

All statements of any witness describing or referring to the contact between the two vessels on the night of the Kinsella loss.

**RESPONSE TO REQUEST NO. 9:**

FFIC is not in possession of any statements by witnesses to the contact between the two vessels on the night of the Kinsella loss.

**REQUEST NO. 10:**

Any statement of any witness describing or referring to any cause, causes, or circumstance of the death of Ms. Kinsella.

**RESPONSE TO REQUEST NO. 10:**

FFIC is not in possession of any statements by witnesses referring to any cause, causes, or circumstance of the death of Ms. Kinsella.

**REQUEST NO. 11:**

Any document prepared by any investigator or investigative service or agency, including any transcript describing or referring to any fact as to any alleged cause of the death of Ms. Kinsella.

**RESPONSE TO REQUEST NO. 11:**

FFIC objects to this Request as it seeks documents that are protected by privilege. Subject to and without waiving the foregoing objection, FFIC states that it is not in possession of any document prepared by an investigator or investigative service or agency describing or referring to any fact as to any alleged cause of the death of Ms. Kinsella.

**REQUEST NO. 12:**

All documents from any source relied on by any insurer to support any reservation of rights or denial of defense or coverage to any person as to the contact between the vessels.

**RESPONSE TO REQUEST NO. 12:**

See Responses to Request Nos. 1 and 3.

**REQUEST NO. 13:**

All documents relied on by any insurer to support any reservation of rights or denial of defense or coverage to any person as to the death of Ms. Kinsella.

**RESPONSE TO REQUEST NO. 13:**

See Responses to Request Nos. 1 and 3.

8

**REQUEST NO. 14:**

The full policy text including all applications, amendments, and schedules allegedly in effect as of the date of any loss or claim in dispute here.

**RESPONSE TO REQUEST NO. 14:**

FFIC objects to this request as vague. Subject to and without waiving the foregoing objection, a copy of the relevant FFIC policy is annexed to FFIC's Answer to the Complaint as Exhibit "A."

**REQUEST NO. 15:**

All documents describing, referring to, or purporting to show misrepresentation as to any application of insurance which, but for the alleged misrepresentation, would be applicable to the Kinsella loss.

**RESPONSE TO REQUEST NO. 15:**

FFIC objects to this Request to the extent that it is vague and contains false conclusions of law. Subject to and without waiving the foregoing objections, FFIC refers to FFIC's claims file, annexed hereto as Exhibit "B," for documents that may show misrepresentations as to any application of insurance.

**REQUEST NO. 16:**

All documents describing or referring to any purported violation of any condition as to any insurance which; but for the putative violation, would be applicable to the Kinsella loss.

**RESPONSE TO REQUEST NO. 16:**

See Response to Request No. 15.

**REQUEST NO. 17:**

All pre-insurance investigation as to any insured or any person affiliated - with or

employed by any insured.

**RESPONSE TO REQUEST NO. 17:**

FFIC objects to this Request as overbroad, vague and unduly burdensome. Subject to and without waiving the foregoing objections, FFIC refers to FFIC's underwriting file, annexed hereto as Exhibit "A," for documents that may identify persons employed by any insured.

**REQUEST NO. 18:**

The claim history of any party for the ten years prior to the Kinsella loss.

**RESPONSE TO REQUEST NO. 18:**

FFIC objects to this Request as overbroad, vague, unduly burdensome and seeking privileged information and documents not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to the discovery of material, relevant or admissible evidence.

**REQUEST NO. 19:**

All investigation manuals, guidelines, rules, or handbooks of any insurance defendant used for or applicable to the Kinsella loss.

**RESPONSE TO REQUEST NO. 19:**

FFIC objects to this Request as overbroad, vague, unduly burdensome and seeking privileged and proprietary information and documents not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to the discovery of material, relevant or admissible evidence.

**REQUEST NO. 20:**

All manuals or handbooks used for or applicable to coverage determinations by any insurance defendant as to the Kinsella loss.

**RESPONSE TO REQUEST NO. 20:**

FFIC objects to this Request as overbroad, vague, unduly burdensome and seeking privileged and proprietary information and documents not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to the discovery of material, relevant or admissible evidence.

**REQUEST NO. 21:**

All documents consisting of, describing, or referring to any rating, risk of loss calculation pricing, or premium calculation or determination for any non-insurance party as of or prior to the Kinsella loss.

**RESPONSE TO REQUEST NO. 21:**

FFIC objects to this Request as overbroad, vague, unduly burdensome and seeking privileged and proprietary information and documents not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to the discovery of material, relevant or admissible evidence.  Subject to and without waiving the foregoing objections, FFIC refers to FFIC's underwriting file, annexed hereto as Exhibit "A," for documents relating to premium calculations.

**REQUEST NO. 22:**

All documents consisting of, describing, or referring to any underwriting or reinsurance file of any non-insurance party as of or prior to the Kinsella loss.

**RESPONSE TO REQUEST NO. 22:**

FFIC objects to this Request as overbroad, vague and unduly burdensome.  Subject to and without waiving the foregoing objections, FFIC refers to FFIC's underwriting file, annexed hereto as Exhibit "A," for documents that may be responsive to this request.

**REQUEST NO. 23:**

All documents consisting of, describing, or referring to any underwriting or reinsurance manual of or used by any insurance party for any policy in dispute.

**RESPONSE TO REQUEST NO. 23:**

FFIC objects to this Request as overbroad, vague, unduly burdensome and seeking privileged and proprietary information and documents not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to the discovery of material, relevant or admissible evidence.

**REQUEST NO. 24:**

All documents not previously itemized, relied on, or to be relied on by any party in support of any position herein.

**RESPONSE TO REQUEST NO. 24:**

FFIC objects to this Request as palpably improper, overbroad, vague and unduly burdensome.

Dated: Uniondale, New York
July 25, 2005

RIVKIN RADLER, LLP

BY: _____

Frank A. Valverde (admitted pro hac vice)
Gary D. Centola ((admitted pro hac vice)
926 EAB Plaza
Uniondale, New York 11556-0926
Telephone:    516-357-3000
Facsimile:    516-357-3333
File No. 44200-58888

12

## CERTIFICATE OF SERVICE

I, Frank A. Valverde, hereby certify that on August 3, 2005, I served a true copy of the foregoing RESPONSE TO FIRST REQUEST BY TOAD HALL by sending same via Overnight Mail to the United States District Court, 1 Courthouse Way, Boston, MA 02210 and to the following via First-Class Mail:

Paul G. Boylan, Esq.
Donovan Hatem LLP
Attorneys for Toad Hall Corp.
and the Shore defendants
Two Seaport Lane
Boston, MA 02210

Thomas E. Clinton, Esq.
Clinton & Muzyka, P.C.
Attorneys for Michael P. Wyman
One Washington Mall, Suite 1400
Boston, MA 02108

Bertram E. Snyder, Esq.
Looney & Grossman LLP
Attorneys for Wyman Charter Corp.
101 Arch Street
Boston, MA 12108

David E. Dowd, Esq.
Curley & Curley, P.C.
Attorneys for Insurance Co.
of North America
27 School Street, Suite 600
Boston, MA 02108

Samuel M. Furgang, Esq.
Sugarman, Rogers, Barshak & Cohen, P.C.
Attorneys for General Star Indemnity Co,
101 Merrimac Street
Boston, MA 02114

Frank A. Valverde, Esq.

Dated: August 3, 2005

13



**Fireman's Fund**

## Declarations

# THE FUND UMBRELLA®

**POLICY NUMBER:** XYZ-000-8453-5806

**POLICY PERIOD:** FROM 05/20/01 TO 05/20/02
(12:01 A.M. Standard time at the address
of the Named Insured as stated herein)

### FIREMAN'S FUND INSURANCE COMPANIES

Coverage is provided in the following
company, a stock company.

18  The American Insurance Company

**NAMED INSURED AND MAILING ADDRESS:**
HARBOR PARKING
1418 COMMONWEALTH AVE
WEST NEWTON, MA 02165



In return for the payment of the premium, and subject to all the terms of this
policy, we agree with you to provide the insurance as stated in this policy.

### LIMITS OF INSURANCE
$5,000,000  Each Occurrence          $5,000,000  Aggregate

### PREMIUM

Basis of premium:  Flat charge

Advance Premium: $3,750          Annual Minimum Premium:  $3,750

### SCHEDULE OF PRIMARY INSURANCE

This schedule is described within Form No. 178300-06-92 which forms a part of
this policy's declarations.

Endorsements attached to and forming a part of this policy at inception:
178724 03 98
178726 09 99
178753 03 98
178784 03 98
178819 03 98

| Date of Issue:<br>06/06/2001 | Countersignature of Authorized Agent: |
|---|---|

This declarations page is issued in conjunction with and forms a part of Policy Form 5300 03-98.

| Und Group | Branch | Producer Code | Producer | | Comm. |
|---|---|---|---|---|---|
| C | NAR | 20 490 324 09 | SOVEREIGN EXCESS, INC. | | 17.50% |
| **Audit Frequency** | | | | **Previous Policy No.** | |
| 0 | | | | XYZ-000-8406-8683 | |

ESRDEC3 3-98 3030

## SCHEDULE OF PRIMARY INSURANCE - 178300-06-92

The schedule of Primary Insurance is completed to read as follows:

COMMERCIAL GENERAL LIABILITY

Company:        GENERAL STAR NATIONAL INSURANCE COMPANY
Policy No:      AS ASSIGNED BY COMPANY
Expiration Date: 05/20/2002

                                        LIMITS OF LIABILITY

General Aggregate Limit
    (Other Than Products-Completed Operations)    $2,000,000
Products-Completed Operations Aggregate Limit     $2,000,000
                    Each Occurrence Limit         $1,000,000

AUTOMOBILE LIABILITY

Company:        COMMERCIAL UNION INSURANCE COMPANY
Policy No:      AS ASSIGNED BY COMPANY
Expiration Date: 05/20/2002

                                        LIMITS OF LIABILITY

Bodily Injury and Property Damage
                    Combined Single Limit    $1,000,000  Any One Accident

EMPLOYER'S LIABILITY

Company:        LUMBERMENS MUTUAL CASUALTY COMPANY
Policy No:      R/O 3BY008324-00
Expiration Date: 07/18/2002

                                        LIMITS OF LIABILITY

                Bodily Injury by Accident    $100,000   Each Accident
                Bodily Injury by Disease     $500,000   Policy Limit
                Bodily Injury by Disease     $100,000   Each Employee

GARAGE LIABILITY

Company:        COMMERCIAL UNION INSURANCE COMPANY
Policy No:      R/O CBR630574
Expiration Date: 04/30/2002

                                        LIMITS OF LIABILITY

Each Occurrence Limit                       $1,000,000
Aggregate Limit                             $1,000,000

## Care, Custody or Control of Real and Personal Property Exclusion
## 178724 03 98
Umbrella and Excess Liability Policy Amendment

The policy does not apply to any liability arising out of damage to real and personal property of others in the care, custody or control of any **Insured.**

All other terms and conditions of the policy remain unchanged.

This Form must be attached to Change Endorsement when issued after the policy is written.
One of the **Fireman's Fund Insurance Companies** as named in the policy

Secretary

President

178724 3-98

## Continuous or Progressive Injury, Damage or Offense Limitation
## Coverage B - 178726 09 99

Umbrella and Excess Liability Policy Amendment

A. SECTION II. UMBRELLA LIABILITY - COVERAGE B, A. COVERAGE B - INSURING AGREEMENT, subsection 1.a. is replaced by the following:

1. We will pay on behalf of any **Insured** those sums that any **Insured**:

    a. Becomes legally obligated to pay as damages because of:

        (1) **Bodily Injury** or **Property Damage** that:

            (a) Takes place during our Policy Period;

            (b) Is caused by an **Occurrence**; and

            (c) Prior to the Policy Period, no **Insured** and no employee authorized by you to give or receive notice of an **Occurrence** or claim, knew that the **Bodily Injury** or **Property Damage** had occurred, in whole or in part. If such an **Insured** or authorized employee knew, prior to the Policy Period, that the **Bodily Injury** or **Property Damage** occurred, then any continuation, change or resumption of such **Bodily Injury** or **Property Damage** during or after the Policy Period will be deemed to have been known prior to the Policy Period; or

        (2) **Personal Injury** or **Advertising Injury** (or **Personal and Advertising Injury** if defined as such in the policy) that is caused by an offense arising out of your business but only if the offense was committed during our Policy Period.

        The Policy Period for this policy may be comprised of more than one consecutive annual period. However, whether or not this policy of insurance applies to more than one consecutive annual period the most we will pay for all damages for **Personal Injury** or **Advertising Injury** (or **Personal and Advertising Injury** if defined as such in the policy) arising out of an offense committed during one annual period is the limits of insurance available under that one annual period. This provision applies even if the **Personal Injury** or **Advertising Injury** (or **Personal and Advertising Injury** if defined as such in the policy) which arises from an offense committed during one annual period continues or progressively deteriorates into a subsequent annual period(s); or

This Form must be attached to Change Endorsement when issued after the policy is written.
One of the **Fireman's Fund Insurance Companies** as named in the policy

Secretary

President

178726 9-99

Page 1 of 2

B. SECTION II. UMBRELLA LIABILITY - COVERAGE B, A. COVERAGE B - INSURING AGREEMENT, is amended to include the following:

6. **Bodily Injury** or **Property Damage** which occurs during the Policy Period and was not, prior to the Policy Period, known to have occurred by any **Insured** or any employee authorized by you to give or receive notice of an **Occurrence** or claim, includes any continuation, change or resumption of that **Bodily Injury** or **Property Damage** after the end of the Policy Period.

7. **Bodily Injury** or **Property Damage** will be deemed to have been known to have occurred at the earliest time when any **Insured** or any employee authorized by you to give or receive notice of an **Occurrence** or claim:

   a. Reports all, or any part, of the **Bodily Injury** or **Property Damage** to us or any other insurer;

   b. Receives a written or verbal demand or claim for damages because of the **Bodily Injury** or **Property Damage**; or

   c. Becomes aware by any other means that **Bodily Injury** or **Property Damage** has occurred or has begun to occur.

All other terms and conditions of the policy remain unchanged.

## Employment Practices Exclusion - Coverage A - 178753 03 98
Umbrella and Excess Liability Policy Amendment

A.  Coverage A of the policy does not apply to any liability arising out of any employment-related or personnel practices, policies, acts or omissions. This includes, but is not limited to:

1.  Refusal to employ;

2.  Termination of employment;

3.  Coercion, criticism, demotion, failure to promote, evaluation, reassignment, discipline, defamation, self-defamation, harassment, humiliation, discrimination, libel, slander, false arrest or imprisonment, or violation of a person's right of privacy; or

4.  To any consequential injury or damages as a result of 1., 2., or 3. above.

This exclusion applies to all claims, demands, charges, complaints or **Suits** by any person(s) or organization(s) for damages because of such injury or liability, including damages for care and loss of services. It applies whether any **Insured** may be held liable as an employer or in any other capacity either directly or indirectly related to employment. And it applies to any obligation to share damages with or to repay someone else who must pay damages because of such injury or liability.

All other terms and conditions of the policy remain unchanged.

This Form must be attached to Change Endorsement when issued after the policy is written.
One of the **Fireman's Fund Insurance Companies** as named in the policy

_Janet S. Kloewhamel_
Secretary

_Dee L. Stinnette_
President

178753 3-98

## Personal Injury Limitation - Coverage B - 178784 03 98
Umbrella and Excess Liability Policy Amendment

COVERAGE B of the policy does not apply to any liability arising out of **Personal Injury**.

All other terms and conditions of the policy remain unchanged.

This Form must be attached to Change Endorsement when issued after the policy is written.
One of the **Fireman's Fund Insurance Companies** as named in the policy

Secretary

President

178784 3-98

## Watercraft Exclusion - 178819 03 98
Umbrella and Excess Liability Policy Amendment

The policy does not apply to any liability arising out of the ownership, maintenance, operation, use, entrustment to others, loading or unloading of any watercraft.

All other terms and conditions of the policy remain unchanged.

This Form must be attached to Change Endorsement when issued after the policy is written.
One of the **Fireman's Fund Insurance Companies** as named in the policy

Secretary

President

178819 3-98

THE AMERICAN INSURANCE COMPANY
110 ALLEN ROAD
LIBERTY CORNER NJ 07938

## NOTICE OF NONRENEWAL OF INSURANCE

Named Insured & Mailing Address:

HARBOR PARKING
1418 COMMONWEALTH AVENUE
WEST NEWTON, MA 02165

Producer: 20490324

SOVEREIGN EXCESS, INC.

