UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF EASTERN MASSACHUSETTS

| | |
|---|---|
| JOSEPH A. KINSELLA, As Administrator and Personal Representative Of The Estate Of Katherine Kinsella, And JOSEPH A. KINSELLA, Individually And On Behalf Of All Distributees Of Katherine Kinsella, Deceased,<br>          Plaintiffs,<br><br>     v.<br><br>INSURANCE COMPANY OF NORTH AMERICA, GENERAL STAR INDEMNITY COMPANY, FIREMAN'S FUND INSURANCE COMPANY, WYMAN CHARTER CORP., MICHAEL P. WYMAN, JOSEPH JAY SHORE, CORD MITCHELL SHORE, CARYLYN SHORE, AND TOAD HALL CORP.,<br>          Defendants. | CIVIL ACTION NO. 05-10232-NMG<br>(JUDGE NATHANIEL M. GORTON) |

### SHORE OPPOSITION TO FFIC MOTION FOR DISMISSAL WITH CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO OBLIGATION TO DEFEND UNDER PRIMARY POLICY

Defendants Joseph Jay Shore, Cord Mitchell Shore, Carylyn Shore, and Toad Hall Corp. (together "Shore defendants") hereby oppose the motions for dismissal served by Fireman's Fund ("FFIC") on or about August 5, 2005 ("FFIC Motion") joined by INA on August 15, 2005.  Points A, B, below.

One Shore defendant, Toad Hall, treating FFIC Motion as a motion for summary judgment, hereby cross-moves for summary judgment against defendant General Star, a primary insurer, for a declaration that Toad Hall is entitled to defense under the primary policy in the underlying wrongful-death action.  See Points C, D, E, below.

- 1 -

FFIC, the movant, provides umbrella insurance to Toad Hall as of the date of the loss. Answer by FFIC served on or about May 24, 2005 ("FFIC Answer"), para 29; FFIC Answer, Ex. A. The primary policy is by General Star, also a party. FFIC Answer, Ex. C. FFIC identifies the General Star primary policy as Policy IMA641349A. FFIC Answer, Twelfth Affirmative Defense; FFIC Answer, Ex. C. The Toad Hall cross-motion as to the obligation to defend, Points C, D, E, is directed against the primary policy by General Star.

**ARGUMENT.**

A.  The FFIC Motion for dismissal has two parts. The first, joined by Insurance Company of North America ("INA") on August 15, 2005, is argument that this plaintiff, Kinsella, cannot bring an action under the Massachusetts reach and apply statute, M.G.L. c. 214 §3(9), against FFIC or INA as an insurer of one or more of the defendants in the wrongful-death action. FFIC Motion pp. 5-8. FFIC contends the reach and apply statute does not permit direct action by a victim plaintiff who is not an insured.

The FFIC argument misses any point. The Kinsella Complaint in the insurance action is at FFIC Motion, Ex. B. It does not mention M.G.L. c. 214. It does not ask for reach and apply relief. It does not seek direct payment of insurance policy proceeds to a non-insured victim. The Complaint seeks a declaratory judgment. FFIC Answer, Ex. B, paras. 28-35.

Kinsella has standing as to that. Declaratory relief as to insurance coverage in Massachusetts is permitted to a non-insured victim and, independent of that, to an insured. Van Dyke v. St. Paul, 388 Mass. 671, 675 (1982). The result in Van Dyke is based on Dodd v. Commercial Union Ins. Co., 373 Mass. 72 (1977), and legislation

enacted in Massachusetts to reverse the Dodd rule. Dodd was a class action under M.G.L. c. 93A §9, as amended through St. 1973, c. 939. The plaintiffs claimed that the defendant employed unfair and deceptive settlement practices in handling no-fault insurance claims. Van Dyke, supra, 388 Mass. at 674-75. The Massachusetts Supreme Judicial Court ruled that only an insurance company policyholder could assert an M.G.L. c. 93A violation for improper claim settlement practices. Dodd, supra, at 81-82. After Dodd, the Legislature amended M.G.L. c. 93A §9(1) by St. 1979, c. 406, §1, to provide that "[a]ny person, other than a person entitled to bring action under [M.G.L. c. 93A §11] who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two...or any person whose rights are affected by another person violating the provisions of [M.G.L. c. 176D, §3(9)] may bring an action...." (emphasis added). Van Dyke, supra, at 675.

