UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF EASTERN MASSACHUSETTS

| | |
|---|---|
| JOSEPH A. KINSELLA, As Administrator and Personal Representative Of The Estate Of Katherine Kinsella, And JOSEPH A. KINSELLA, Individually And On Behalf Of All Distributees Of Katherine Kinsella, Deceased,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>INSURANCE COMPANY OF NORTH AMERICA, GENERAL STAR INDEMNITY COMPANY, FIREMAN'S FUND INSURANCE COMPANY, WYMAN CHARTER CORP., MICHAEL P. WYMAN, JOSEPH JAY SHORE, CORD MITCHELL SHORE, CARYLYN SHORE, AND TOAD HALL CORP.,<br>　　　　Defendants. | CIVIL ACTION NO. 05-10232-NMG<br>(JUDGE NATHANIEL M. GORTON) |

## RULE 56(f) MOTION BY SHORE DEFENDANTS AS TO FIREMAN'S FUND MOTION FOR SUMMARY JUDGMENT

Defendants Joseph Jay Shore, Cord Mitchell Shore, Carylyn Shore, and Toad Hall Corp. (together "Shore defendants") hereby under F. R. Civ. P. 56(f) oppose the motion for dismissal served by Fireman's Fund on or about August 5, 2005 ("Fireman's Motion") on the ground that if affidavits and record facts were needed to defeat Fireman's Motion as to Toad Hall, such materials are not yet available because discovery is ongoing. Specifics are set forth below.

The undersigned is one of the attorneys representing Toad Hall, a defendant in this action. Toad Hall on information is insured under a liability policy by General Star and

- 1 -

an umbrella policy by Fireman's Fund.  Discovery is ongoing in the insurance coverage action and in the underlying wrongful-death action.  Fact discovery on information is scheduled to end December 31, 2005.  Both matters are scheduled for trial in 2006.

Toad Hall here sets forth matters of fact disputed as to Fireman's Motion.  As to each, ongoing discovery is expected to provide further and more definite information.  The first eleven paragraphs are facts as to the role of Toad Hall or any watercraft or both in causing the alleged wrongful death and other causes if any of that alleged wrongful death.  Reasonable diligence, document requests, has been used in discovery, with not all responses yet received.  Deposition discovery and third-party discovery is expected to follow.

1. The sequence of events leading to the victim, Catherine Kinsella, being overboard on the night in question.

2. The medical cause of death.

3. The causation of events involving any sequence whereby the victim is alleged to have entered the water because she passed near a broken rail while guarded or watched by one or more other persons.

4. The causation of events involving any sequence whereby the victim is alleged to have entered the water because she passed near a broken rail while not being guarded or watched by one or more other persons.

5. The movements of the victim and other persons aboard the vessel; for example, what decks she was on, when, and with whom.

6. The activities of the victim while aboard the vessel.

7. The role of ownership, maintenance, operation, use, entrustment to others,

or loading or unloading of the vessel.

8. The factual role, if any, of any Toad Hall officer employee in any conduct affecting the victim on the night in question.

9. The factual role of any Toad Hall officer or employee in any conduct causing the alleged wrongful death of the victim.

10. The facts as to how, if at all, a so-called watercraft exclusion was made part of any Fireman's Fund policy in favor of Toad Hall. Fireman's Fund on information disclosed its full claim file August 5, 2005. Those materials do not suffice to show these facts.

11. The practices, standards, and usages of General Star and Fireman's Fund as to the watercraft exclusion, including facts showing what each uses it to mean, when it is offered or sold, and when it applies or not.

12. As of August 8, 2005 Fireman's counsel specifically confirms that Fireman's has disclosed the full Fireman's claim file. I do not find in that file any document identifying Toad Hall as owning or using the SEA GENIE II on the night of this loss.

### VERIFICATION

*The undersigned hereby states that he has read the foregoing and that the facts herein are true based on personal knowledge, except for those matters stated on information, and those are believed to be true based on the information and documents presently available and made available to the undersigned.*

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

Dated: August 24, 2005

Paul G. Boylan

Defendants,
JOSEPH JAY SHORE, CORD MITCHELL SHORE, CARYLYN SHORE, and TOAD HALL CORP.,
By their attorneys,

_/s/ Paul G. Boylan_
_/s/ Kevin G. Kenneally_
Paul G. Boylan, BBO No. 052520
Kevin G. Kenneally, BBO No. 550050
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
617-406-4513

Dated: August 24, 2005

### Certificate of Service

The undersigned counsel for defendants Joseph Jay Shore, *et al.*, today gave notice of the foregoing **Rule 56(f) Motion By Shore Defendants As To Fireman's Fund Motion For Summary Judgment** by *e-mail and first-class mail* to counsel for plaintiffs **Kinsella**, *et al.* in the declaratory judgment action, David E. Lurie, Lurie & Krupp, LLP, One McKinley Square, Boston, MA 02109, and Andrew V. Buchsbaum, Friedman & James LLP, 132 Nassau Street, New York, NY 10038; counsel for **Wyman Charter Corp.**, Bertram E. Snyder and Patrick O. McAleer, Looney & Grossman LLP, 101 Arch Street, Boston, MA 02110; counsel for **Michael Wyman**, Thomas E. Clinton, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108; counsel for **Insurance Company of North America**, David D. Dowd, Curley & Curley, P.C., 27 School Street, Suite 600, Boston, MA 02108; counsel for **General Star**, Samuel M. Furgang, Sugarman, Rogers, Barshak & Cohen, P.C., 101 Merrimac Street, Boston, MA 02114-4737; and counsel for **Fireman's Fund Insurance Company**, Mark W. Roberts, McRoberts, Roberts & Rainer, LLP, 53 State Street, Exchange Place, Boston, MA 02109, and Gary D. Centola and Frank A. Valverde (admitted *pro hac vice*), Rivkin Radler LLP, 926 EAB Plaza, Uniondale, NY 11556-0926.

Dated: August 24, 2005                        _/s/ Paul G. Boylan_

24100.1//00936985.