UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF EASTERN MASSACHUSETTS

_____
JOSEPH A. KINSELLA, As Administrator and   )
Personal Representative Of The Estate Of   )
Katherine Kinsella, And JOSEPH A.   )
KINSELLA, Individually And On Behalf Of   )
All Distributees Of Katherine Kinsella,   )
Deceased,   )
        Plaintiffs,   )
   )
    v.   )   CIVIL ACTION NO. 05-10232-NMG
INSURANCE COMPANY OF NORTH   )   (JUDGE NATHANIEL M. GORTON)
AMERICA, GENERAL STAR INDEMNITY   )
COMPANY, FIREMAN'S FUND   )
INSURANCE COMPANY, WYMAN   )
CHARTER CORP., MICHAEL P. WYMAN,   )
JOSEPH JAY SHORE, CORD MITCHELL   )
SHORE, CARYLYN SHORE, AND   )
TOAD HALL CORP.,   )
        Defendants.   )
_____)

## OPPOSITION BY SHORE DEFENDANTS TO FFIC REQUEST FOR LEAVE TO REPLY

Defendants Joseph Jay Shore, Cord Mitchell Shore, Carylyn Shore, and Toad Hall Corp. (together "Shore defendants") hereby oppose the September 7, 2005 motion by Fireman's Fund ("FFIC") for leave to reply as to the FFIC Motion for Summary Judgment ("Reply").

1.    FFIC moved for summary judgment on or about August 4, 2005 with permission of this Court. That motion was opposed by the Shore defendants and by plaintiff Kinsella. The proposed FFIC Reply includes new material and extensive briefing which is not a reply.

2. The proposed Reply at Point II, pages 3-9, addresses insurance coverage issues which should have been addressed, if at all, in the initial brief. Point III of the proposed Reply, pages 9-13, is extensive discussion of arguments as to direct action claims. That too should have been done in the initial motion. Point IV addresses issues under M.G.L. c. 93A and consists of entirely new material which is not a reply to anything.

3. The motion for leave to reply gives as reason for the proposed Reply the need to address "legal contentions that are inaccurate." Motion, p. 1. The Reply shows nothing of the sort, and offers confusion. For example, the proposed Reply (n. 4) contends that Shore "reliance" on Brazas Sporting Arms, Inc. v American Empire Surplus Lines Inc. Co., 220 F.3d 1, 7 (1st Cir. 2000) and Bagley v. Monticello Ins. Co., 430 Mass. 454, 458 (1999) is "misplaced" to argue "the proposition that an exclusion must be proven by facts and not allegations...." Reply, at n. 4. FFIC says that on the contrary, a "court must look to the allegations in the pleadings against the insureds to determine whether an insurance policy provides coverage," Reply, p. 3, and that the cited cases say so. Id., n. 4. FFIC errs. Brazas says that when determining whether a claim falls within an exclusion, Massachusetts law compels the court "to consider the 'source from which the plaintiff's personal injury originates rather than the specific theories of liability alleged in the complaint [of the underlying action]." Brazas at 7, quoting Bagley, 430 Mass. at 458 (emphasis added). That is the Shore argument: "allegations of the Complaint are not sufficient to prove an exclusion, nor relevant, because the latter must be based on facts proven." Shore Opposition to FFIC, at 9. In Bagley, the Court did not merely read the complaint to find exclusion. Bagley, at 457. The Court after trial looked beyond the

allegations to the trial proof, id., at 458, for its ruling.  Exclusion was found because "it is the source from which the plaintiff's personal injury originates rather than the specific theories of liability alleged in the complaint which determined application or not of an exclusion.  Bagley, at 458.  A reply which misstates the Opposition is pointless, akin to arguments of the "yes I did"..."no you didn't" variety.

      4.      The FFIC motion was presented August 4, 2005 at the request of FFIC and only after express permission by this Court, granted after the Court at the June, 2005 status conference politely discouraged any preemptive FFIC motion.  If FFIC did not fully raise all issues it needed to raise in the August 4, 2005 initial brief, tardy briefing is not reply.

                                            Defendants,
JOSEPH JAY SHORE, CORD MITCHELL SHORE, CARYLYN SHORE, and TOAD HALL CORP.,
By their attorneys,

                                            /S/ Paul G. Boylan
Paul G. Boylan, BBO No. 052320
Kevin G. Kenneally, BBO No. 550050
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA  02210
Dated:  September 16, 2005.          617-406-4513

- 4 -

Certificate of Service

The undersigned counsel for defendants Joseph Jay Shore, *et al.*, today gave notice of the foregoing **Opposition By Shore Defendants To FFIC Request For Leave To Reply** by *e-mail and first-class mail* to counsel for plaintiffs **Kinsella,** *et al***.** in the declaratory judgment action, David E. Lurie, Lurie & Krupp, LLP, One McKinley Square, Boston, MA 02109, and Andrew V. Buchsbaum, Friedman & James LLP, 132 Nassau Street, New York, NY 10038; counsel for **Wyman Charter Corp**., Bertram E. Snyder, Looney & Grossman LLP, 101 Arch Street, Boston, MA 02110; counsel for **Michael Wyman**, Thomas E. Clinton, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108; counsel for **Insurance Company of North America**, David D. Dowd, Curley & Curley, P.C., 27 School Street, Suite 600, Boston, MA 02108; counsel for **General Star**, Samuel M. Furgang, Sugarman, Rogers, Barshak & Cohen, P.C., 101 Merrimac Street, Boston, MA 02114-4737; and counsel for **Fireman's Fund Insurance Company**, Mark W. Roberts, McRoberts, Roberts & Rainer, LLP, 53 State Street, Exchange Place, Boston, MA 02109, and Frank A. Valverde (admitted *pro hac vice*), Rivkin Radler LLP, 926 EAB Plaza, Uniondale, NY 11556-0926.

Dated: September 16, 2005.  /S/ Paul G. Boylan

24100.1//00944901.