800 FALMOUTH RD. - #208A
MASHPEE MA 02649

Policy No.: XYZ 84535806
Type of Policy: EXCESS LIABILITY OCCURRENCE
Date of Expiration: 05/20/2002 ; 12:01 A.M. Local Time at the mailing address of the Named Insured.

We will not renew this policy when it expires. Your insurance will cease on the Expiration Date shown above.

The reason for nonrenewal is UNDERWRITING REASONS.

Named Insured

C 80 XYZ 84535806
HARBOR PARKING
1418 COMMONWEALTH AVENUE
WEST NEWTON, MA 02165

Date Mailed:
25th day of February, 2002

_T. Marlene Sanders_

Authorized Company Representative

ODEN3.0.01.09a
FORM# CN9697MA51995

Copy for Branch Office

MACN12NONE APP
02252002RNN
Page 1 of 1



**Fireman's Fund®**

**QUOTATION FOR UMBRELLA**

### THIS IS NOT A BINDER

Risk can be bound only by the Excess & Special Risk Department. Prior notice to the Excess & Special Risk Department is required.   This quotation is valid for 60 days from the date shown on this document.  Flat cancellation is not permitted after risk is bound.

Applicant: **HARBOR PARKING**
Producer : **SOVEREIGN EXCESS, INC.**
Attention: **PAM REYNOLDS**           Previous Policy #:  **XYZ  00084068683**
Location : **MASHPEE, MA**            Quotation Date  :  **4-19-2001**

Coverage Quoted:
**UMBRELLA AND EXCESS LIABILITY POLICY    (5300-03-98)**

Limits of Insurance Options:                                    Annual
                                                               Premium
**$5,000,000**   Ea Occurrence    **$5,000,000**   Aggregate    **$3,750**
Basis of Premium: **Flat Charge**
Self-Insured Retention: **NIL**                    Commission:  **17.50%**

The Endorsements listed below will be attached to the policy:

**178724 03 98**         **CARE, CUSTODY OR CONTROL OF REAL AND PERSONAL PROPERTY EXCLUSION**
**178726 09 99**         **CONTINUOUS OR PROGRESSIVE INJURY, DAMAGE OR OFFENSE LIMITATION - COVERAGE B**
**178753 03 98**         **EMPLOYMENT PRACTICES EXCLUSION - COVERAGE A**
**178784 03 98**         **PERSONAL INJURY LIMITATION - COVERAGE B**
**178819 03 98**         **WATERCRAFT EXCLUSION**

This quotation is also subject to the following:

- **UNDERLYING CARRIER(S) MUST HAVE A BEST'S RATING OF A-VI OR BETTER**
- **THIS OFFER OF COVERAGE IS NOT SUBJECT TO PRODUCER OR CLIENT SPECIFICATIONS.**

Underwriter                              Branch Office:

**ROBERT H. HUNTER**                      **North Atlantic Region**

Phone Number: **(617) 973-6381**          Fax Number: **(617) 973-6335**

**BINDER FOR UMBRELLA**
**(Continued)**

## GARAGE LIABILITY

Company:        COMMERCIAL UNION INSURANCE COMPANY
Policy No:      R/O CBR630574
Expiration Date: 04/30/2002

                                    LIMITS OF LIABILITY

Each Occurrence Limit                    $1,000,000
Aggregate Limit                          $1,000,000



# SOVEREIGN EXCESS, INC.

800 Falmouth Road  •  Cape Cod  •  Massachusetts  •  02649
VOICE  (508) 539-2150 • (800) 228-1069 • FAX  (508) 539-2410 • (800) 290-3966

May 18, 2001

FAX: 1-617-973-6335

TO: FIREMEN'S FUND INSURANCE CO
    ATTN: ROB HUNTER

RE: HARBOR PARKING
    XYZ84068683/SEI-11400

FROM: PAM

PLEASE BIND RENEWAL EFF 5/20/01-02 PER YOUR QUOTE DATED
4/19/01 @ $3750

PLEASE CONFIRM AND ADVISE ASSIGNED POLICY NO.

THANK YOU!

/pdr



## BINDER FOR UMBRELLA
(Continued)

### REQUIREMENTS FOR PRIMARY INSURANCE

This binder is subject to the Insured's maintenance of primary insurance with limits and coverages shown below. This binder is also issued in reliance upon the Insured's representation that no primary insurance contains coverage provided on a claims made basis unless so designated below.

**COMMERCIAL GENERAL LIABILITY**

Company:         GENERAL STAR NATIONAL INSURANCE COMPANY
Policy No:       AS ASSIGNED BY COMPANY
Expiration Date: 05/20/2002

LIMITS OF LIABILITY

General Aggregate Limit
    (Other Than Products-Completed Operations)     $2,000,000
Products-Completed Operations Aggregate Limit      $2,000,000
                        Each Occurrence Limit      $1,000,000

**AUTOMOBILE LIABILITY**

Company:         COMMERCIAL UNION INSURANCE COMPANY
Policy No:       AS ASSIGNED BY COMPANY
Expiration Date: 05/20/2002

LIMITS OF LIABILITY

Bodily Injury and Property Damage
                Combined Single Limit    $1,000,000  Any One Accident

**EMPLOYER'S LIABILITY**

Company:         LUMBERMENS MUTUAL CASUALTY COMPANY
Policy No:       R/O 3BY008324-00
Expiration Date: 07/18/2002

LIMITS OF LIABILITY

Bodily Injury by Accident    $100,000   Each Accident
Bodily Injury by Disease     $500,000   Policy Limit
Bodily Injury by Disease     $100,000   Each Employee

**BINDER FOR UMBRELLA**
**(Continued)**

Underwriter:                                          Branch Office:

**ROBERT H. HUNTER**                      **North Atlantic Region**

Phone Number: **(617) 973-6381**       Fax Number:  **(617) 973-6335**



**Fireman's Fund'**

**BINDER FOR UMBRELLA**

## APPLICABLE TERMS

This binder is a temporary contract. It may be cancelled by the Insured by surrendering or by written notice to the company stating when cancellation is to be effective. This binder may be cancelled by the company by notice to the Insured in accordance with the po conditions. This binder is cancelled when replaced by a policy. If it is not replaced b policy, the company is entitled to charge a premium for the binder according to the rules rates in use by the company.

| | | |
|---|---|---|
| Producer : | **SOVEREIGN EXCESS, INC.** | Assigned Policy #: **XYZ 0008453** |
| Attention: | **PAM REYNOLDS** | Previous Policy #: **XYZ 0008406** |
| Location : | **MASHPEE, MA** | Binder Issue Date: **5-21-2001** |

Insured:   **HARBOR PARKING**
**1418 COMMONWEALTH AVE**
**WEST NEWTON, MA   02165**

Coverage Bound:

Policy:    **UMBRELLA AND EXCESS LIABILITY POLICY**
Form#:     **XYZ (5300-03-98)**
Company:   **THE AMERICAN INSURANCE COMPANY**

Binder Effective Date:     **12:01 a.m.    05/20/2001**
Binder Expiration Date:    **12:01 a.m.    06/20/2001**

Limits of Insurance:

| | | | Advance Premium | Annual Premium |
|---|---|---|---|---|
| **$5,000,000**  Ea Occurrence | **$5,000,000** | Aggregate | **$3,750** | **$3,750** |

Self-Insured Retention:   **NIL**
Basis of premium: **Flat charge**

The Endorsements listed below apply to this binder:

| | |
|---|---|
| 178724 03 98 | **CARE, CUSTODY OR CONTROL OF REAL AND PERSONAL PROPER EXCLUSION** |
| 178726 09 99 | **CONTINUOUS OR PROGRESSIVE INJURY, DAMAGE OR OFFENSE LIMITATION – COVERAGE B** |
| 178753 03 98 | **EMPLOYMENT PRACTICES EXCLUSION – COVERAGE A** |
| 178784 03 98 | **PERSONAL INJURY LIMITATION – COVERAGE B** |
| 178819 03 98 | **WATERCRAFT EXCLUSION** |

This binder is also subject to the following:

- **UNDERLYING CARRIER(S) MUST HAVE A BEST'S RATING OF A-VI OR BETTER**
- **THIS OFFER OF COVERAGE IS NOT SUBJECT TO PRODUCER OR CLIENT SPECIFICATIONS.**



**Fireman's Fund
Insurance Company**

Boston Field Office
73 Tremont Street, 7th Floor
Boston MA  02108

April 5, 2001

SOVEREIGN EXCESS, INC.
ATTN: PAM REYNOLDS
800 FALMOUTH RD. - #208A
MASHPEE MA  02649

RE:  HARBOR PARKING
     XYZ 84068683

The captioned policy will expire on 05/20/01.  Please forward the information requested below ASAP to assure that you will receive your renewal quotation in a timely manner.

The following ACORD applications:

(X) General Information    ( ) General Liability    ( ) Automobile
(X) Umbrella               ( ) Personal Umbrella

( ) Products brochures, company or financial reports, annual report or 10K.
( ) The attached supplemental questionnaire.
( ) Primary policy pricing, limits, terms and conditions, including extensions and exclusions.
( ) Primary policy pricing, limits, terms and conditions will be obtained from our
    Commercial Insurance Division.
( ) Primary CGL is ISO edition date 7/98.
( ) Lead Umbrella pricing, terms and conditions.
( ) Current loss information for any paid or reserved General Liability or Auto Liability
    claims in excess of $25,000 in the past 5 years.

If you have any questions or need additional information, please do not hesitate to call.  We appreciate your continued support and look forward to working with you on this renewal.

Sincerely,


Robert H. Hunter/iw
Underwriter

## EXCESS AND SPECIAL RISK UNDERWRITING SUMMARY

Branch:    New Jersey Field Office                          U/W: ROBERT H HUNTER
Producer:  SOVEREIGN EXCESS, INC.                      New:      Renewal: X

### :USTOMER INFORMATION:

Name:       HARBOR PARKING
Address:    1418 COMMONWEALTH AVE
        :
City:       WEST NEWTON                     State: MA    Zip Code: 02165

Submission #:  00084535806          Trans. #: 1
Subm. Status:  Issued

### :&SR QUOTE/ISSUANCE DETAIL:

E&SR Form:          XYZ                          Pol/Subm #: XYZ 00084535806
Policy Term:        05/20/2001             To:  05/20/2002
Limits:             $5,000,000 Occ              $5,000,000 Agg
Attachment Point:   Primary
Policy Premium:     $3,750                      Commission: 17.50%
S.I.R.:             NIL                          Audit Basis:

First Knock:                Excess of Loss:          Pro Rata:

Facultative Description:

### OPERATIONS/EXPOSURE/ANALYSIS & EVALUATION:

3 PARKING LOTS USED BY THE PUBLIC IN HYANNIS , MA FOR SHORT TERM,
WHILE THE CUSTOMERS VISIT THE ISLANDS. THEY PROVIDE A SHUTTLE SREVICE
TO THE BOAT DOCK ON THE WATERFRONT. SIC CODE-7521

Customer Segment: Other

Business Development Unit: New Jersey

Risk ID: X33         Description: AUTO REPAIR, SERVICES & GARAGES

Governing Class Name:
    PARKING - PUBLIC - OPEN AIR
GL Class Code: 46604-0          Attachment Point Code:
GL Hazard Symbol: C             PL Hazard Symbol: --    Pollution Group: II
Exposure Base: Sales
Total Exposure: 0

Vehicle Use:
 ONE PRIVATE PASSENGER VEHICLE AND ONE BUS. THE BUS IS USED TO
 TRANSPORT CUSTOMERS FROM THE LOT TO THE FERRY DOCK. THE RADIUS IS LESS
 THAN 10 MILES AND THE BUS TRAVELS ON LOCAL STREETS WITHIN THE TOWN

Aircraft:              Watercraft:              Professional Exposures: N
Describe any Aircraft/Watercraft exposures (owned or non-owned) or
any Professional exposures:

Loss History:
 NO LOSSES X OF 10,000

**ENDORSEMENTS:**

| | |
|---|---|
| .78724 03 98 | CARE, CUSTODY OR CONTROL OF REAL AND PERSONAL PROPERTY EXCLUSION |
| .78726 09 99 | CONTINUOUS OR PROGRESSIVE INJURY, DAMAGE OR OFFENSE LIMITATION - COVERAGE B |
| .78753 03 98 | EMPLOYMENT PRACTICES EXCLUSION - COVERAGE A |
| .78784 03 98 | PERSONAL INJURY LIMITATION - COVERAGE B |
| .78819 03 98 | WATERCRAFT EXCLUSION |

**PRIMARY INSURANCE:**

Primary Aggregate:
Per Project:
POLICY FORM: ISO OCC 85 OR AFTER                      Per Location:

Other:

If Umbrella/Straight Excess, list the primary restrictions or extensions:
If High Excess, list the Lead Umbrella terms/conditions/exclusions:

Comments/Additional Restrictions to E&SR Policy:

COVERAGE        COMPANY              LIMIT

Authorized Signature:                              Date:

# SOVEREIGN EXCESS, INC

800 Falmouth Road * Cape Cod * Massachusetts * 02649
VOICE (508) 539-2150 * (800) 228-1069 * FAX (508) 539-2410 * (800) 290-3966

April 18, 2001


FAX: 617-973-6399


TO: FIREMEN'S FUND INSURANCE CO
    ATTN: ROB HUNTER

RE: HARBOR PARKING
    XYZ84068683/SEI-11400

FROM: PAM

Total number of pages - 5

ATTACHED IS A NEW ACORD APP FOR THIS 5/20/01 RENEWAL
PLEASE LET ME KNOW IF YOU NEED ANY ADD'L INFO TO
OFFER A RENEWAL QUOTE

THANKS



/pdr

APR-18-01 WED 12:08    SOV    FAX NO. 5085392410    P. 02

APR-18-2001  08:55    DGP MILES INS AGENCY    508 880 2734    P.02/05

## ACORD  COMMERCIAL INSURANCE APPLICATION
### APPLICANT INFORMATION SECTION

| | |
|---|---|
| OP ID DR | |
| DATE | 04/18/01 |

| PRODUCER | PHONE (A/C, No, Ext): 508-824-8961 |
|---|---|

508-880-2734

DGP-Miles Insurance Agency, Inc
3 School Street  P.O. Box 1018
Taunton MA 02780-0957
David G. Pietro

| CODE: | SUB CODE: |
|---|---|

AGENCY CUSTOMER ID

TOADH-1

| CARRIER | NAIC CODE: |
|---|---|

**Firemans Fund**

UNDERWRITER

POLICIES OR PROGRAM REQUESTED

**Commercial Umbrella**

| INDICATE SECTIONS ATTACHED | | | |
|---|---|---|---|
| PROPERTY | | EQUIPMENT FLOATER | | GARAGE AND DEALERS |
| GLASS AND SIGN | | INSTALLATION/BUILDERS RISK | | VEHICLE SCHEDULE |
| ACCOUNTS RECEIVABLE/ VALUABLE PAPERS | | ELECTRONIC DATA PROC | | BOILER & MACHINERY |
| CRIME/MISCELLANEOUS CRIME | | COMMERCIAL GENERAL LIABILITY | | WORKERS COMPENSATION |
| TRANSPORTATION/ MOTOR TRUCK CARGO | | BUSINESS AUTO | X | UMBRELLA |
| | | TRUCKERS/MOTOR CARRIER | | |

### STATUS OF SUBMISSION

| QUOTE | | X | ISSUE POLICY |
|---|---|---|---|
| BOUND (Give Date and/or Attach Copy): | | | |

| DATE | TIME | AM | |
|---|---|---|---|
| | | PM | |

### PACKAGE POLICY INFORMATION

ENTER THIS INFORMATION WHEN COMMON DATES AND TERMS APPLY TO SEVERAL LINES, OR FOR MONOLINE POLICIES.

| PROPOSED EFF DATE | PROPOSED EXP DATE | BILLING PLAN | PAYMENT PLAN | AUDIT |
|---|---|---|---|---|
| 05/20/01 | 05/20/02 | DIRECT BILL | | |
| | | X AGENCY BILL | | |