This 1979 amendment "substantially broadened" the class of persons who could maintain actions under M.G.L. c. 93A, §9. Van Dyke, supra, at 765. A plaintiff is entitled to relief under M.G.L. c. 93A, §9, if injured by any method, act, or practice of an insurer that was unlawful under M.G.L. c. 93A, §2, or if a plaintiff's rights were affected by an insurer's violation of M.G.L. c. 176D, §3(9). Id. Noninsured victims have standing to assert insurance rights of the defendant. Van Dyke, supra. See also, e.g., Bagley v. Monticello, 430 Mass. 454 (1999) (cited by FFIC at Brief, p. 9, 10) (declaratory judgment action involving victim and insurer); Worcester Mutual v. Marnell, 398 Mass. 240, 241 (1986) (cited in FFIC Brief at pp. 12, 13) (plaintiff victim is the defendant in concurrent

declaratory judgment action).\\[1]

Kinsella has standing, as just described. Were that not true, dismissal is not supportable because the Shore defendants as insureds have cross-claimed against FFIC and the other insurance defendants. The Shore defendants seek declaratory relief parallel to that sought by Kinsella, as well as relief under c. 93A and c. 176D. The Shore defendants indisputably do have standing. If Kinsella lacked standing, the Shore crossclaims remain viable. Realignment of the parties, not dismissal, would be appropriate. F.R.C.P. 17(a), second sentence (substitution of real party in interest avoids dismissal); Wright and Miller, FEDERAL PRACTICE, Civil 2d §§1543-1554.

B. The second part of FFIC Motion is argument that a FFIC watercraft exclusion bars any possible liability of FFIC to any insured and specifically to Toad Hall, a defendant (FFIC Motion, pp. 8-13). That motion is properly denied or not reached now. The FFIC policy, as an umbrella, is not triggered until the primary policy is exhausted. Any dispute as to an umbrella coverage exclusion as a result is abstract or hypothetical. The FFIC umbrella is triggered as to coverage only as to "sums in excess of Primary Insurance." FFIC policy, FFIC Answer, Tab A, folio page 10, page 1 of 25, Coverage A, para. (A). The FFIC umbrella as to defense is triggered only "when the applicable limits of insurance of Primary Insurance...cease to apply because of exhaustion by the payments of judgments or settlements...." Id., para. (B).

Argument by FFIC as to watercraft exclusion is separately hypothetical because the FFIC watercraft exclusion is not identical to a watercraft exclusion in the

---

[1] M.G.L. c. 175 §112C is consistent with Van Dyke. It supports declaratory relief to a noninsured in that it requires that, upon demand, insurers directly "reveal" liability coverage "to an injured party making a claim against an insured."

primary policy. The watercraft exclusion in the General Star primary policy reads as follows:

> g.  Aircraft, Auto or Watercraft.
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, <u>use</u> or entrustment to others <u>of any</u> aircraft, "auto" or <u>watercraft owned or operated by</u> or rented or loaned to <u>any insured</u>. Use includes operation and "loading or unloading."
>
> This exclusion does not apply to:
>
> (1)  A watercraft while ashore on premises you own or rent;
>
> (2)  A watercraft you do not own that is:
>   (a) Less than 26 feet long; and
>   (b) Not being used to carry persons or property for a charge;
>       *   *   *
>   (c) Liability assumed under any "insured contract" for the...use of...watercraft;
>       *   *   *

FFIC Answer (emphasis added), Ex. C, General Star Primary Policy, folio or physical page 19, p. 3 of 13 in 13-page Commercial General Liability Coverage Form. The FFIC umbrella watercraft exclusion, by contrast, has non-identical language, and no exceptions:

> Watercraft Exclusion—178819 03 08.
> Umbrella and Excess Liability Policy Amendment.
>
> The policy does not apply to any liability arising out of the ownership, maintenance, operation, use, entrustment to others, loading or unloading of any watercraft.
>
> All other terms and conditions of the policy remain unchanged.