### APPLICANT INFORMATION

| NAME (First Named Insured & Other Named Insureds) | FEIN OR SOC SEC # (of First Named Insured): | MAILING ADDRESS INCL ZIP+4 (of First Named Insured) |
|---|---|---|
| Toad Hall Corp DBA Harbor Parking | | 1418 Commonwealth Avenue West Newton MA 02165 |

| | INDIVIDUAL | | CORPORATION | | SUBCHAPTER "S" CORPORATION | | | NOT FOR PROFIT ORGANIZATION | YEAR BUSINESS STARTED |
|---|---|---|---|---|---|---|---|---|---|
| | PARTNERSHIP | | JOINT VENTURE | | LIMITED CORPORATION | | | | |

| INSPECTION CONTACT | PHONE (A/C, No, Ext): 508-775-1418 | ACCOUNTING RECORDS CONTACT | PHONE (A/C, No, Ext): |
|---|---|---|---|
| Carylyn Shore | | | |

### PREMISES INFORMATION

| LOC # | BLD # | STREET, CITY, COUNTY, STATE, ZIP+4 | CITY LIMITS | INTEREST | YR BUILT | PART OCCUPIED |
|---|---|---|---|---|---|---|
| 01 | 01 | Ocean St Hyannis MA 02601 | INSIDE / OUTSIDE | OWNER / TENANT | | |
| 02 | 01 | Bodick Rd Hyannis MA 02601 | INSIDE / OUTSIDE | OWNER / TENANT | | |
| 03 | 01 | Colony Rd Hyannis MA 02601 | INSIDE / OUTSIDE | OWNER / TENANT | | |

### NATURE OF BUSINESS/DESCRIPTION OF OPERATIONS BY PREMISE(S)

| 01 | 01 | Public Parking Lots |
|---|---|---|
| 02 | 01 | |
| 03 | 01 | |

### GENERAL INFORMATION

| EXPLAIN ALL "YES" RESPONSES | YES | NO | EXPLAIN ALL "YES" RESPONSES | YES | NO |
|---|---|---|---|---|---|
| 1. IS THE APPLICANT A SUBSIDIARY OF ANOTHER ENTITY OR DOES THE APPLICANT HAVE ANY SUBSIDIARIES? | | | 7. ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING? | | |
| 2. IS A FORMAL SAFETY PROGRAM IN OPERATION? | | | 8. DURING THE LAST TEN YEARS, HAS ANY APPLICANT BEEN CONVICTED OF ANY DEGREE OF THE CRIME OF ARSON? (In FL this question must be answered by any applicant for property insurance. Failure to disclose the existence of an arson conviction is a misdemeanor punishable by a sentence of up to one year of imprisonment). | | |
| 3. ANY EXPOSURE TO FLAMMABLES, EXPLOSIVES, CHEMICALS? | | | | | |
| 4. ANY CATASTROPHE EXPOSURE? | | | | | |
| 5. ANY OTHER INSURANCE WITH THIS COMPANY OR BEING SUBMITTED? | | | 9. ANY UNCORRECTED FIRE CODE VIOLATIONS? | | |
| 6. ANY POLICY OR COVERAGE DECLINED, CANCELLED OR NON-RENEWED DURING THE PRIOR 3 YEARS? NOT APPLICABLE IN MO | | | | | |

REMARKS

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR ANOTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME AND SUBJECTS THE PERSON TO CRIMINAL AND [NY: SUBSTANTIAL] CIVIL PENALTIES.

| APPLICANT'S SIGNATURE | | PRODUCER'S SIGNATURE | David G. Pietro |
|---|---|---|---|

ACORD 125 (8/97)    PLEASE COMPLETE REVERSE SIDE    © ACORD CORPORATION 1993

APR-18-01 WED 12:09    SOV    FAX NO. 5085392410    P.03

APR-18-2001  08:55    DGP MILES INS AGENCY    508 880 2734  P.03/05

## PRIOR CARRIER INFORMATION

TOADR-1

| LINE | CATEGORY | | 1999/2000 | | 2000/2001 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | CARRIER | | | | | | | | | | | | |
| | POLICY NUMBER | | | | | | | | | | | | |
| | POLICY TYPE | | CLAIMS MADE | OCCURRENCE | CLAIMS MADE | OCCURRENCE | CLAIMS MADE | OCCURRENCE | CLAIMS MADE | OCCURRENCE | CLAIMS MADE | OCCURRENCE | |
| | RETRO DATE | | | | | | | | | | | | |
| | EFF-EXP DATE | | | | | | | | | | | | |
| GENERAL COMMERCIAL LIABILITY | GENERAL AGGREGATE | L I M I T S | | | | | | | | | | | |
| | PRODUCTS COMP OP AGGREGATE | | | | | | | | | | | | |
| | PERSONAL & ADV INJ | | | | | | | | | | | | |
| | EACH OCCURRENCE | | | | | | | | | | | | |
| | FIRE DAMAGE | | | | | | | | | | | | |
| | MEDICAL EXPENSE | | | | | | | | | | | | |
| | BODILY INJURY OCCURRENCE | | | | | | | | | | | | |
| | AGGREGATE | | | | | | | | | | | | |
| | PROPERTY DAMAGE OCCURRENCE | | | | | | | | | | | | |
| | AGGREGATE | | | | | | | | | | | | |
| | COMBINED SINGLE LIMIT | | | | | | | | | | | | |
| | MODIFICATION FACTOR | | | | | | | | | | | | |
| | TOTAL PREMIUM | | | | | | | | | | | | |
| AUTOMOBILE LIABILITY | CARRIER | | | | | | | | | | | | |
| | POLICY NUMBER | | | | | | | | | | | | |
| | POLICY TYPE | | | | | | | | | | | | |
| | EFF-EXP DATE | | | | | | | | | | | | |
| | COMBINED SINGLE LIMIT | | | | | | | | | | | | |
| | BODILY INJURY EA PERSON | | | | | | | | | | | | |
| | EA ACCIDENT | | | | | | | | | | | | |
| | PROPERTY DAMAGE | | | | | | | | | | | | |
| | MODIFICATION FACTOR | | | | | | | | | | | | |
| | TOTAL PREMIUM | | | | | | | | | | | | |
| PROPERTY | CARRIER | | | | | | | | | | | | |
| | POLICY NUMBER | | | | | | | | | | | | |
| | POLICY TYPE | | | | | | | | | | | | |
| | EFF-EXP DATE | | | | | | | | | | | | |
| | BUILDING AMT | | | | | | | | | | | | |
| | PERS PROP AMT | | | | | | | | | | | | |
| | MODIFICATION FACTOR | | | | | | | | | | | | |
| | TOTAL PREMIUM | | | | | | | | | | | | |
| | CARRIER | | Fireman's Fund | | Fireman's Fund | | | | | | | | |
| | POLICY NUMBER | | XYZ00068210426 | | XYZ00084068683 | | | | | | | | |
| | POLICY TYPE | | UMBRELLA | | UMBRELLA | | | | | | | | |
| | EFF-EXP DATE | | 05/20/99  05/20/00 | | 05/20/00  05/20/01 | | | | | | | | |
| | LIMIT | | 5000000 | | 5000000 | | | | | | | | |
| | MODIFICATION FACTOR | | | | | | | | | | | | |
| | TOTAL PREMIUM | | 2886.00 | | 3400.00 | | | | | | | | |

## LOSS HISTORY

ENTER ALL CLAIMS (REGARDLESS OF FAULT) OR OCCURRENCES THAT MAY GIVE RISE TO CLAIMS FOR THE PRIOR 5 YEARS (3 YEARS IN KS & NY)    ☒ CHECK HERE IF NONE    SEE ATTACHED LOSS SUMMARY

| DATE OF OCCURRENCE | LINE | TYPE/DESCRIPTION OF OCCURRENCE OR CLAIM | DATE OF CLAIM | AMOUNT PAID | AMOUNT RESERVED | CLAIM STATUS |
|---|---|---|---|---|---|---|
| | | | | | | O/OR |
| | | | | | | C/NO |
| | | | | | | O/R |
| | | | | | | C/NO |

REMARKS    NOTE: FIDELITY REQUIRES A FIVE YEAR LOSS HISTORY

NOTICE OF INSURANCE INFORMATION PRACTICES
PERSONAL INFORMATION ABOUT YOU MAY BE COLLECTED FROM PERSONS OTHER THAN YOU. SUCH INFORMATION AS WELL AS OTHER PERSONAL AND PRIVILEGED INFORMATION COLLECTED BY US OR OUR AGENTS MAY IN CERTAIN CIRCUMSTANCES BE DISCLOSED TO THIRD PARTIES WITHOUT YOUR AUTHORIZATION. YOU HAVE THE RIGHT TO REVIEW YOUR PERSONAL INFORMATION IN OUR FILES AND CAN REQUEST CORRECTION OF ANY INACCURACIES. A MORE DETAILED DESCRIPTION OF YOUR RIGHTS AND OUR PRACTICES REGARDING SUCH INFORMATION IS AVAILABLE UPON REQUEST. CONTACT YOUR AGENT OR BROKER FOR INSTRUCTION ON HOW TO SUBMIT A REQUEST TO US.

ACORD 125 (5/97)

APR-18-01 WED 12:09    SOV    FAX NO. 5085392410    P. 04

APR-18-2001 08:56    DGP MILES INS AGENCY    508 880 2734    P.04/05

## *ACORD.* UMBRELLA SECTION

| | | | | TOADH-1 | OP ID DB | | DATE (MM/DD/YY) 04/18/01 |
|---|---|---|---|---|---|---|---|

| PRODUCER | PHONE (A/C, No, Ext): 508-824-8961 | APPLICANT |
|---|---|---|
| DGP-Miles Insurance Agency, Inc 3 School Street  P.O. Box 1018 Taunton MA 02780-0957 David G. Pietro | | (First Named Insured) Toad Hall Corp DBA |

| | | EFFECTIVE DATE | EXPIRATION DATE | DIRECT BILL | PAYMENT PLAN | AUDIT |
|---|---|---|---|---|---|---|
| | | 05/20/01 | 05/20/02 | X AGENCY BILL | | |

| CODE: | SUBCODE: | FOR COMPANY USE ONLY |
|---|---|---|

| AGENCY CUSTOMER ID: | 508-880-2734 |
|---|---|

## POLICY INFORMATION

| TRANSACTION TYPE | | LIMIT OF LIABILITY | | RETAINED LIMIT |
|---|---|---|---|---|
| NEW | PROPOSED RETROACTIVE DATE | $ 5000000 | EACH OCCURANCE $ 10000 | |
| X RENEWAL | | $ 5000000 | | |
| EXPIRING POL # XYZ00068210426 | CURRENT RETROACTIVE DATE: | | FIRST DOLLAR DEFENSE | YES X NO |

## PRIMARY LOCATION & SUBSIDIARIES (ACORD 125)

| # | NAME AND LOCATION OF PRIMARY AND ALL SUBSIDIARY COMPANIES (Describe Operations) | ANNUAL PAYROLL | ANN GROSS SALES | FOREIGN GROSS SALES | # EMPL |
|---|---|---|---|---|---|
| | Ocean Street    Hyannis, Ma. | | 100000 | | |
| | Bodick Road    Hyannis, Ma. | | | | |
| | Colony Road    Hyannis, Ma. | | | | |

## UNDERLYING INSURANCE

LIST ALL LIABILITY/COMPENSATION POLICIES IN FORCE TO APPLY AS UNDERLYING INSURANCE

| TYPE | CARRIER/POLICY NUMBER | POLICY EFF DATE | POLICY EXP DATE | LIMITS | | ANNUAL RENEWAL PREMIUM | RATING MOD |
|---|---|---|---|---|---|---|---|
| AUTOMOBILE LIABILITY | Commercial Unio CBXE04053 | 05/20/01 | 05/20/02 | CSL $ 500000 | $ | | |
| | | | | BI $ | $ | | |
| | | | | PD $ | $ | | |
| GENERAL LIABILITY POLICY TYPE [X] OCCUR [ ] CLAIMS MADE | General Star IMA541349 | 05/20/01 | 05/20/02 | EACH OCCURRENCE $ 1000000 | PREM/OPS | | |
| | | | | GENERAL AGGR $ 2000000 | $ | | |
| | | | | PROD & COMP OPS AGGREGATE $ Incl | PRODUCTS | | |
| | | | | PERSONAL & ADV INJURY $ Excl | $ | | |
| | | | | FIRE DAMAGE $ Exc | OTHER | | |
| | | | | MEDICAL EXPENSE $ Exc | $ | | |
| EMPLOYERS LIABILITY | Legion WC50931903 | 07/18/01 | 07/18/02 | EACH ACCIDENT $ 100000 | | $1005.00 | |
| | | | | DISEASE POLICY LMT $ 500000 | | | |
| | | | | DISEASE EACH EMPLOYEE $ 100000 | | | |

## UNDERLYING GENERAL LIABILITY INFORMATION (Explain all "YES" responses)

| 1 | ARE DEFENSE COSTS: | | WITHIN AGGREGATE LIMITS? | | A SEPARATE LIMIT? | | UNLIMITED? | | |
|---|---|---|---|---|---|---|---|---|---|
| 2 | INDICATE THE EDITION DATE OF THE ISO SIMPLIFIED FORM OR SIMILAR FILING FOR THE UNDERLYING COVERAGE: | | | | | | | | |
| 3 | HAS ANY PRODUCT, WORK, ACCIDENT, OR LOCATION BEEN EXCLUDED, UNINSURED OR SELF INSURED FROM ANY PREVIOUS COVERAGE? | | | | | | | YES | NO |
| 4 | FOR CLAIMS MADE, INDICATE RETROACTIVE DATE OF CURRENT UNDERLYING POLICY: | | | | | | | | |
| 5 | FOR CLAIMS MADE, INDICATE ENTRY DATE INTO UNINTERRUPTED CLAIMS MADE COVERAGE: | | | | | | | | |
| 6 | FOR CLAIMS MADE, WAS "TAIL" COVERAGE PURCHASED FOR ANY PREVIOUS PRIMARY OR EXCESS POLICY? | | | | | YES, EFF. DATE: | | | NO |

CHECK ALL COVERAGES IN UNDERLYING POLICIES. ALSO CHECK IF ANY EXPOSURES ARE PRESENT FOR EACH COVERAGE. PROVIDE AN EXPLANATION IF DIFFERENT LIMITS, EXTENSIONS, OR EXCLUSIONS. EXPLAIN ANY SPECIAL COVERAGES BEYOND STANDARD FORMS.  EXPLAIN ALL EXPOSURES

| CHECK IF APPROPRIATE | COVERAGE | EXPOSURE | COVERAGE | EXPOSURE |
|---|---|---|---|---|
| X ANY AUTO (SYMBOL 1) | CARE, CUSTODY, CONTROL | | PROFESSIONAL LIABILITY (E&O) | |
| CGL - CLAIMS MADE | EMPLOYEE BENEFIT LIABILITY | | VENDORS LIABILITY | |
| X CGL - OCCURRENCE | FOREIGN LIABILITY/TRAVEL | X | WATERCRAFT LIABILITY | X |
| COVERAGE    EXPOSURE | GARAGEKEEPERS LIABILITY | | | |
| AIRCRAFT LIABILITY | INCIDENTAL MEDICAL MALPRACTICE | | | |
| AIRCRAFT PASSENGER LIABILITY | LIQUOR LIABILITY | | | |
| ADDITIONAL INTERESTS | POLLUTION LIABILITY | | | |

UNDERLYING INSURANCE COVERAGE INFORMATION (INCLUDE ALL RESTRICTIONS, E.G. LASER ENDORSEMENTS, DISCRIMINATION, SUBROGATION WAIVERS, OR EXTENSIONS OF COVERAGE - ATTACH SEPARATE SHEET IF NECESSARY)

PREVIOUS EXPERIENCE: (GIVE DETAILS OF ALL LIABILITY CLAIMS EXCEEDING $10,000 OR OCCURRENCES THAT MAY GIVE RISE TO CLAIMS, DURING THE PAST 5 YEARS, WHETHER INSURED OR NOT. SPECIFY DATE, COVERAGE, DESCRIPTION, AMOUNT PAID, AMOUNT OUTSTANDING)

NO SUCH CLAIMS

ACORD 131 (1/96)    ATTACH TO APPLICANT INFORMATION AND COMMERCIAL LIABILITY SECTIONS    ©ACORD CORPORATION 1996

APR-18-01 WED 12:10    SOV    FAX NO. 5085392410    P.05

APR-18-2001  08:56    DGP MILES INS AGENCY    508 880 2734   P.05/05

CARE, CUSTODY, CONTROL    TOADH-1

| LOC | PROPERTY TYPE | VALUE | A* | B* | C* | D* | SQ FT OF BLDG OCC | OCCUPANCY / DESCRIPTION OF PERSONAL PROPERTY |
|---|---|---|---|---|---|---|---|---|
| | REAL | | | | | | | |
| | PERSONAL | | | | | | | |
| | REAL | | | | | | | |
| | PERSONAL | | | | | | | |
| | REAL | | | | | | | |
| | PERSONAL | | | | | | | |