FFIC Policy, FFIC Answer, Tab A, folio or physical page 8. In that the terms of the two watercraft exclusions are non-identical, and the umbrella is not yet triggered, any dispute as to the FFIC watercraft exclusion would be abstract or hypothetical.

If the FFIC Motion as to the umbrella watercraft exclusion were not hypothetical, no ruling is practicable because it would require factual determinations not able to be made on this record. <u>See</u> Verified Motion Under Rule 56(f) by Shore Defendants, filed herewith. Discovery in the insurance case and in the underlying

wrongful-death action are ongoing and not complete. Id. The actual causes of the alleged wrongful death have not been ascertained, and may not be known until after trial in the underlying case. Id. Worcester Mutual v. Marnell, 398 Mass. 240, 246 (1986) (interpreting policy to require defense; vacating, as premature, until the action is concluded, any ruling as to indemnity). Facts are not yet known as to the role if any of insured umbrella defendants, e.g., Toad Hall, in the loss. Id. Facts are not known as to any putative causal role of any umbrella insured in use of any watercraft. Id. Any ruling as to the FFIC umbrella watercraft exclusion is premature. F.R.C.P. 56(f).

    C.    <u>Cross-Motion By Toad Hall As To Defense Obligation Under Primary Policy.</u> The FFIC Motion relies on facts outside the pleadings including the underlying wrongful-death Complaint (Motion, Ex. A) and the terms of the FFIC policy of insurance. The FFIC Motion as a result is a motion for summary judgment. Moore, et al., MOORE'S FEDERAL PRACTICE, §56.30[4], at 56-230 (3d ed. 2005); see L.B. Trucking v. Waste Management, 137 F.3d 41, 43 (1st Cir. 1998).

Toad Hall hereby cross-moves for partial summary judgment as to defense obligations of the primary insurer, General Star. Toad Hall requests a declaration that the obligation of defense in the wrongful-death action is clear beyond genuine dispute as to the General Star primary policy.

The wrongful-death Complaint alleges negligent causation of death by Toad Hall and other defendants allegations. FFIC Motion, Ex. A, p. 6, First Cause of Action. On the face of the Complaint, Toad Hall is entitled to defense without prejudice to any rights of FFIC or General Star as to coverage or indemnity disputes.

General Star has a duty to defend Toad Hall if the allegations in the

underlying wrongful-death action are "reasonably susceptible" to an interpretation that they state a claim covered by the General Star policy. Brazas Sporting Arms v. American Empire, 220 F.3d 1, 4, 5 (1st Cir. 2000), and cases there. The obligation to defend is broader than, and independent of, the duty to indemnify. Brazas, 220 F.3d at 6. The duty to defend turns on the facts alleged in the complaint rather than on the facts proven at trial. Id. (citations omitted, emphasis added). The "initial duty of a liability insurer to defend...is decided by matching the...complaint...with the policy provisions." Camp, Dresser & McKee v. Home Ins. Co., 30 Mass. App. Ct. 318, 321-322 (1991) and cases there. Defense is required if the allegations "can be reasonably read to state or adumbrate" a covered claim. Id. The complaint "need only show a possibility of coverage" to trigger defense. Id. (citations omitted).

The wrongful-death Amended Complaint here alleges wrongful death by reason of drowning, and alleges liability of all defendants, including Toad Hall, for the death. Wrongful-death Amended Complaint, FFIC Motion, Ex. A, para. 50. All negligence allegations are made against all defendants, including Wyman Charter, Michael Wyman and other persons not insureds under the General Star Policy. The General Star Policy on its face insures Toad Hall as to this alleged wrongful death as an insured liability of Toad Hall "arising from or on account of" bodily injury, including death. General Star Policy, Ex. C to FFIC Answer, referenced and identified in the FFIC Answer, Twelfth Affirmative Defense (FFIC Answer, p. 7). The General Star primary policy in relevant part specifically provides:

> SECTION I—COVERAGES.
> COVERAGE A. BODILY INJURY AND DAMAGE LIABILITY.
>
> 1. Insuring Agreement.
>
> a. We will pay those sums that the insured becomes legally <u>obligated to pay as damages because of "bodily injury"</u> or "property damage" to which this insurance applies. <u>We will have the right and duty to defend the insured against any "suit" seeking those damages.</u>
>
> \* \* \*
>
> c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."
>
> \* \* \*

FFIC Answer, Ex. C, folio page 17, General Star Policy IMA641349A form, page 1 of 13, in Commercial General Liability Coverage Form CG0001 01 96 (emphases added).

"Bodily injury" is defined in the General Star primary policy:

> SECTION V—DEFINITIONS.
> \* \* \*
> 3. "<u>Bodily injury</u>" means <u>bodily injury</u>, sickness or disease sustained by a person, <u>including death resulting from any of these</u> at any time.
> \* \* \*

Fireman's Answer, Ex. C, folio page 26, General Star Policy, Commercial General Liability Coverage form, pg. 10 of 13 (emphases added).

An insurance policy is construed under general rules of contract interpretation. <u>Brazas Sporting Arms v American Empire</u>, 220 F.3d 1 (1st Cir. 2000) and cases there. The language is to be given its plain and ordinary meaning. <u>Id</u>. (citation omitted). Courts consider "what an objectively reasonable insured, reading the relevant policy language, would expect to be covered." <u>Id</u>. (citations omitted).

The General Star primary policy when compared to the wrongful-death Amended Complaint (FFIC Motion, Ex. A) shows a covered liability and thereby shows a duty to defend Toad Hall as to this wrongful-death Amended Complaint. Once the duty to defend is shown, an insurer can avoid the obligation to defend if the actual cause of

loss is specifically excluded from coverage. Brazas, 220 F.3d at 4, and cases there. In that event, however, the insurer as a matter of law bears the burden of establishing the "applicability of any exclusion." Brazas, 220 F.3d at 4, and cases there. Camp, Dresser & McKee v. Home Ins. Co., 30 Mass. App. Ct. 318, 321 (1991) and cases there ("[o]nce the basic risk coverage is established, the burden shifts to the insurer to prove the applicability of any exclusion...outside of the insuring clause").

General Star can avoid the defense obligation only if General Star proves that the putative General Star watercraft exclusion excludes all insureds as to defense of this wrongful-death action. That burden involves more than showing that some watercraft was allegedly involved in some manner in a loss. To prove the watercraft exclusion and thereby defeat the duty to defend, General Star must show that excluded conduct by its insureds, e.g., Toad Hall, as to operation of a watercraft by an insured was in fact the cause of the loss and that no exception to the exclusion applies. See Liquor Liability v. Long, 1993 Mass. Super. Lexis 70, p. 13 and cases there (no exclusion unless excluded acts cause the loss). The allegations of the Complaint are not sufficient to prove an exclusion, nor relevant, because the latter must be based on facts proven. Brazas, supra, 220 F.3d 1, 4; Bagley v. Monticello, 430 Mass. 454, 458 (1999) and cases there (exclusions supported by facts proved, not by allegations). The duty to defend is enforced in Massachusetts by requiring the insurer to justify refusal of defense by concrete proof. Camp, Dresser & McKee v. Home Ins. Co., 30 Mass. App. Ct. 318, 326 (1991) (wrongful denial of defense creates insurer liability for defense and other damages); Polaroid Corp. v. Travelers, 414 Mass. 747, 765 (1993) (refusing to provide a safe harbor for insurer declining to defend).