*APPLICANT: [A] IS HELD HARMLESS IN THE LEASE, [B] HAS A WAIVER OF SUBROGATION, [C] IS A NAMED INSURED IN THE FIRE POLICY, [D] OTHER (specify)

**ADDITIONAL EXPOSURES**

| EXPLAIN ALL "YES" RESPONSES, PROVIDE OTHER INFORMATION REQUIRED | YES | NO | EXPLAIN ALL "YES" RESPONSES, PROVIDE OTHER INFORMATION REQUIRED | YES | NO |
|---|---|---|---|---|---|
| ADVERTISERS LIABILITY | | | POLLUTION LIABILITY        EPA#: | | |
| 1. MEDIA USED:              ANNUAL COST: $ | | | 20. DO CURRENT OR PAST PRODUCTS, OR THEIR COMPONENTS, CONTAIN HAZARDOUS MATERIALS THAT MAY REQUIRE SPECIAL DISPOSAL METHODS? | | |
| 2. ARE SERVICES OF AN ADVERTISING AGENCY USED? | | | | | |
| 3. ANY COVERAGE PROVIDED UNDER AGENCY'S POLICY? | | | 21. INDICATE THE COVERAGES CARRIED: | | |
| AIRCRAFT LIABILITY | | | | GL WITH STANDARD ISO POLLUTION EXCLUSION | |
| 4. DOES APPLICANT OWN/LEASE/OPERATE AIRCRAFT? | | | | GL WITH STANDARD SUDDEN & ACCIDENTAL ONLY | |
| AUTO LIABILITY | | | | GL WITH POLLUTION COVERAGE ENDORSEMENT | |
| 5. ARE EXPLOSIVES, CAUSTICS, FLAMMABLES OR OTHER DANGEROUS CARGOS HAULED? | | | | SEPARATE POLLUTION COVERAGE | |
| 6. ARE PASSENGERS CARRIED FOR A FEE? | | | PRODUCT LIABILITY | | |
| 7. ANY UNITS NOT INSURED BY UNDERLYING POLICIES? | | | 22. ARE MISSILES, ENGINES, GUIDANCE SYSTEMS, FRAMES OR ANY OTHER PRODUCT USED / INSTALLED IN AIRCRAFT? | | |
| 8. ARE ANY VEHICLES LEASED OR RENTED TO OTHERS? | | | 23. ARE FOREIGN PRODUCTS DISTRIBUTED IN U.S.? | | |
| 9. ARE HIRED AND NON/OWNED COVERAGES PROVIDED? | | | 24. ARE U.S. PRODUCTS SOLD/DISTRIBUTED IN FOREIGN COUNTRIES? | | |
| CONTRACTORS LIABILITY | | | 25. PRODUCT LIABILITY LOSS IN LAST 3 YEARS? (SPECIFY) | | |
| 10. IS BRIDGE, DAM, OR MARINE WORK PERFORMED? | | | 26. GROSS SALES FROM EACH OF LAST 3 YEARS: | | |
| 11. DESCRIBE TYPICAL JOBS PERFORMED (ATTACH SEPARATE SHEETS): | | | $           $           $ | | |
| | | | PROTECTIVE LIABILITY | | |
| 12. DESCRIBE AGREEMENT (ATTACH SEPARATE SHEETS): | | | 27. DESCRIBE INDEPENDENT CONTRACTORS (ATTACH SEPARATE SHEETS): | | |
| 13. DOES APPLICANT OWN, RENT, OR OTHERWISE USE CRANES? | | | | | |
| 14. DO SUBCONTRACTORS CARRY COVERAGES OR LIMITS LESS THAN APPLICANT? | | | WATERCRAFT LIABILITY | | |
| EMPLOYERS LIABILITY | | | 28. DOES APPLICANT OWN OR LEASE WATERCRAFT? | | |
| 15. IS APPLICANT SELF-INSURED IN ANY STATE? | | | # OWNED        LENGTH        HORSEPOWER | | |
| 16. SUBJECT TO:   JONES ACT   FELA   STOP GAP   OTHER: | | | | | |
| INCIDENTAL MALPRACTICE LIABILITY | | | APARTMENTS / CONDOMINIUMS / HOTELS / MOTELS | | |
| 17. IS A HOSPITAL OR FIRST AID FACILITY MAINTAINED? | | | # STORIES   # UNITS   # SWIMMING POOLS   # DIVING BOARDS | | |
| 18. ARE COVERAGES PROVIDED FOR DOCTORS / NURSES? | | | | | |
| 19. INDICATE # OF DOCTORS:   NURSES:   BEDS: | | | | | |

**REMARKS**                **VEHICLES**

| | TYPE | # OWNED | # NON OWNED | # LEASED | PROPERTY HAULED | 0-50 MI | 50-200 MI | OVER 200 MI |
|---|---|---|---|---|---|---|---|---|
| | PRIVATE PASSENGER | 1 | | | | | | |
| TRUCKS | LIGHT | 1 | | | | | | |
| | MEDIUM | | | | | | | |
| | HEAVY | | | | | | | |
| | EX HEAVY | | | | | | | |
| TRUCKS/ TRACTORS | HEAVY | | | | | | | |
| | EX HEAVY | | | | | | | |
| | BUSES | 1 | | | | | | |

APPLICABLE ONLY IN LOUISIANA, NEW MEXICO, OHIO, TENNESSEE AND VERMONT:

I ACKNOWLEDGE THAT UNINSURED MOTORISTS (UM) COVERAGE HAS BEEN EXPLAINED TO ME, AND I HAVE BEEN OFFERED THE OPTION OF SELECTING UM LIMITS EQUAL TO MY LIABILITY LIMITS, UM LIMITS LOWER THAN MY LIABILITY LIMITS, OR TO REJECT UM COVERAGE ENTIRELY.

1. I SELECT UM LIMITS INDICATED IN THIS APPLICATION. _____ (INITIALS)   OR   2. I REJECT UM COVERAGE IN ITS ENTIRETY. _____ (INITIALS)

| IMPORTANT | APPLICANT'S SIGNATURE | DATE |
|---|---|---|
| THE STATEMENTS (ANSWERS) GIVEN ABOVE ARE TRUE AND ACCURATE. THE APPLICANT HAS NOT WILLFULLY CONCEALED OR MISREPRESENTED ANY MATERIAL FACT OR CIRCUMSTANCE CONCERNING THIS APPLICATION. THIS APPLICATION DOES NOT CONSTITUTE A BINDER. | | |

ACORD 131 (1/96)

TOTAL P.05

# S A M P L E

## Watercraft Exclusion - 178819 03  98
Umbrella and Excess Liability Policy Amendment

The policy does not apply to any liability arising out of the ownership, maintenance, opera-
tion, use, entrustment to others, loading or unloading of any watercraft.

All other terms and conditions of the policy remain unchanged.

This Form must be attached to Change Endorsement when issued after the policy is written.
One of the **Fireman's Fund Insurance Companies** as named in the policy

Secretary                                           President

178819 3-98

# SAMPLE

## SERVICE OF PROCESS
### Transmittal Memo

To:     Laura Houlihan
        Chicago

MAR 7  2005

From:   Karin Carmin
Date:   03/11/2005
Re:     Kinsella, Joseph A. etc , et al vs. Insurance Company o North America et al
        (FFIC)

The following document was received in our office on  03/08/2005:
        letter, Summons, Complaint

Claim No:  B005L04158888 (HCO 359)

Notes:
 Laura,
This goes to Excess Claims in Chicago

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Case Name:  Kinsella, Joseph A. etc , et al vs. Insurance Company o
            North America et al (FFIC)

Jurisdiction:
        State: MA
        Court: U.S. District Court

Document Title: letter, Summons, Complaint
Date Received: 03/08/2005                    Method of Service:   Hand served
Service Accepted By: MA DOI                  Reviewed/Routed by:  Karin Carmin
Person routed to: Laura Houlihan             Department routed to:  Chicago
                                             Date Routed:  03/11/2005

Claim No:  B005L04158888 (HCO 359)

Entered by:  Karin A Carmin 03/11/2005

IF THE ATTACHED DOCUMENT HAS BEEN IMPROPERLY ROUTED TO YOUR DEPARTMENT OR YOU DON'T KNOW
HOW TO HANDLE PROCESSING THE ATTACHED DOCUMENT, PLEASE CALL Karin Carmin AT 415-899-2134.

**CT** CORPORATION
A WoltersKluwer Company

**TO:**    Karin A. Carmin
Fireman's Fund Insurance Company
General Counsel's Department, 777 San Marin Drive
Novato, CA, 94998

**RE:**    **Process Served in Massachusetts**

**FOR:**   Fireman's Fund Insurance Company  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joseph A. Kinsella, Pltf. Vs Fireman's Fund Insurance Company, Deft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint in a civil case. |
| **COURT/AGENCY:** | United States District Court, Massachusetts, MA<br>Case # 05 10232NMG |
| **NATURE OF ACTION:** | Wrongful Death - Other - Negligence resulting in personal injury leading to death. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 03/10/2005 postmarked on 03/09/2005 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Days |
| **ATTORNEY(S) / SENDER(S):** | David E. Lurie, Esq.<br>Lurie & Krupp, LLP<br>1 McKinley Square<br>Boston, MA, 02109<br>212-233-9395 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 790451968526 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Dahrlena Mitchell<br>101 Federal Street<br>Boston, MA, 02110<br>617-757-6400 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.



**COMMONWEALTH OF MASSACHUSETTS**
**Office of Consumer Affairs and Business Regulation**
**DIVISION OF INSURANCE**
One South Station • Boston, MA 02110-2208
617-521-7794• FAX (617) 521-7475
Springfield Office (413) 785-5526
TTY/TDD (617) 521-7490
http://www.state.ma.us/doi

MITT ROMNEY
GOVERNOR

KERRY HEALEY
LIEUTENANT GOVERNOR

BETH LINDSTROM
DIRECTOR, CONSUMER AFFAIRS
AND BUSINESS REGULATION

JULIANNE M. BOWLER
COMMISSIONER OF INSURANCE

March 8, 2005

FIREMAN'S FUND INSURANCE COMPANY
c/o CT Corporation System
101 Federal Street
Boston, MA 02110

To Whom It May Concern:

Enclosed please find legal process served upon the Commissioner of Insurance as attorney for a foreign company as provided for in Massachusetts General Laws, c. 175, §154 and §151(3).

Sincerely,

Yvonne K. Torres
Administrative Assistant
Legal Division

Enclosure(s)

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF  Massachusetts _____

Joseph A. Kinsella, as Administrator,
et al.

### SUMMONS IN A CIVIL CASE

V.

Insurance Company of North America, et al.

CASE NUMBER:

05  10232 NMG

TO: (Name and address of defendant)

Fireman's Fund Insurance Company

A TRUE COPY ATTEST

John Goluto

Process Server & Disinterested Person

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

David E. Lurie, Esq.
Lurie & Krupp, LLP
1 McKinley Square
Boston, MA 02109

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

TONY ANASTAS

CLERK

FEB - 4 2005

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -4 I P 3: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

Joseph A. Kinsella, as Administrator and
personal representative of the Estate of
Katherine Kinsella, and Joseph A. Kinsella,
individually and on behalf of all distributees of
Katherine Kinsella, deceased,

Plaintiffs,

v.

Insurance Company of North America, General
Star Indemnity Company, Fireman's Fund
Insurance Company, Wyman Charter Corp.,
Michael P. Wyman, Joseph Jay Shore, Cord
Mitchell Shore, Caralyn Shore and Toad Hall
Corp.,

Defendants.

Civil Action No.:

## 05 · 10232 NMG

**COMPLAINT**

---

Plaintiff, Joseph A. Kinsella, as Administrator and personal representative of the

Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all

distributees of Katherine Kinsella, deceased, by their attorneys, Lurie & Krupp, LLP and

Friedman & James LLP, allege as follows:

**Nature of Action:**

1.    This is a declaratory judgment action to determine available insurance

coverage to indemnify plaintiffs as a result of the tragic death of plaintiffs' decedent Katherine

Kinsella on or about July 22-23, 2001.

**Jurisdiction and Venue:**

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the claims

asserted herein are between citizens of different states and the amount in controversy, exclusive

of interest and costs, exceeds the sum or value of $75,000.

3.      This action is also filed under and pursuant to the Federal Declaratory

Judgment Act, 28 U.S.C. § 2201.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(a) in that a

substantial part of the events giving rise to the claim occurred in this District.

**The Parties:**

5.      Plaintiffs' decedent, Katherine Kinsella, was at all relevant times a citizen

of the Republic of Ireland.

6.      Plaintiff Joseph A. Kinsella, as Administrator and personal representative

of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all

distributees, was and still is a citizen and resident of the Republic of Ireland along with all

distributees.

7.      Defendant Insurance Company of North America was and still is a

corporation organized under and existing pursuant to the laws of the Commonwealth of

Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

8.      Defendant General Star Indemnity Company was and still is a corporation

organized under and existing pursuant to the laws of the State of Connecticut, with its principal

place of business located in Connecticut.

2

9. Defendant Fireman's Fund Insurance Company was and still is a corporation organized under and existing pursuant to the laws of the State of California, with its principal place of business located in New York.

10. Defendant Wyman Charter Corp. was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts with its office and principal place of business located at 66 Channel Point Road, Hyannis, Massachusetts.

11. Defendant Michael P. Wyman was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

12. Defendant Joseph Jay Shore was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

13. Defendant Cord Mitchell Shore was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

14. Defendant Caralyn Shore was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

15. Defendant Toad Hall Corp. was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts with its office and principal place of business located at 316 Sea Street, Hyannis, Massachusetts.

**The Alleged Accident:**

16. On or about July 22, 2001, plaintiff's decedent, Katherine Kinsella, boarded the Motor Vessel ("M/V") "Sea Genie II" as a passenger within the Commonwealth of Massachusetts.

17. On or about July 22, 2001, the M/V "Sea Genie II" was owned by Wyman Charter Corp.

3

18. On or about July 22, 2001, Joseph Shore was employed by Wyman Charter Corp. as master of the M/V "Sea Genie II."

19. On or about July 22, 2001, Cord Mitchell Shore was employed by Wyman Charter Corp. as an agent, employee and/or seaman on board the M/V "Sea Genie II."

20. On or about July 22, 2001, plaintiffs' decedent Katherine Kinsella gained access to the M/V "Sea Genie II" through Toad Hall Corp.

21. On or about July 22, 2001, plaintiffs' decedent Katherine Kinsella was caused to fall overboard from the Motor Vessel "Sea Genie II."

22. As a result thereof, plaintiffs' decedent Katherine Kinsella was caused to sustain severe personal injuries and endure prolonged pain and suffering, ultimately resulting in her death by drowning within the territorial waters of the Commonwealth of Massachusetts.

**The Underlying Action (Lawsuit)**

23. Plaintiffs have filed a lawsuit against Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore, Toad Hall Corp., Ian McColgin, the Motor Vessel "Sea Genie II," *in rem* and the Sailing Vessel "Granuaile," *in rem*, in the United States District Court for the District of Massachusetts, Civil Action Number 04-11615 (hereinafter the "Underlying Action"), seeking recovery for personal injuries and wrongful death arising from the death of Katherine Kinsella.

24. Plaintiffs have asserted, in the Underlying Action, causes of action sounding in negligence against Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore, Toad Hall Corp., Ian McColgin, the Motor Vessel "Sea Genie II," *in rem* and the Sailing Vessel "Granuaile," *in rem*.

4

## The Insurance Policies

25.     On the date of the accident alleged in the Underlying Action, Wyman

Charter Corp., as owner of the M/V "Sea Genie II" and the M/V "Sea Genie II" were insured by

defendant Insurance Company of North America under policy number HU-200381.

26.     On the date of the accident alleged in the Underlying Action, Toad Hall

Corp. was insured by defendant General Star Indemnity Company under policy number

IMA641349B.

27.     On the date of the accident alleged in the Underlying Action, Toad Hall

Corp. was insured by defendant Fireman's Fund Insurance Company under policy number XYZ-

000-8453-5806.