The General Star watercraft exclusion is non-ambiguous in scope and applies <u>only</u> to use of watercraft <u>by</u> the General Star insured, e.g., Toad Hall. General Star exclusion (g) reads:

> g.  Aircraft, Auto or Watercraft.
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, <u>use</u> or entrustment to others <u>of any</u> aircraft, "auto" or <u>watercraft owned or operated by</u> or rented or loaned to <u>any insured</u>. Use includes operation and "loading or unloading."
>
> This exclusion does not apply to:
>
> (1) A watercraft while ashore on premises you own or rent;
>
> (2) A watercraft you do not own that is:
>   (a) Less than 26 feet long; and
>   (b) Not being used to carry persons or property for a charge;
>        *   *   *
>   (c) Liability assumed under any "insured contract" for the...use of...watercraft;
>        *   *   *

FFIC Answer, Ex. C, General Star Primary Policy, p. 3 of 13 (emphases added). The General Star watercraft exclusion quoted applies only to "bodily injury arising out of use of any watercraft owned or operated...<u>by</u>...<u>any insured</u>" (emphasis added). The exclusion on its face is limited to specific watercraft and does not apply to all watercraft whatsoever, nor to all causes of loss arising from use of watercraft by others.

The watercraft exclusion by General Star is not ambiguous. On its face it mandates narrow construction. The exclusion is expressly limited to "watercraft use...[by any insured] or watercraft owned or operated...by...any insured," e.g., Toad Hall or other insureds.\\² <u>D&L Marine v. Suard Barge</u>, 2003 U.S. Dist. Lexis 18177, pg. 14 (E.D. La.) (watercraft exclusion for use "by the insured" is not ambiguous). The General Star watercraft exclusion includes no language to support broad application. See <u>Bagley v.</u>

---

²    See Point E, below, for discussion of who, in addition to Toad Hall, is insured under the General Star Policy.

Monticello, 430 Mass. 454, 456-57 (1999) (exclusion expressly included, "but was not limited to," illegal acts of the insureds and therefore included all illegal acts by any person). Narrow scope for the exclusion is supported or confirmed by the exceptions. The watercraft exceptions are predictable for an insured, and therefore of value, only if not able to be defeated by any watercraft whatsoever.

The overall context of the General Star primary policy supports narrow scope for watercraft exclusion. The General Star Policy is comprehensive general insurance in the amount of $2 million intended to protect all aspects of a business. FFIC Answer, Ex. C. The General Star Policy was in place in the same terms as early as May, 1999. Id., folio pages 1-9. It was renewed several times before 2001. Id., folio pages 1-9. The General Star Policy in 2001 is coupled with a $5-million FFIC umbrella. FFIC Answer, Ex. A. The total coverage scheme, primary and umbrella, is indicative of intent to supply comprehensive general liability insurance for all business operations.

Construction and interpretation of policies of insurance depends on the specific language and the type of policy involved. Worcester Mutual v. Marnell, 398 Mass. 240, 244 (1986) (explaining basis for interpretation). The favored interpretation is that which best effectuates the main manifested design or intent of the parties. Worcester Mutual, 398 Mass. at 245, and cases there. Two million dollars in primary comprehensive general liability coverage plus a comprehensive umbrella of $5 million shows intent to be comprehensive and to cover "a wide array of mishaps." The "comprehensive" General Star insuring language quoted above is a model of "broad coverage." Compare Camp, Dresser & McKee v. Home Ins. Co., 30 Mass. App. Ct. 318,

320 (1991) (describing identical insuring language as "broad coverage") with Bagley v. Monticello, 430 Mass. 454, 459-60 (1999) ("simplified" coverage; opposite intent).

General Star can make no showing that the watercraft exclusion applies. Any putative exclusion must be affirmatively proved. Hakim v. Mass. Insurer's Insolvency Fund, 424 Mass. 275, 283 (1997) and cases there. Allegations in the wrongful-death Complaint are irrelevant to proof of an exclusion. Brazas, supra, 220 F.3d 1, 4; Bagley v. Monticello, 430 Mass. 454, 458 (1999) and cases there (exclusions upheld because based on proved facts).

Wyman Charter Corp. admits it owned the 58-foot SEA GENIE II. Answer By Wyman Charter To Crossclaim By INA, para. 7; Wyman Charter Answer in wrongful-death action, para. 16. No facts show Toad Hall ownership of any watercraft. No facts show Toad Hall use of a watercraft was in fact a cause of the death.