### Cause of Action for Declaratory Judgment

28.     Plaintiffs repeat each and every allegation contained in paragraphs 1

through 27 of the Complaint as if set forth fully at length herein.

29.     The aforementioned insurance policies, or any of them, obligate the

defendants, or any of them, to indemnify plaintiffs in any legal action brought against Wyman

Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore and/or

Toad Hall Corp., and to pay such costs of defense, including attorney's fees, if the claims

asserted by the claimant give rise to coverage under the policy(ies).

30.     The facts as asserted herein and in the Underlying Action give rise to a

duty upon defendants herein to defend and indemnify.

31.     Upon information and belief, the named insureds, by and through counsel,

have given defendants notice of its/their duty to defend and indemnify in the Underlying Action.

5

32. Defendants have rejected the tender of defense and have refused to defend and indemnify the named insureds.

33. There is an actual controversy existing between plaintiffs and defendants, and more particularly, as to the obligations of these defendants relative to the rights and obligations under the insurance policies and the Underlying Action and plaintiffs thus request and require a declaration of rights and obligations by this Court pursuant to applicable provisions of law relative to declaratory judgments.

34. All parties named in the Underlying Lawsuit and all other known parties with a potential interest in the subject matter of this declaratory judgment action have been/will be served with this complaint for the purpose of placing them on notice of plaintiffs' request for a declaration of rights before this Court so that all such parties who are or may be affected by any judgment rendered herein may have notice thereof.

35. The plaintiffs have no adequate remedy at law.

**WHEREFORE**, plaintiffs Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, demand judgment against defendants, or any of them, declaring that defendants, or any of them, owe indemnity for any findings of liability or damages against Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore and/or Toad Hall Corp. which may issue in the Underlying Action, together with interest and the costs and disbursements of maintaining this action, along with such other and further relief as the Court deems just and proper.

Dated: February 1, 2005

Joseph A. Kinsella, as Administrator and
personal representative of the Estate of
Katherine Kinsella, and Joseph A. Kinsella,
individually and on behalf of all distributees
of Katherine Kinsella,

By their attorneys,

David E. Lurie, BBO # 542030
Thomas E. Lent, BBO #
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109
(617) 367-1970
(617) 367-1971 (facsimile)


Of Counsel, and

Andrew V. Buchsbaum
Friedman & James LLP
132 Nassau Street
New York, NY 10038
(212) 233-9385
(212) 619-2340 (facsimile)

UNITED STATES POSTAGE

$ 00.83⁰
02 1A  V4P-09 2005
MAILED FROM ZIP CODE 02

COMMONWEALTH OF MASSACHUSETTS
DIVISION OF INSURANCE
ONE SOUTH STATION
BOSTON, MASS 02110

FIREMAN'S FUND INSURANCE COMPANY
c/o CT Corporation System
101 Federal Street
Boston, MA  02110

02110+1817  15

60% RECYCLED PAPER
30% POST-CONSUMER

# Member–Agencies, Inc.

# Fax

| To: | **Fireman' Fund Claims** | From: | Lori H Rice |
|---|---|---|---|
| **Fax:** | 800-511-3720 | **Fax:** | 845-496-0590 |
| **Phone:** | 888-347-3428 | **Phone:** | 845-497-7317 |
| **Date:** | 8/5/2004 | **Pages:** | 18 |

**Subject:**  Toad Hall Corp dba Harbor Parking #XYM76299130

**Notes:**  Please process the attached loss notice and suit papers for the above account.

Note: This claim has also been submitted to: Michael P. Wyman/Fireman's Fund Umbrella policy #NZE2859334, Boston-Wyman/Athena Assurance Co. Umbrella policy #900BA6161, Wyman Yacht/Commercial Union/One Beacon GL policy #CBJJ02237, and Toad Hall Corp dba Harbor Parking/General Star Indemnity GL policy #IMA641349B

AUG-04-2004  08:23    DGP MILES INS AGENCY                    508 880 2734    P.02

## ACORD.  GENERAL LIABILITY NOTICE OF OCCURRENCE/CLAIM          08/03/04

| | |
|---|---|
| **IROQUOIS OF NEW ENGLAND** P.O. BOX 387 WASHINGTONVILLE, NY 10992 845-497-7317. FAX 845-496-0590 lori@irogne.com | |

**DATE OF OCCURRENCE AND TIME**

**NOTICE OF CLAIM** 07/22/01

**EFFECTIVE DATE** 05/20/01   **EXPIRATION DATE** 05/20/02

**COMPANY** Firemens Fund

**POLICY NUMBER** XYZ84535906

**INSURED**

NAME AND ADDRESS

Toad Hall Corp DBA
Harbor Parking
1419 Commonwealth Avenue
West Newton MA 02165

**RESIDENCE PHONE (A/C, No)** 61 796-4141

**BUSINESS PHONE (A/C, No, Ext)** 508 775-1418

**CONTACT**

NAME AND ADDRESS
Caroline/Joe Shore

**RESIDENCE PHONE (A/C, No)**

**BUSINESS PHONE (A/C, No, Ext)** 617 964-1418

**OCCURRENCE**

**LOCATION OF OCCURRENCE**

**DESCRIPTION OF OCCURRENCE** UMDR/Estate of Katherine Kinella - Fatality -- Boat collision causing claimant to fall overboard and drown.

**POLICY INFORMATION**

| GENERAL AGGREGATE | PRODUCOMP OR AGG | PERS & ADV INJ | EACH OCCURRENCE | FIRE DAMAGE | MEDICAL EXPENSE | DEDUCTIBLE |
|---|---|---|---|---|---|---|
| | | | LIMIT 5000000.00 | | | |

**TYPE OF LIABILITY**

**INJURED/PROPERTY DAMAGED**

**NAME & ADDRESS** Estate of Katherine Kinsell c/o Mintz, Levin, Cohn, Ferris etc. Boston MA 02111

**PHONE (A/C, No, Ext)** 617 542-6000

**DESCRIBE INJURY** Drowning

X FATALITY

**WITNESSES**

**REMARKS** Please assign.  **Fatality/Suit papers attached.

**REPORTED BY** Mike Wyman    **REPORTED TO** Patricia A. Amaral

**SIGNATURE OF PRODUCER** David G. Pietro

ACORD 3 (2002/01)    NOTE: IMPORTANT STATE INFORMATION ON REVERSE SIDE    © ACORD CORPORATION 1993

Case 1:05-cv-10232-NMG    Document 45-3    Filed 08/04/2005    Page 15 of 50
From: Michael J Rice  8454960590  To: Fax#18005113720                    Date: 8/5/2004 Time: 2:41:36 PM

Page 3 of 18

AUG-04-2004  08:23      DGP MILES INS AGENCY                508 880 2734    P.03

AO 440 (Rev. 10/83) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

Joseph A. Kinsella, as Administrator and personal
representative of the Estate of Katherine Kinsella, and
Joseph A. Kinsella, individually and on behalf of all
distributees of Katherine Kinsella, deceased,

v.

Wyman Charter Corp., Michael P. Wyman, Joseph Jay
Shore, Cord Mitchell Shore, Caralyn Shore, Toad Hall Corp.,
Ian McColgin, the Motor Vessel "Sea Genie II," her engines,
tackle and appurtenances, in rem, the Sailing Vessel
"Granuaile," her engines, tackle and appurtenances, in rem,

## SUMMONS IN A CIVIL CASE

CASE NUMBER: #
04  11615 NMG

7/27/04

A TRUE COPY ATTEST

*Thomas C. Hgly*

Process Server & Disinterested Person

To:    ~Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn
       Shore, Toad Hall Corp., Ian McColgin, the Motor Vessel "Sea Genie II," her engines, tackle and
       appurtenances, in rem, the Sailing Vessel "Granuaile," her engines, tackle and appurtenances,
       in rem

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Sarah B. Herlihy (BBO# 640531)
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded
in the complaint. You must file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

_(signature)_

(BY) DEPUTY CLERK

JUL 20 2004

DATE



From: Michael J Rice 8454960590 To: Fax#18005113720

AUG-04-2004  08:24        DGP MILES INS AGENCY                    508 000 2734    P.04

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

Joseph A. Kinsella, as Administrator and
personal representative of the Estate of
Katherine Kinsella, and Joseph A. Kinsella,
individually and on behalf of all distributees of
Katherine Kinsella, deceased,

        Plaintiffs

        v.

Wyman Charter Corp., Michael P. Wyman,
Joseph Jay Shore, Cord Mitchell Shore,
Caralyn Shore, Toad Hall Corp., Ian
McColgin, the Motor Vessel "Sea Genie II,"
her engines, tackle and appurtenances, in rem,
the Sailing Vessel "Granuaile," her engines,
tackle and appurtenances, in rem,

        Defendants.

Civil Action No.: **04   11615 NMG**

### COMPLAINT & JURY DEMAND

## PLAINTIFFS DEMAND TRIAL BY JURY
## ON ALL CLAIMS

Plaintiff, Joseph A. Kinsella, as Administrator and personal representative of the

Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all

distributees of Katherine Kinsella, deceased, by their attorneys, Mintz, Levin, Cohn, Ferris,

Glovsky and Popeo, P.C. and Friedman & James LLP, allege as follows:

<u>Nature of Action</u>:

    1.    This action seeks recovery for maritime personal injuries and wrongful

death as a result of the tragic death of Katherine Kinsella on or about July 22-23, 2001 while a

passenger on board the Motor Vessel "Sea Genie II" subsequent to its collision with the Sailing

Vessel "Granuaile" within the territorial waters of the Commonwealth of Massachusetts.

From: Michael J·Rice 8454960590 To: Fax#18005113720

AUG-04-2004  08:24        DGP MILES INS AGENCY                    508 880 2734      P.05

## Jurisdiction and Venue:

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the claims asserted herein are between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

3.      This Court also has jurisdiction pursuant to the admiralty and maritime jurisdiction of the United States pursuant to 28 U.S.C. § 1333.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events giving rise to the claim occurred in this District.

## The Parties:

5.      Plaintiffs' decedent, Katherine Kinsella, was at all relevant times a citizen of the Republic of Ireland.

6.      Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all distributees, was and still is a citizen and resident of the Republic of Ireland along with all distributees.

7.      Defendant Wyman Charter Corp. was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts with its office and principal place of business located 66 Channel Point Road, Hyannis, Massachusetts.

8.      Defendant Michael P. Wyman was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

9.      Defendant Joseph Jay Shore was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

2



**Donald W. Willig**
09/27/2004 02:14 PM

To:      MWRCLAIMSRECORDS
cc:
Subject:  400L03018636

Please pull-file possibly in archives. Thanks.

# BARRON & STADFELD, P.C.

BERNARD A. DWORK
ENIO M. STARR
THOMAS V. BENNETT
EDWARD E. KELLY
KEVIN F. MOLONEY
DAVID P. DWORK
JULIE T. MORAN *(NY)
ROBERT J. HOFFER
JOSEPH G. BUTLER *(MOI *(RI)
DENISE L. PAGE
ROSEMARY PURTELL
KERRY PAUL-CHOI
JOHN K. BRITT
SHAWN P. O'ROURKE *(NH)
ROGER T. MANWARING
KEVIN P. SCANLON *(NH)
TERESA C. SCIBELLI
KELLY A. FLYNN *(NY)
SANDY PESIRIDIS BOTELHO
BENJAMIN S. KAFKA
RACHEL O. BAIME
ADAM M. BERKOWITZ
*ALSO ADMITTED

ATTORNEYS AT LAW
50 STANIFORD STREET
SUITE 200
BOSTON, MASSACHUSETTS 02114-2505
(617) 723-9800
(800) 433-3530
FACSIMILE: (617) 523-8359

BARRON@BARRONSTAD.COM

HERTZ N HENKOFF
ELLIOTT J. MAHLER
WILKINS AND DeYOUNG
OF COUNSEL

LEO DUNN (1920-1990)

CAPE COD OFFICE
258 WINTER STREET
HYANNIS, MASSACHUSETTS 02601
(508) 778-6622

DIRECT DIAL NUMBER:

(617) 531-6560

May 22, 2003

Donald W. Willig
233 S. Wacker
20th Floor
Chicago, IL 60606

| Re: | Your Insured: | **Toad Hall/Harbor Parking** |
|-----|---------------|------------------------------|
|     | **Claim No.:** | **40003018636** |

Dear Mr. Willig:

As per your request I am enclosing herewith a copy of my letter of claim to General Star Insurance. As indicated, they had earlier notice in or about November, 2001. Please let me know if there is any more I can provide at this date. Thank you.

Very truly yours,

BARRON & STADFELD, P.C.

EDWARD E. KELLY

EEK:jc
Enclosure(s)

# BARRON & STADFELD, P.C.

ATTORNEYS AT LAW

50 STANIFORD STREET

SUITE 200

BOSTON, MASSACHUSETTS 02114-2505

(617) 723-9800

(800) 433-3530

TELECOPIER: (617) 523-8359

BARRON@BARRONSTAD.COM

BERNARD A. DWORK
ENID M. STARR
THOMAS V. BENNETT
EDWARD E. KELLY
KEVIN F. MOLONEY
DAVID P. DWORK
JULIE T. MORAN *INT*
ROBERT J. HOFFER
JOSEPH G. BUTLER *IMD* *RI*
DENISE L. PAGE
ROSEMARY PURTELL
KERRY PAUL CHOI
JOHN K. BRITT
SHAWN P. O'ROURKE *INH*
ROGER T. MANWARING
KEVIN P. SCANLON *INH*
TERESA C. SCIBELLI
KIMBERLEY A. RAIMONDO
KELLY A. FLYNN *INT*
SANDY PESIRIDIS BOTELHO
BENJAMIN S. KAFKA
RACHEL D. BAIME
ADAM M. BERKOWITZ
*ALSO ADMITTED

HERTZ N. HENKOFF
ELLIOTT J. MAHLER
WILKINS AND DEYOUNG
OF COUNSEL

LEO DUNN (1920-1990)

CAPE COD OFFICE
258 WINTER STREET
HYANNIS, MASSACHUSETTS 02601
(508) 778-6622

(617) 531-6560 DIRECT DIAL NUMBER

May 1, 2003

**VIA CERTIFIED MAIL – RETURN RECEIPT
AND REGULAR MAIL**

General Star Indemnity Company Claims Department
Financial Center
P.O. Box 10354
Stamford, CT 06904-2354

> **Re:  Your Insured:   Toad Hall Corp. d/b/a Harbor Parking**
> **Policy No.:   IMA641349A**
> **Policy Period:   5/20/2001 – 5/20/2002**
> **Date of Loss:   July 22, 2001**
> **Claimant:   Estate of Catherine Kinsella**

Dear Sirs:

This letter is sent as confirmation of earlier notice provided to you of a <u>potential</u> claim which could be made under the above policy regarding the estate of Catherine Kinsella who died on July 22, 2001 in Hyannis, Massachusetts. To date there has been no direct claim against your insured Toad Hall Corp. d/b/a Harbor Parking. Notice is however given in the event that a claim should be made in the future.

As indicated, notice of this potential claim was earlier provided by telephone to your employee Mike Somo, who is believed commenced an investigation.

Ms. Kinsella fell overboard on a boat known as the Sea Genie II in Hyannis harbor and drowned. She was an Irish National. The boat was owned by an entity known as Wyman Charter Corp. Many of the passengers on the boat were employees of your insured Toad Hall having a "staff party." Ms. Kinsella did <u>not work</u> for Toad Hall but

BARRON & STADFELD, P.C.

General Star Indemnity Company Claims Department
May 1, 2003
Page 2

had purchased a ticket through representatives of Toad Hall. Claim has already been made on behalf of Ms. Kinsella against Wyman Charter Corp.

Notice is given to activate any and all coverages available under the above-referenced policy for Toad Hall and its employees. For further information please contact this office at the above address.

Very truly yours,

Toad Hall d/b/a Harbor Parking,

By its attorneys,

BARRON & STADFELD, P.C.