Massachusetts favors insureds in policy interpretation. Brazas, supra, 220 F.3d at 5. Ambiguities in an exclusion, if any, are strictly construed against the insurer. Id. (citations omitted). Hakim, supra, 424 Mass. at 281-282 and cases there (ambiguity is construed against the insurer; "this rule of construction applies with particular force to exclusionary provisions"). Ambiguity exists if the policy language is susceptible to more than one rational interpretation. Brazas, supra, 220 F.3d at 5 (citations omitted); Hakim, supra, 424 Mass. 275, 282. Interpretation in favor of the insured includes consideration of what an insured, reading the exclusionary language, would expect to be insured. Id.

The "arising from" language in the watercraft exclusion (FFIC Brief, pp. 8, 9) does not alter this narrow scope of this exclusion. The watercraft exclusion applies only to excluded acts by an insured, e.g., Toad Hall. "Arising under" modifies the

entire exclusion, an exclusion only for watercraft used by Toad Hall or by some other insured. In that use, *et al.*, by an insured is <u>not</u> shown, "arising under" is irrelevant. <u>Liquor Liability v. Long</u>, 1993 Mass. Super Lexis 70 (watercraft exclusion for use by the insureds did not apply where actual loss was by assault on a pier after leaving vessel, not use of watercraft; granting partial summary judgment as to breach of duty to defend).\\[3]

    E.    Defense is required and exclusion defeated on the entirely separate basis that the General Star primary policy is severable in favor of all insureds. It insures each insured separately as if each insured were the only person insured, no matter what it contains as to others. FFIC Answer, Ex. C, pg. 10 of 13 in comprehensive form.

Massachusetts law is that where a severability clause is in place, insurance in favor of persons not subject to an exclusion continues even if one of the insureds is found to be subject to an exclusion. <u>Worcester Mutual v. Marnell</u>, 398 Mass. 240, 245 (1986). FFIC Brief, pp. 12-13. In this case, in the underlying death action, each defendant is alleged to be separately liable. The exact manner of causation by each defendant is not specified and includes "such other and further acts of negligence to be proven at trial...." FFIC Motion, Ex. A, Amended Complaint, para. 51. Under the General Star Policy, Toad Hall is insured and officers and employees of Toad Hall, each as <u>separate</u> insureds. See FFIC Answer, Ex. C, General Star Policy of insurance, p. 7 of 13 in comprehensive form. The named insured in the General Star primary policy is Toad Hall Corp., a corporation. FFIC Answer, Ex. C, folio page 1. The General Star

---

[3]    The FFIC watercraft exclusion, if ever addressed by this Court, is at best ambiguous and therefore must be strictly construed in favor of the insureds. <u>Hakim</u>, supra, 424 Mass. at 283; <u>Brazas</u>, supra, 220 F.3d at 4; see <u>Consol. American v. Soper</u>, 951 F.2d 186, 189 (9th Cir. 1991) (finding watercraft exclusion "ambiguous" in its application to the facts; terms used in the exclusion not defined in the policy).

primary policy describes the other persons who are also insureds as to a named insured corporation (Toad Hall):

    1. If you are designated in the Declarations as:

        * * *

        d. <u>An organization</u> other than a partnership, joint venture or limited liability company, <u>you are an insured. Your "executive officers" and directors are insureds</u>, but only with respect to their duties as your offices or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

    2. <u>Each of the following is also an insured</u>:

        a. Your "<u>employees</u>", other than...your "executive officers"...only <u>for acts within the scope of their employment by you or while performing duties related to the conduct of your business</u>....

        * * *

General Star Policy, p. 7 of 13 in comprehensive form (emphases added). The General Star Policy therefore insures Toad Hall and Carylyn Shore at a minimum, and also employees of Toad Hall if shown to be involved. Carylyn Shore, named as a defendant in the wrongful-death action, plainly is an "insured" separate and distinct from Toad Hall.