EDWARD E. KELLY

EEK:jc
cc:    Carolyn Shore
[256779]



7002 2410 0003 8373 3711

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com™

OFFICIAL USE

Postage    $ 442

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees    $ 442

Sent To
Graca Star Indemnity Co.
Street, Apt. No.;
or PO Box No.   P. O. Box 103 54
City, State, ZIP+4   Stamford
CT 06904-2354

PS Form 3800, June 2002        See Reverse for Instructions

> > > > > > > > ATLAS INSTRUCTIONS < < < < < < <

Loss Matched To Policy?     Y     N

Send To:
Or Refer To:                    *254*                    Office:
Rep/CA:                                                  Fax To:
                                                         Supv:     *260*

Type: S (B) H/Assign Clm. Off: *400* Line: A B (C) L/M P S /Yr. *03* /Seq No: *018636*

| POLICY NO: *XYZ 84535806* | DATE OF LOSS: *7-22-01* |
|---|---|

INSURED:     *Harbor Parking*

CLAIMANTS:     *Kinsella Catherine*

| HCO: *400* | CAT: | | FRO/Min:   F     M |
|---|---|---|---|

| Access Location: *640* | Date Claim Made: |
|---|---|

| Diary Loss To: *400 F 260* | Date: | Diary Reason: *30 DAYS* |
|---|---|---|

| Division Code(s):     A/ | /B | /C |
|---|---|---|

~~~~~~~~MAKE UP INSTRUCTIONS~~~~~~~~

| Line Abbr. | Reserve | Limits | Deductible | Circle If Applicable | Suffix |
|---|---|---|---|---|---|
| COL | DVP | 1,000,000 | 250 | 31-Credit to Loss | 001-Yellow |
| AOC | 2511 | 5,000 | 500 | 51-Salvage | 002-Green |
| APD | 7511 | 10,000 | 1,000 | 61-Subrogation | 003-Pink |
| OPD | | ACV | 10,000 | | |
| BPDAM-MI | 500 | | ACV | | |
| IM | | | | | |
| BUR | | | | | |
| INSD VEHICLE STATUS | | | | | |

~~~~~~PLEASE MAKE FILE FOLDER ~~~~~~

COMMENTS:

# BARRON & STADFELD, P.C.

ATTORNEYS AT LAW
50 STANIFORD STREET
SUITE 200
BOSTON, MASSACHUSETTS 02114-2505
(617) 723-9800
(800) 433-3530
TELECOPIER: (617) 523-8359

BARRON@BARRONSTAD.COM

BERNARD A. DWORK
ENID M. STARR
THOMAS V. BENNETT
EDWARD E. KELLY
KEVIN F. MOLONEY
DAVID P. DWORK
JULIE T. MORAN *INY*
ROBERT J. HOFFER
JOSEPH G. BUTLER *IMDI IRII
DENISE L. PAGE
ROSEMARY PURTELL
KERRY PAUL CHOI
JOHN K. BRITT
SHAWN P. O'ROURKE *INHI
ROGER T. MANWARING
KEVIN P. SCANLON *INHI
TERESA C. SCIBELLI
KIMBERLEY A. RAIMONDO
KELLY A. FLYNN *INY*
SANDY PESIRIOIS BOTELHO
BENJAMIN S. KAFKA
RACHEL D. BAIME
ADAM M. BERKOWITZ
*ALSO ADMITTED

HERTZ N. HENKOFF
ELLIOTT J. MAHLER
WILKINS AND DEYOUNG
OF COUNSEL

LEO DUNN (1920-1990)

CAPE COD OFFICE
258 WINTER STREET
HYANNIS, MASSACHUSETTS 02601
(508) 778-6622

May 1, 2003

**VIA CERTIFIED MAIL – RETURN RECEIPT
AND REGULAR MAIL**

Fireman's Fund Insurance Company
Claims Department
P.O. Box 777
Novato, CA 94998

**Re:**  **Your Insured:**   **Toad Hall Corp. d/b/a Harbor Parking**
  **Policy No.:**   **XYZ-000-8453-5806**
  **Policy Period:**   **5/20/2001 – 5/20/2002**
  **Date of Loss:**   **July 22, 2001**
  **Claimant:**   **Estate of Catherine Kinsella**

Dear Sirs:

Notice is hereby given of a potential claim against your insured Toad Hall Corp.
d/b/a Harbor Parking under the above-referenced policy the estate of Catherine Kinsella
who died on July 22, 2001 in Hyannis, Massachusetts. There has not been a direct claim
made against Toad Hall Corp. d/b/a Harbor Parking at this time, however notice is
provided in advance in case such a claim is made.

Ms. Kinsella fell overboard on a boat known as the Sea Genie II in Hyannis
harbor and drowned. She was an Irish National. The boat was owned by an entity
known as Wyman Charter Corp. Many of the passengers on the boat were employees of
your insured Toad Hall having a "staff party." Ms. Kinsella did not work for Toad Hall
but
had purchased a ticket through representatives of Toad Hall. Claim has already been
made on behalf of Ms. Kinsella against Wyman Charter Corp.

BARRON & STADFELD, P.C.

Fireman's Fund Insurance Company
May 1, 2003
Page 2

     Notice is given to activate any and all coverages available under the above-referenced policy for Toad Hall and its employees. For further information please contact this office at the above address.

               Very truly yours,

               Toad Hall d/b/a Harbor Parking,

               By its attorneys,

               BARRON & STADFELD, P.C.

               EDWARD E. KELLY

EEK:jc
cc:   Carolyn Shore
[256784]



**Fireman's Bund®**

May 22, 2003

, Harbor Parking
' 1818 Commonwealth Avenue
: West Newton, Ma. 02165
Attn: Ms. Carolyn Shore

Re: Insured:      Harbor Parking
    Claim:      400 03 018636
    Date of Loss: July 22, 2001
    Claimant:    Catherine Kinsella
    Policy:      XYZ 84535806

Dear Ms. Shore:

This letter is in reference to the above referenced claim which has been forwarded to Fireman's Fund Insurance Company, your excess liability insurance carrier.

Very little substantive information has been provided but this loss does appear to deal with an accidental drowning which occurred when the decedent allegedly fell overboard while on the Sea Genie II in Hyannis, Ma.

This claim has been submitted for consideration of coverage under a Fund Umbrella liability policy number XYZ 84535806, effective May 20, 2001 through May 20, 2002, and providing $5,000,000 per occurrence/aggregate excess liability coverage over the underlying primary policy issued through General Star National Insurance Company with a $1,000,000 limit.

We wish to direct your attention to the Fireman' s Fund policy, form number 5300 3-98, and specifically the Insuring Agreement-Coverage A:

   1. We will pay on behalf of any Insured those sums in excess of Primary Insurance that any Insured becomes legally obligated to pay as damages... Provided that such damages:

      a. Are covered by Primary Insurance;

      b. Arise from injury or damage during our Policy Period; and

      c. Takes place anywhere in the world.

The terms and conditions of Primary Policies apply to Coverage A, unless they are inconsistent with any provision of this policy.

The amount we will pay is limited as described in Limits of Insurance.

To the extent that the primary carrier, General Star National, may accept and provide coverage under its policy of insurance for this claim, the Fireman's Fund Insurance Company may be

similarly obligated. However, Fireman's Fund is entitled to all of the possible coverage defenses available under the General Star primary policy, even if those defenses are not invoked by the primary carrier. Also, such coverage that may be triggered under the Fireman's Fund Coverage A is subject to any exclusionary endorsements under the Fireman's Fund policy. Among those endorsements are found the following:

**Watercraft Exclusion-178819, 3/98**

This policy does not apply to any liability arising out of the ownership, maintenance, operation, use, entrustment to others, loading or unloading of any watercraft.

All other terms and conditions of the policy remain unchanged.

The above endorsement applies to the entire Fireman's Fund policy.

It is also noted that presently no claim or suit has been filed against Harbor Parking. Should a lawsuit be filed, or if you have additional information which you believe may impact upon our coverage determination, please forward such documentation to our office for our further review. However, any future action which may be taken by the Fireman's Fund Insurance Company in reviewing the facts and circumstances surrounding this suit, shall not be held to be an admission, or assumption, of liability by the Fireman's Fund Insurance Company or a waiver of its rights under such policy of insurance to disclaim coverage or to operate by way of estoppel against the assertion of any such rights with respects to you or any other person, firm or corporation.

If a further review of this matter is requested, the Fireman's Fund Insurance Company will proceed to do so only upon the understanding that the Company hereby Reserves the Right at any time to withdraw from such additional review and investigation and to disclaim liability under the policy for the reasons stated above and for such others as may appear, upon giving such advance notice as the circumstances may permit.

Should you have any questions or comments regarding this matter, or should you wish to forward additional material for our consideration, please direct such correspondence to myself.

Sincerely,


Donald W. Willig
General Adjuster
Fireman's Fund Insurance Company
312-441-6388


cc:     Barron & Stadfeld, P.C.
        50 Staniford Street
        Suite 200
        Boston, Ma. 02114
        Attn: Edward E. Kelly, Esq.

Sovereign Group International, Inc.
800 Falmouth Road
Mashpee, MA. 02649

General Star National Insurance Company
695 Main Street
Stamford, Ct. 06901
Attn: Laural Kutzenco
Claim # GS 043971

Declarations                                          THE FUND UMBRELLA®

POLICY NUMBER: **XYZ-000-8453-5806**        **FIREMAN'S FUND INSURANCE COMPANIES**

POLICY PERIOD: FROM **05/20/01**    TO **05/20/02**        Coverage is provided
(12:01 A.M. Standard time at the address        in the following
of the Named Insured as stated herein)        company, a stock company.

**18 THE AMERICAN INSURANCE COMPANY**

NAMED INSURED AND MAILING ADDRESS:
**HARBOR PARKING**
**1418 COMMONWEALTH AVE**
**WEST NEWTON, MA        02165**

In return for the payment of the premium, and subject to all the terms of this
policy, we agree with you to provide the insurance as stated in this policy.

**LIMITS OF INSURANCE**
   **$5,000,000**  Each Occurrence        **$5,000,000**  Aggregate

**PREMIUM**

      Basis of premium:    **Flat charge**

      Advance Premium: **$3,750**      Annual Minimum Premium:  **$3,750**

**SCHEDULE OF PRIMARY INSURANCE**

This schedule is described within Form No. 178300-06-92 which forms a part of
this policy's declarations.

Endorsements attached to and forming a part of this policy at inception:
   178724 03 98
   178726 09 99
   178753 03 98
   178784 03 98
   178819 03 98

| Date of Issue:<br>06/06/2001 | Countersignature of Authorized Agent: |
| --- | --- |

This declarations page is issued in conjunction with and forms a part of
Policy Form 5300 03-1998.

178300-06ᵢ92                    SCHEDULE OF PRIMARY INSURANCE

The schedule of Primary Insurance is completed to read as follows:

---

COMMERCIAL GENERAL LIABILITY

Company:       GENERAL STAR NATIONAL INSURANCE COMPANY
Policy No:     AS ASSIGNED BY COMPANY
Expiration Date: 05/20/2002
                                          LIMITS OF LIABILITY
                                          _____

General Aggregate Limit
    (Other Than Products-Completed Operations)    $2,000,000
Products-Completed Operations Aggregate Limit     $2,000,000
                    Each Occurrence Limit          $1,000,000

---

AUTOMOBILE LIABILITY

Company:       COMMERCIAL UNION INSURANCE COMPANY
Policy No:     AS ASSIGNED BY COMPANY
Expiration Date: 05/20/2002
                                          LIMITS OF LIABILITY
                                          _____

Bodily Injury and Property Damage
                    Combined Single Limit   $1,000,000  Any One Accident

---

EMPLOYER'S LIABILITY

Company:       LUMBERMENS MUTUAL CASUALTY COMPANY
Policy No:     R/O 3BY008324-00
Expiration Date: 07/18/2002
                                          LIMITS OF LIABILITY
                                          _____

                    Bodily Injury by Accident    $100,000   Each Accident
                    Bodily Injury by Disease     $500,000   Policy Limit
                    Bodily Injury by Disease     $100,000   Each Employee

---

GARAGE LIABILITY

Company:       COMMERCIAL UNION INSURANCE COMPANY
Policy No:     R/O CBR630574
Expiration Date: 04/30/2002
                                          LIMITS OF LIABILITY
                                          _____

Each Occurrence Limit                          $1,000,000
Aggregate Limit                                $1,000,000

## EXCESS AND SPECIAL RISK UNDERWRITING SUMMARY

Branch:     New Jersey Field Office                    U/W: ROBERT H HUNTER
Producer:   SOVEREIGN EXCESS, INC.                     New:      Renewal: X

## CUSTOMER INFORMATION:

Name:       HARBOR PARKING
Address:    1418 COMMONWEALTH AVE
            22ND & LEHIGH
City:       WEST NEWTON                      State: MA    Zip Code: 02165

Submission #:  00084535806        Trans. #: 1
Subm. Status:  EXPIRED

## E&SR QUOTE/ISSUANCE DETAIL:

E&SR Form:          XYZ                          Pol/Subm #: XYZ 00084535806
Policy Term:        05/20/2001          To:   05/20/2002
Limits:             $5,000,000 Occ            $5,000,000 Agg
Attachment Point:   Primary
Policy Premium:     $3,750                     Commission:  17.50%
S.I.R.:             NIL                         Audit Basis:

First Knock:                  Excess of Loss:         Pro Rata:

Facultative Description:

## OPERATIONS/EXPOSURE/ANALYSIS & EVALUATION:

3 PARKING LOTS USED BY THE PUBLIC IN HYANNIS , MA FOR SHORT TERM,
WHILE THE CUSTOMERS VISIT THE ISLANDS. THEY PROVIDE A SHUTTLE SREVICE
TO THE BOAT DOCK ON THE WATERFRONT. SIC CODE-7521

Customer Segment: Other

Business Development Unit: New Jersey

Risk ID: X33        Description: AUTO REPAIR, SERVICES & GARAGES

SIC Code: 7521      Description: Automobile parking

Governing Class Name:
    PARKING - PUBLIC - OPEN AIR
GL Class Code: 46604-0        Attachment Point Code:
GL Hazard Symbol: C           PL Hazard Symbol: --     Pollution Group: II
Exposure Base: Sales
Total Exposure: 100,000

Vehicle Use:
ONE PRIVATE PASSENGER VEHICLE AND ONE BUS. THE BUS IS USED TO
TRANSPORT CUSTOMERS FROM THE LOT TO THE FERRY DOCK. THE RADIUS IS LESS
THAN 10 MILES AND THE BUS TRAVELS ON LOCAL STREETS WITHIN THE TOWN

Aircraft:              Watercraft:          Professional Exposures: N
Describe any Aircraft/Watercraft exposures (owned or non-owned) or
any Professional exposures:

home

# CAPE COD TIMES

**Tuesday, May 20, 2003**

news | arts | sports | biz | weather | classifieds | subscribe

**Assistance**
Archive help
Archive fees
Search archives
Recent 7 days
Buy photos

**News**
Business
Entertainment
Local news
Obituaries
Opinion
Sports
Weather

**Features**
Food
Forums
Health
Lottery
Movies
Outdoors
PrimeTime
Weddings

**Marketplace**
Automotive
Classifieds
Dining Guide
Employment
Real Estate
Subscribe

## Cape Cod Times Archives

**Searched for:** kinsella, catherine AND date(all)
**Returned: 10 displays of 21 matches.**
To purchase the full-text of an article, click on the headline link. New
users will be prompted to create an account. Fee details | Archive Help

**Your search results**

### 1.) Records turned over in drowning
**Author:** DAVID KIBBE
**Publish Date:** March 13, 2003
**Word Count:** 428
**Document ID:** 0F9C2A8BD00A3734
BOSTON - The U.S. Attorney's Office has turned over 1,200 pages of
documents to lawyers representing the father and son charged with
manslaughter in the drowning of a 20-year-old Irish woman, who fell from
a chartered party boat in Hyannis Harbor almost two years ago.

Joseph J. Shore, 64, of West Newton, and his son, Mitchell Cord Shore,
37, of Hyannis, were indicted on federal manslaughter charges in
December in the death of Catherine Kinsella, 20, on July 22, 2001. She
was a college

### 2.) 2 indicted crew members from charter face hearing
**Author:** JACK COLEMAN
**Publish Date:** February 8, 2003
**Word Count:** 269
**Document ID:** 0F914B2A0BB49471
BOSTON - Two indicted crew members from the Sea Genie II chartered
party boat are due in U.S. District Court on March 12 for a hearing.

The men, Joseph Shore of Newton and his son, Mitchell Cord Shore of
Hyannis, were on board the 60-ton cabin cruiser on July 22, 2001, when
a young Irish woman fell overboard and drowned.

The victim, Catherine Kinsella, 20, was found to have been drinking, as
were many other underage passengers on the cruise, police said.