If the watercraft exclusion did apply to one insured of General Star, which it does not, the exclusion does not apply to any other policy insureds because the insurance is severable. <u>Worcester Mutual v. Marnell</u>, 398 Mass. 240, 245 (1986). The General Star Policy provides for severability or separation of insureds as follows:

    7. Separation Of Insureds.

        Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

        a. As if each Named Insured were the only Named Insured; and

---

The fact that the General Star Policy was in place for several years prior to the FFIC umbrella supports the need for discovery as to the origin and intent of the watercraft exclusion in the FFIC umbrella starting in May, 2001. <u>See</u> Rule 56(f) Motion filed concurrently.

        b.  Separately to each insured against whom claim is made or "suit" brought.

FFIC Answer, Ex. C, General Star Policy, p. 10 of 13.

      If a watercraft exclusion were proved as to one General Star insured, by force of severability insurance continues for any other insureds. <u>Worcester Mutual v. Marnell</u>, 398 Mass. 240, 245 (1986). In practical terms, the General Star watercraft exclusion must be proved separately as to Toad Hall and as to Carylyn Shore and as to any other insured employees or officers of Toad Hall by proof that each separately used, operated, or owned a watercraft and that each thereby caused the death. Absent such proof, no exclusion is shown as to all insureds. Absent that showing, defense, at a minimum, is required.\\[4]

---

[4]    The FFIC Brief at pp. 12-13 does not accurately describe <u>Worcester Mutual</u> nor severable coverage. Allegations, e.g., in the wrongful-death Complaint (<u>see</u> FFIC Brief, p. 13) are not competent to prove exclusion of any of the insureds. <u>Brazas</u>, <u>supra</u>, 220 F3d 1, 4, and cases there.

CONCLUSION.

The Shore defendants request that FFIC Motion for dismissal be denied and its motion for summary judgment as to Toad Hall based on the umbrella watercraft exclusion be denied or not decided under Rule 56(f). Toad Hall requests that a declaration enter in favor of Toad Hall that until further findings and Order, General Star is obligated to provide defense to Toad Hall and any insured official or employee of Toad Hall under the General Star Policy as to the underlying wrongful-death action, plus other consistent relief.

Defendants,
JOSEPH JAY SHORE, CORD MITCHELL SHORE, CARYLYN SHORE, and TOAD HALL CORP.,
By their attorneys,

Paul G. Boylan, BBO No. 052320
Kevin G. Kenneally, BBO No. 550050
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
617-406-4513

Dated: August 24, 2005

Certificate of Service

The undersigned counsel for defendants Joseph Jay Shore, *et al.*, today gave notice of the foregoing **Shore Opposition To FFIC Motion For Dismissal With Cross-Motion For Partial Summary Judgment As To Obligation To Defend Under Primary Policy** by *e-mail and first-class mail* to counsel for plaintiffs **Kinsella**, *et al.* in the declaratory judgment action, David E. Lurie, Lurie & Krupp, LLP, One McKinley Square, Boston, MA 02109, and Andrew V. Buchsbaum, Friedman & James LLP, 132 Nassau Street, New York, NY 10038; counsel for **Wyman Charter Corp.**, Bertram E. Snyder and Patrick O. McAleer, Looney & Grossman LLP, 101 Arch Street, Boston, MA 02110; counsel for **Michael Wyman**, Thomas E. Clinton, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108; counsel for **Insurance Company of North America**, David D. Dowd, Curley & Curley, P.C., 27 School Street, Suite 600, Boston, MA 02108; counsel for **General Star**, Samuel M. Furgang, Sugarman, Rogers, Barshak & Cohen, P.C., 101 Merrimac Street, Boston, MA 02114-4737; and counsel for **Fireman's Fund Insurance Company**, Mark W. Roberts, McRoberts, Roberts & Rainer, LLP, 53 State Street, Exchange Place, Boston, MA 02109, and Gary D. Centola and Frank A. Valverde (admitted *pro hac vice*), Rivkin Radler LLP, 926 EAB Plaza, Uniondale, NY 11556-0926.

Dated: August 24, 2005

24100.1//00936956.