Passengers later alleged that

### 3.) Father, son face manslaughter in drowning
**Author:** KAREN JEFFREY and JACK COLEMAN
**Publish Date:** December 18, 2002
**Word Count:** 1020
**Document ID:** 0F802E7CD4526AA1

BOSTON - A father and son who chartered a party boat the night a young
Irish woman fell overboard and drowned were indicted on federal
manslaughter charges yesterday.

Catherine Kinsella, 20, a college student from Baltinglass, County
Wicklow, drowned on July 22, 2001, after falling from the deck of the Sea
Genie II in Hyannis Harbor.

Charged with causing her death are Joseph J. Shore, 64, of West
Newton, and Mitchell Cord Shore, 37, of Hyannis.

The two are accused of ordering crew

### 4.) Report: Boat crew was negligent
**Author:** JACK COLEMAN
**Publish Date:** May 9, 2002
**Word Count:** 1059
**Document ID:** 0F6ABBD05A66217A
HYANNIS - Crew members hid evidence of underage drinking and drug
use on the Sea Genie II last summer before calling the Coast Guard
when a passenger fell overboard, a town hearing officer has concluded.

The crew's delay in reporting Catherine Kinsella missing from the 60-ton
cabin cruiser on the night of July 22 contributed to her death, the newly
released report states.

The highly critical, 27-page document was prepared by Hull Town
Counsel James Lampke. The town of Barnstable

### 5.) When the test fails
**Author:** JACK COLEMAN
**Publish Date:** April 7, 2002
**Word Count:** 2097
**Document ID:** 0F6ABC4EEABC6799
HYANNIS - Several people allege they saw a man smoking marijuana,
yet he passes a drug test the next day.

How can both things be true?

What's more believable, eyewitness accounts or scientific tests done in a
government-certified laboratory?

Just over 80 percent of America's large companies use drug testing for
their employees, and the practice is especially prevalent in the fields of
transportation and public safety. The rate of positive test results is
dropping, mostly

### 6.) Owner gives up marina appeal
**Author:** JACK COLEMAN
**Publish Date:** March 23, 2002
**Word Count:** 1021
**Document ID:** 0F6D072D21EC8C75
HYANNIS - Alleging bias by town officials, the owner of the Sea Genie II
cruise boat withdrew his appeal of the revocation of his town marina
lease.

A 20-year-old Irish student fell from the boat and drowned July 22 during
an evening cruise in Hyannis Harbor. Catherine Kinsella was later
determined to have been drinking that night.

In August, town officials revoked the lease held by Hyannis businessman
Michael Wyman to keep the 60-ton cabin cruiser at Bismore Park off
Ocean

### 7.) Sea Genie had stirred suspicion
**Author:** JACK COLEMAN
**Publish Date:** March 15, 2002
**Word Count:** 1125
**Document ID:** 0F6DAE636F5FC7BD
HYANNIS - Suspicions about the ownership and use of the Sea Genie II

cruise boat drew police attention even before an evening outing last summer that ended with a passenger's drowning, according to town harbor master Daniel Horn.

Horn testified during a public hearing at town hall this week that his suspicions were aroused in early 1999 when Sea Genie II owner Michael Wyman of Hyannis applied for a town-owned boat slip at Bismore Park.

In November 1998, Wyman submitted a bill of sale

## 8.) Passenger on deadly cruise says helmsman smoked pot
**Author:** JACK COLEMAN
**Publish Date:** March 14, 2002
**Word Count:** 1197
**Document ID:** 0F6DAE614C931FC1
HYANNIS - An East Falmouth man testified yesterday that he bought marijuana for - and later smoked the drug with - the crew member at the helm of the Sea Genie II cruise boat on the night last summer that a passenger fell overboard and drowned.

David Crosbie, 20, was questioned during a three-hour hearing at town hall.

The purpose of the hearing was to allow Hyannis businessman Michael Wyman, the owner of the 60-ton boat, to challenge the town's revocation of his use of a town-owned

## 9.) Town wants Sea Genie's financial records
**Author:** JACK COLEMAN
**Publish Date:** December 1, 2001
**Word Count:** 663
**Document ID:** 0F6DA8DF28677BAF
HYANNIS - Barnstable officials want more financial records from the owner of a charter boat involved in a July 22 drowning.

The request was made yesterday during a two-hour hearing at Town Hall for Hyannis businessman Michael Wyman, owner of the 60-foot cabin cruiser Sea Genie II.

Catherine Kinsella, a 20-year-old Irish woman, drowned July 22 after apparently falling off the boat during an evening charter cruise in Hyannis Harbor.

Barnstable police later determined that Kinsella was

## 10.) Federal grand jury to investigate drowning
**Author:** KAREN JEFFREY
**Publish Date:** September 29, 2001
**Word Count:** 421
**Document ID:** 0F7CD616C94BE921

BARNSTABLE - A federal grand jury will look into the death of a young Irish woman who drowned after falling off a party boat in Hyannis Harbor this summer.

Cape and Islands District Attorney Philip A. Rollins announced yesterday that transcripts and other material have been turned over to the U.S. Attorney's office in Boston.

Catherine Kinsella, 20, of County Wicklow, Ireland, was one of several

young people aboard the Sea Genie II on the night of July 22 when it
struck a sailboat

[ View the next 10 items ]

---

• **Technical problems:** If you have technical issues with your Cape Cod
Times archives account, please email capecodtimes@newsbank.com.

• **Billing questions:** For billing questions regarding your account, please
send email to capecodtimes@newsbank.com or phone 1-800-896-5587.

---

Comments and suggestions: news@capecodonline.com or advertising@capecodonline.com
cape cod online | capeweek | primetime | on cape | cape cod times | classifieds
Copyright © Cape Cod Times. All rights reserved.

home **CAPE COD TIMES**  news | arts | sports | biz | weather | classifieds | subscribe
Tuesday, May 20, 2003

Assistance
Archive help
Archive fees
Search archives
Recent 7 days
Buy photos

News
Business
Entertainment
Local news
Obituaries
Opinion
Sports
Weather

Features
Food
Forums
Health
Lottery
Movies
Outdoors
PrimeTime
Weddings

Marketplace
Automotive
Classifieds
Dining Guide
Employment
Real Estate
Subscribe

## Cape Cod Times Archives

**Searched for:** kinsella, catherine AND date(all)
**Returned: 10** displays of **21 matches.**
To purchase the full-text of an article, click on the headline link. New
users will be prompted to create an account. Fee details | Archive Help

**Your search results**

### 11.) Sea Genie slip lease disputed
**Author:** JACK COLEMAN
**Publish Date:** September 5, 2001
**Word Count:** 865
**Document ID:** 0F7CD60BED6BB6E4
HYANNIS - Sea Genie II is run no differently than nearly two dozen other
commercial vessels berthed at town-managed Bismore Park, an attorney
for the boat's owner said yesterday.

Attorney Robert Bianchi spoke for Hyannis businessman Michael
Wyman, who owns the 60-ton cabin cruiser, at a two-hour hearing at
Barnstable Town Hall.

Town officials are investigating whether Wyman violated his lease for the
town boat slip by subletting it to someone else. There is a long waiting list
in

### 12.) Sea Genie lacked license to sell liquor
**Author:** JACK COLEMAN
**Publish Date:** August 27, 2001
**Word Count:** 512
**Document ID:** 0F88D96EE26F3098
HYANNIS - Passengers on the Sea Genie II charter boat have told police
they were served alcoholic beverages last month on the night an Irish
woman fell overboard and drowned, but the boat was not licensed to
serve those beverages, according to the police.

The victim, Catherine Kinsella, 20, was found to have had a blood alcohol
level of 0.128. A level of 0.08 is considered legal intoxication if a person
driving.

Joseph Shore of Hyannis and West Newton, the Sea Genie II's captain

### 13.) Drug tests negative on crew
**Author:** JACK COLEMAN
**Publish Date:** August 15, 2001
**Word Count:** 968
**Document ID:** 0F88D969ED3AFDB1

HYANNIS - Drug tests on the three crew members of the Sea Genie II,
the chartered cabin cruiser involved in a July 22 drowning in Hyannis
Harbor, all turned up negative, according to a lawyer for the owner of the
boat.

Attorney Robert Bianchi, representing Michael Wyman of the Wyman
Charter Corp., said the tests were taken on the morning after Catherine

Kinsella, 20, of Ireland, fell from the deck of the Sea Genie II and drowned.

The grand jury investigation into Kinsella's death

### 14.) Charter boat owner may have violated slip rule
**Author:** JACK COLEMAN
**Publish Date:** August 8, 2001
**Word Count:** 1172
**Document ID:** 0F88D9772A542817
HYANNIS - Barnstable officials are investigating whether the owner of the Sea Genie II violated harbor regulations by subleasing his boat slip to Joseph Shore, who was the captain during a July 22 harbor cruise that ended with the drowning death of an Irish student.

Barnstable Town Manager John C. Klimm confirmed yesterday that he ordered an investigation into whether Hyannis businessman Michael Wyman subleased the use of the boat slip.

"I have ordered an investigation because people

### 15.) Tests show drowning victim was legally drunk on boat
**Author:** KAREN JEFFREY
**Publish Date:** August 2, 2001
**Word Count:** 1128
**Document ID:** 0F88D97176BB8014
BARNSTABLE - A 20-year-old Irish woman who drowned after falling off a charter boat in Hyannis Harbor last month had a blood alcohol level higher than the legal limit for driving.

Catherine Kinsella's blood alcohol was .128 percent at the time of her death, according to Cape and Islands First Assistant District Attorney Michael O'Keefe.

While it is unclear where the alcohol Kinsella consumed came from, the police are investigating whether the crew aboard the Sea Genie II

### 16.) Grand jury investigates drowning
**Author:** KAREN JEFFREY
**Publish Date:** August 1, 2001
**Word Count:** 536
**Document ID:** 0F88D967983619C4
BARNSTABLE - More than a dozen young Irish people testified before a Barnstable County grand jury yesterday in the drowning death of a Dublin resident little more than a week ago.

No indictments were issued in the death of Catherine Kinsella, 20, who drowned after falling off a charter boat in Hyannis Harbor July 22.

State and Barnstable police are continuing to investigate allegations by passengers that crew members aboard the Sea Genie II were drinking beer and smoking marijuana prior

### 17.) Regulations keep charters in check
**Author:** KAREN JEFFREY
**Publish Date:** July 29, 2001
**Word Count:** 1472
**Document ID:** 0F8678BEED533B85
With the drowning death of a 20-year-old Irish woman who fell off a party boat in Hyannis Harbor last week, the public spotlight has been turned to one of the Cape and islands' popular tourist attractions - the charter boat

industry.

It may come as a surprise to many people that state and local agencies have little authority over the 100-plus charter boats moving in and out of local harbors daily.

Nonetheless the industry is heavily regulated and monitored - primarily by the Coast

## 18.) Investigators still probing woman's drowning death
**Author:** CAPE COD TIMES
**Publish Date:** July 26, 2001
**Word Count:** 212
**Document ID:** 0F8678C2AD95AB27
HYANNIS - Barnstable and state police are continuing their investigation into the circumstances surrounding the drowning death of a 20-year-old woman Sunday night in Hyannis Harbor.

Yesterday they continued to interview passengers who were aboard the Sea Genie II when Catherine Kinsella, who was visitng the Cape for the summer from Ireland, fell overboard and drowned.

Attempts by the Times to talk with Joseph Shore, the captain of the boat, and his son Cord Shore, who was also aboard the

## 19.) Friends: Crew ignored pleas
**Author:** JACK COLEMAN and KAREN JEFFREY
**Publish Date:** July 25, 2001
**Word Count:** 1194
**Document ID:** 0F8678C353A39E19
HYANNIS - Four passengers aboard the Sea Genie II yesterday told how a pleasure cruise became a nightmare when one of their friends fell overboard and drowned Sunday night.

"A great yell went out - it was 'man overboard.' We didn't know if it was a man or a woman until we heard the screaming," said Aodh, 20, one of the Irish students who requested their last names not be used.

Catherine Kinsella, 20, of Dublin, Ireland, apparently fell overboard through a broken

## 20.) Irish community grieves, unites after sudden tragedy
**Author:** TREVOR MAXWELL
**Publish Date:** July 24, 2001
**Word Count:** 538
**Document ID:** 0F8678C484B722D4
HYANNIS - She came from Ireland for a season in the sunshine of Cape Cod.

But only a month after arriving, Catherine Kinsella's dreams ended in its dark waters.

Kinsella, 20, drowned late Sunday night after falling from the deck of a chartered party boat.

She had checked into the Cape Holiday motel exactly one month earlier, on June 22. A long summer of work and fun awaited Dubliner Kinsella and her friends when they picked up their keys that day.

Kinsella had blended right

[ View the previous 10 items ][ View the next 10 items ]

• **Technical problems:** If you have technical issues with your Cape Cod Times archives account, please email capecodtimes@newsbank.com.

• **Billing questions:** For billing questions regarding your account, please send email to capecodtimes@newsbank.com or phone 1-800-896-5587.

Back to Cape Cod Times home page
**Comments and suggestions**: news@capecodonline.com or advertising@capecodonline.com
cape cod online | capeweek | primetime | on cape | cape cod times | classifieds
**Copyright © Cape Cod Times. All rights reserved.**

home    **CAPE COD TIMES**    news | arts | sports | biz | weather | classifieds | subscribe
**Tuesday, May 20, 2003**

Assistance
Archive help
Archive fees
Search archives
Recent 7 days
Buy photos

News
Business
Entertainment
Local news
Obituaries
Opinion
Sports
Weather

Features
Food
Forums
Health
Lottery
Movies
Outdoors
PrimeTime
Weddings

Marketplace
Automotive
Classifieds
Dining Guide
Employment
Real Estate
Subscribe

## Cape Cod Times Archives

**Searched for:** kinsella, catherine AND date(all)
**Returned: 1** displays of **21 matches.**
To purchase the full-text of an article, click on the headline link. New
users will be prompted to create an account. Fee details | Archive Help

**Your search results**

### 21.) Woman drowns after fall from boat
**Author:**  JACK COLEMAN
**Publish Date:** July 24, 2001
**Word Count:** 1299
**Document ID:** 0F8678C3C114AE52
HYANNIS - A 20-year-old Irish woman drowned Sunday night after falling
off a chartered cabin cruiser in Hyannis Harbor.

The victim was identified yesterday as Catherine Mary Teresa Kinsella, of
Dublin, known to her friends as Cate. She worked at the Dunkin' Donuts
in the Christy's convenience store on Ocean Street.

Kinsella was visiting Cape Cod for the last month with two friends from
Ireland, according to Barnstable police Sgt. Sean Sweeney. She was
staying at the Cape Holiday

[ View the previous 10 items ]

• **Technical problems:** If you have technical issues with your Cape Cod
Times archives account, please email capecodtimes@newsbank.com.

• **Billing questions:** For billing questions regarding your account, please
send email to capecodtimes@newsbank.com or phone 1-800-896-5587.

Back to Cape Cod Times home page
Comments and suggestions: news@capecodonline.com or advertising@capecodonline.com
cape cod online | capeweek | primetime | on cape | cape cod times | classifieds
Copyright © Cape Cod Times. All rights reserved.

# S A M P L E

## Watercraft Exclusion -  178819  03   98
Umbrella  and  Excess  Liability  Policy  Amendment

The policy  does  not  apply  to  any  liability  arising  out  of the  ownership,  maintenance,  operation,  use,  entrustment   to others,  loading  or  unloading  of any  watercraft.

All  other  terms  and  conditions  of the  policy  remain  unchanged.

This  Form  must  be  attached  to  Change  Endorsement  when  issued  after  the  policy  is  written.
One  of  the  **Fireman's  Fund  Insurance  Companies**  as  named  in  the  policy

Secretary                                    President

178819 3-98

## SAMPLE

**Assistance**
Archive help
Archive fees
Search archives
Recent 7 days
Buy photos

**News**
Business
Entertainment
Local news
Obituaries
Opinion
Sports
Weather

**Features**
Food
Forums
Health
Lottery
Movies
Outdoors
PrimeTime
Weddings

**Marketplace**
Automotive
Classifieds
Dining Guide
Employment
Real Estate
Subscribe

## Cape Cod Times Archives

**Searched for:** kinsella, catherine AND date(all)
**Returned:** 10 displays of **21 matches.**
To purchase the full-text of an article, click on the headline link. New users will be prompted to create an account. Fee details | Archive Help

**Your search results**

### 1.) Records turned over in drowning
**Author:** DAVID KIBBE
**Publish Date:** March 13, 2003
**Word Count:** 428
**Document ID:** 0F9C2A8BD00A3734
BOSTON - The U.S. Attorney's Office has turned over 1,200 pages of documents to lawyers representing the father and son charged with manslaughter in the drowning of a 20-year-old Irish woman, who fell from a chartered party boat in Hyannis Harbor almost two years ago.

Joseph J. Shore, 64, of West Newton, and his son, Mitchell Cord Shore, 37, of Hyannis, were indicted in December in the death of Catherine Kinsella, 20, on July 22, 2001. She was a college

### 2.) 2 indicted crew members from charter face hearing
**Author:** JACK COLEMAN
**Publish Date:** February 8, 2003
**Word Count:** 269
**Document ID:** 0F914B2A0BB49471
BOSTON - Two indicted crew members from the Sea Genie II chartered party boat are due in U.S. District Court on March 12 for a hearing.

The men, Joseph Shore of Newton and his son, Mitchell Cord Shore of Hyannis, were on board the 60-ton cabin cruiser on July 22, 2001, when a young Irish woman fell overboard and drowned.

The victim, Catherine Kinsella, 20, was found to have been drinking, as were many other underage passengers on the cruise, police said.

Passengers later alleged that

### 3.) Father, son face manslaughter in drowning
**Author:** KAREN JEFFREY and JACK COLEMAN
**Publish Date:** December 18, 2002
**Word Count:** 1020
**Document ID:** 0F802E7CD4526AA1

BOSTON - A father and son who chartered a party boat the night a young Irish woman fell overboard and drowned were indicted on federal manslaughter charges yesterday.

Catherine Kinsella, 20, a college student from Baltinglass, County Wicklow, drowned on July 22, 2001, after falling from the deck of the Sea Genie II in Hyannis Harbor.

Charged with causing her death are Joseph J. Shore, 64, of West Newton, and Mitchell Cord Shore, 37, of Hyannis.

The two are accused of ordering crew

### 4.) Report: Boat crew was negligent
**Author:** JACK COLEMAN
**Publish Date:** May 9, 2002
**Word Count:** 1059
**Document ID:** 0F6ABBD05A66217A
HYANNIS - Crew members hid evidence of underage drinking and drug use on the Sea Genie II last summer before calling the Coast Guard when a passenger fell overboard, a town hearing officer has concluded.

The crew's delay in reporting Catherine Kinsella missing from the 60-ton cabin cruiser on the night of July 22 contributed to her death, the newly released report states.

The highly critical, 27-page document was prepared by Hull Town Counsel James Lampke. The town of Barnstable

### 5.) When the test fails
**Author:** JACK COLEMAN
**Publish Date:** April 7, 2002
**Word Count:** 2097
**Document ID:** 0F6ABC4EEABC6799
HYANNIS - Several people allege they saw a man smoking marijuana, yet he passes a drug test the next day.

How can both things be true?

What's more believable, eyewitness accounts or scientific tests done in a government-certified laboratory?

Just over 80 percent of America's large companies use drug testing for their employees, and the practice is especially prevalent in the fields of transportation and public safety. The rate of positive test results is dropping, mostly

### 6.) Owner gives up marina appeal
**Author:** JACK COLEMAN
**Publish Date:** March 23, 2002
**Word Count:** 1021
**Document ID:** 0F6D072D21EC8C75
HYANNIS - Alleging bias by town officials, the owner of the Sea Genie II cruise boat withdrew his appeal of the revocation of his town marina lease.

A 20-year-old Irish student fell from the boat and drowned July 22 during an evening cruise in Hyannis Harbor. Catherine Kinsella was later determined to have been drinking that night.

In August, town officials revoked the lease held by Hyannis businessman Michael Wyman to keep the 60-ton cabin cruiser at Bismore Park off Ocean

### 7.) Sea Genie had stirred suspicion
**Author:** JACK COLEMAN
**Publish Date:** March 15, 2002
**Word Count:** 1125
**Document ID:** 0F6DAE636F5FC7BD
HYANNIS - Suspicions about the ownership and use of the Sea Genie II

cruise boat drew police attention even before an evening outing last summer that ended with a passenger's drowning, according to town harbor master Daniel Horn.

Horn testified during a public hearing at town hall this week that his suspicions were aroused in early 1999 when Sea Genie II owner Michael Wyman of Hyannis applied for a town-owned boat slip at Bismore Park.

In November 1998, Wyman submitted a bill of sale

## 8.) Passenger on deadly cruise says helmsman smoked pot

**Author:** JACK COLEMAN
**Publish Date:** March 14, 2002
**Word Count:** 1197
**Document ID:** 0F6DAE614C931FC1

HYANNIS - An East Falmouth man testified yesterday that he bought marijuana for - and later smoked the drug with - the crew member at the helm of the Sea Genie II cruise boat on the night last summer that a passenger fell overboard and drowned.

David Crosbie, 20, was questioned during a three-hour hearing at town hall.

The purpose of the hearing was to allow Hyannis businessman Michael Wyman, the owner of the 60-ton boat, to challenge the town's revocation of his use of a town-owned

## 9.) Town wants Sea Genie's financial records

**Author:** JACK COLEMAN
**Publish Date:** December 1, 2001
**Word Count:** 663
**Document ID:** 0F6DA8DF28677BAF

HYANNIS - Barnstable officials want more financial records from the owner of a charter boat involved in a July 22 drowning.

The request was made yesterday during a two-hour hearing at Town Hall for Hyannis businessman Michael Wyman, owner of the 60-foot cabin cruiser Sea Genie II.

Catherine Kinsella, a 20-year-old Irish woman, drowned July 22 after apparently falling off the boat during an evening charter cruise in Hyannis Harbor.

Barnstable police later determined that Kinsella was

## 10.) Federal grand jury to investigate drowning

**Author:** KAREN JEFFREY
**Publish Date:** September 29, 2001
**Word Count:** 421
**Document ID:** 0F7CD616C94BE921

BARNSTABLE - A federal grand jury will look into the death of a young Irish woman who drowned after falling off a party boat in Hyannis Harbor this summer.

Cape and Islands District Attorney Philip A. Rollins announced yesterday that transcripts and other material have been turned over to the U.S. Attorney's office in Boston.

Catherine Kinsella, 20, of County Wicklow, Ireland, was one of several

young people aboard the Sea Genie II on the night of July 22 when it struck a sailboat

[ View the next 10 items ]

_____

• **Technical problems:** If you have technical issues with your Cape Cod Times archives account, please email capecodtimes@newsbank.com.

• **Billing questions:** For billing questions regarding your account, please send email to capecodtimes@newsbank.com or phone 1-800-896-5587.

_____

Back to Cape Cod Times home page
Comments and suggestions: news@capecodonline.com or advertising@capecodonline.com
cape cod online | capeweek | primetime | on cape | cape cod times | classifieds
**Copyright © Cape Cod Times. All rights reserved.**

home     **CAPE COD TIMES**    news | arts | sports | biz | weather | classifieds | subscribe

**Tuesday, May 20, 2003**

Assistance
Archive help
Archive fees
Search archives
Recent 7 days
Buy photos

News
Business
Entertainment
Local news
Obituaries
Opinion
Sports
Weather

Features
Food
Forums
Health
Lottery
Movies
Outdoors
PrimeTime
Weddings

Marketplace
Automotive
Classifieds
Dining Guide
Employment
Real Estate
Subscribe

## Cape Cod Times Archives

**Searched for:** kinsella, catherine AND date(all)
**Returned: 10 displays of 21 matches.**
To purchase the full-text of an article, click on the headline link. New
users will be prompted to create an account. Fee details | Archive Help

**Your search results**

### 11.) Sea Genie slip lease disputed
**Author:** JACK COLEMAN
**Publish Date:** September 5, 2001
**Word Count:** 865
**Document ID:** 0F7CD60BED6BB6E4
HYANNIS - Sea Genie II is run no differently than nearly two dozen other
commercial vessels berthed at town-managed Bismore Park, an attorney
for the boat's owner said yesterday.

Attorney Robert Bianchi spoke for Hyannis businessman Michael
Wyman, who owns the 60-ton cabin cruiser, at a two-hour hearing at
Barnstable Town Hall.

Town officials are investigating whether Wyman violated his lease for the
town boat slip by subletting it to someone else. There is a long waiting list
in

### 12.) Sea Genie lacked license to sell liquor
**Author:** JACK COLEMAN
**Publish Date:** August 27, 2001
**Word Count:** 512
**Document ID:** 0F88D96EE26F3098
HYANNIS - Passengers on the Sea Genie II charter boat have told police
they were served alcoholic beverages last month on the night an Irish
woman fell overboard and drowned, but the boat was not licensed to
serve those beverages, according to the police.

The victim, Catherine Kinsella, 20, was found to have had a blood alcohol
level of 0.128. A level of 0.08 is considered legal intoxication if a person
driving.

Joseph Shore of Hyannis and West Newton, the Sea Genie II's captain

### 13.) Drug tests negative on crew
**Author:** JACK COLEMAN
**Publish Date:** August 15, 2001
**Word Count:** 968
**Document ID:** 0F88D969ED3AFDB1

HYANNIS - Drug tests on the three crew members of the Sea Genie II,
the chartered cabin cruiser involved in a July 22 drowning in Hyannis
Harbor, all turned up negative, according to a lawyer for the owner of the
boat.

Attorney Robert Bianchi, representing Michael Wyman of the Wyman
Charter Corp., said the tests were taken on the morning after Catherine

Kinsella, 20, of Ireland, fell from the deck of the Sea Genie II and drowned.

The grand jury investigation into Kinsella's death

### 14.) Charter boat owner may have violated slip rule
**Author:** JACK COLEMAN
**Publish Date:** August 8, 2001
**Word Count:** 1172
**Document ID:** 0F88D9772A542817

HYANNIS - Barnstable officials are investigating whether the owner of the Sea Genie II violated harbor regulations by subleasing his boat slip to Joseph Shore, who was the captain during a July 22 harbor cruise that ended with the drowning death of an Irish student.

Barnstable Town Manager John C. Klimm confirmed yesterday that he ordered an investigation into whether Hyannis businessman Michael Wyman subleased the use of the boat slip.

"I have ordered an investigation because people

### 15.) Tests show drowning victim was legally drunk on boat
**Author:** KAREN JEFFREY
**Publish Date:** August 2, 2001
**Word Count:** 1128
**Document ID:** 0F88D97176BB8014

BARNSTABLE - A 20-year-old Irish woman who drowned after falling off a charter boat in Hyannis Harbor last month had a blood alcohol level higher than the legal limit for driving.

Catherine Kinsella's blood alcohol was .128 percent at the time of her death, according to Cape and Islands First Assistant District Attorney Michael O'Keefe.

While it is unclear where the alcohol Kinsella consumed came from, the police are investigating whether the crew aboard the Sea Genie II

### 16.) Grand jury investigates drowning
**Author:** KAREN JEFFREY
**Publish Date:** August 1, 2001
**Word Count:** 536
**Document ID:** 0F88D967983619C4

BARNSTABLE - More than a dozen young Irish people testified before a Barnstable County grand jury yesterday in the drowning death of a Dublin resident little more than a week ago.

No indictments were issued in the death of Catherine Kinsella, 20, who drowned after falling off a charter boat in Hyannis Harbor July 22.

State and Barnstable police are continuing to investigate allegations by passengers that crew members aboard the Sea Genie II were drinking beer and smoking marijuana prior

### 17.) Regulations keep charters in check
**Author:** KAREN JEFFREY
**Publish Date:** July 29, 2001
**Word Count:** 1472
**Document ID:** 0F8678BEED533B85

With the drowning death of a 20-year-old Irish woman who fell off a party boat in Hyannis Harbor last week, the public spotlight has been turned to one of the Cape and islands' popular tourist attractions - the charter boat

industry.

It may come as a surprise to many people that state and local agencies have little authority over the 100-plus charter boats moving in and out of local harbors daily.

Nonetheless the industry is heavily regulated and monitored - primarily by the Coast

## 18.) Investigators still probing woman's drowning death
**Author:** CAPE COD TIMES
**Publish Date:** July 26, 2001
**Word Count:** 212
**Document ID:** 0F8678C2AD95AB27
HYANNIS - Barnstable and state police are continuing their investigation into the circumstances surrounding the drowning death of a 20-year-old woman Sunday night in Hyannis Harbor.

Yesterday they continued to interview passengers who were aboard the Sea Genie II when Catherine Kinsella, who was visitng the Cape for the summer from Ireland, fell overboard and drowned.

Attempts by the Times to talk with Joseph Shore, the captain of the boat, and his son Cord Shore, who was also aboard the

## 19.) Friends: Crew ignored pleas
**Author:** JACK COLEMAN and KAREN JEFFREY
**Publish Date:** July 25, 2001
**Word Count:** 1194
**Document ID:** 0F8678C353A39E19
HYANNIS - Four passengers aboard the Sea Genie II yesterday told how a pleasure cruise became a nightmare when one of their friends fell overboard and drowned Sunday night.

"A great yell went out - it was 'man overboard.' We didn't know if it was a man or a woman until we heard the screaming," said Aodh, 20, one of the Irish students who requested their last names not be used.

Catherine Kinsella, 20, of Dublin, Ireland, apparently fell overboard through a broken

## 20.) Irish community grieves, unites after sudden tragedy
**Author:** TREVOR MAXWELL
**Publish Date:** July 24, 2001
**Word Count:** 538
**Document ID:** 0F8678C484B722D4
HYANNIS - She came from Ireland for a season in the sunshine of Cape Cod.

But only a month after arriving, Catherine Kinsella's dreams ended in its dark waters.

Kinsella, 20, drowned late Sunday night after falling from the deck of a chartered party boat.

She had checked into the Cape Holiday motel exactly one month earlier, on June 22. A long summer of work and fun awaited Dubliner Kinsella and her friends when they picked up their keys that day.

Kinsella had blended right

[ View the previous 10 items ][ View the next 10 items ]

---

• **Technical problems:** If you have technical issues with your Cape Cod Times archives account, please email capecodtimes@newsbank.com.

• **Billing questions:** For billing questions regarding your account, please send email to capecodtimes@newsbank.com or phone 1-800-896-5587.

---

Back to Cape Cod Times home page
Comments and suggestions: news@capecodonline.com or advertising@capecodonline.com
cape cod online | capeweek | primetime | on cape | cape cod times | classifieds
Copyright © Cape Cod Times. All rights reserved.

home        **CAPE COD TIMES**     news | arts | sports | biz | weather | classifieds | subscribe
                 **Tuesday, May 20, 2003**

Assistance
**Archive help**
**Archive fees**
**Search archives**
**Recent 7 days**
**Buy photos**

**News**
**Business**
**Entertainment**
**Local news**
**Obituaries**
**Opinion**
**Sports**
**Weather**

**Features**
**Food**
**Forums**
**Health**
**Lottery**
**Movies**
**Outdoors**
**PrimeTime**
**Weddings**

**Marketplace**
**Automotive**
**Classifieds**
**Dining Guide**
**Employment**
**Real Estate**
**Subscribe**

## Cape Cod Times Archives

**Searched for:** kinsella, catherine AND date(all)
**Returned: 1** displays of **21 matches.**
To purchase the full-text of an article, click on the headline link. New
users will be prompted to create an account. Fee details | Archive Help

**Your search results**

### 21.) Woman drowns after fall from boat
**Author:** JACK COLEMAN
**Publish Date:** July 24, 2001
**Word Count:** 1299
**Document ID:** 0F8678C3C114AE52
HYANNIS - A 20-year-old Irish woman drowned Sunday night after falling
off a chartered cabin cruiser in Hyannis Harbor.

The victim was identified yesterday as Catherine Mary Teresa Kinsella, of
Dublin, known to her friends as Cate. She worked at the Dunkin' Donuts
in the Christy's convenience store on Ocean Street.

Kinsella was visiting Cape Cod for the last month with two friends from
Ireland, according to Barnstable police Sgt. Sean Sweeney. She was
staying at the Cape Holiday

[ View the previous 10 items ]

---

• **Technical problems:** If you have technical issues with your Cape Cod
Times archives account, please email capecodtimes@newsbank.com.

• **Billing questions:** For billing questions regarding your account, please
send email to capecodtimes@newsbank.com or phone 1-800-896-5587.

---

Back to Cape Cod Times home page
Comments and suggestions: news@capecodonline.com or advertising@capecodonline.com
cape cod online | capeweek | primetime | on cape | cape cod times | classifieds
**Copyright © Cape Cod Times. All rights reserved.**